Patricia Lynn Jacks
Attorney at Law
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA 92110
Tel. (619) 574-1625
Attorney for Petitioner

FILED

2007 OCT 19 PM 1:43

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DMITRI VALLERVEICH TATARINOV,

'07 CV 2033 L     NLS

Petitioner,

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO,

Respondent.

TOPICAL INDEX FOR CASE

TABLE OF AUTHORITIES.................................................................iii, iv

INTRODUCTION.........................................................................1

JURISDICTION............................................................................2

MOOTNESS................................................................................3

STATEMENT OF THE CASE...................................................4

STATEMENT OF FACTS.........................................................5

ARGUMENTS

I.     Attorney's conduct resulted in an irreconcilable conflict of interest
between him and his client violating the Sixth Amendment right to conflict-free
representation.................................................................................6

II.     Attorney's misconduct in permitting defendant's state appeal in another
case to be dismissed, in lying about the status of the dismissed appeal, and
representing that nothing could be done to revive the appeal, requires a finding of
counsel's conflict of interest resulting in ineffective assistance of counsel
violating the Due Process Clause of the Fourteenth Amendment............8

III.     Attorney's misconduct in permitting defendant's state appeal in another
case to be dismissed, in lying about the status of the dismissed appeal, the failure
to file a "Wende brief" to protect the defendant's rights, and representing that
nothing could be done to revive the appeal, requires a finding of counsel's
conflict of interest resulting in ineffective assistance of counsel violating the
Sixth Amendment guarantee that a defendant has the assistance necessary to
justify reliance on the outcome of the proceeding.............................9

i

IV.     The motion to vacate is made on grounds that could not have been raised on direct appeal from the judgment itself and is not a duplicate appeal from the judgment itself..............................................................................................11

V.     This motion is timely filed as the substantial rights of the defendant are adversely affected by the immigration deportation proceedings the defendant is facing ...........................................................................................12

CONCLUSION.......................................................................................14

CERTIFICATE OF COMPLIANCE...........................................15

PROOF OF SERVICE.............................................................................16

TABLE OF AUTHORITIES

<u>CASES</u>

*Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)……………………………………3

*Cuyler v. Sullivan*, 446 U.S. 335 (1980)…………………………………………7

*Evitts v. Lucey*, 469 U.S. 387, 391 n.4 (1985)………………………………….3

*Douglas v. California*, 372 U.S. 353 (1963)……………………………………9

*Mooney v. Holohan*, 294 US 103 (1935)………………………………………12

*Murguia v. Municipal Court,* 15 Cal.3d 286, 124 1975)…………………………12

*People v. Bailey,* 9 CA4th 1252 (1992)…………………………………………7

*People v Banks*, 53 Cal.2d 370 (1959) ...………………………………………12

*People v. Fosselman,* 33 Cal.3d 572, 189 (1983)………………………………12

*People v. Mroczko*, 35 C3d 86 (1983)…………………………………………7

*People v. Superior Court (Zamudio)*, 23 Cal.4th 183 (2000)……………………13

*Rodriquez v. U.S.*, 395 U.S. 327 (1969)………………………………………10, 11

*State Bar of California v. Vladimir Verhovskoy*, 01-O-00503 (2002)……………6

*Strickland v. Washington*, 466 U.S. 668 (1984) ………………………………10, 11

*United States v. Cronic*, 466 U.S. 648,659 (1984)……………………………11

*United States v. Levy*, 25 F3d 146 (2d Cir. 1994)………………………………8

*United States v. Mett*, 65 F.3d 1531 (9th cir. 1995)……………………………2, 7

*Wood v. Georgia*, 450 U.S. 262,271 (1981)……………………………………7

<u>CONSTITUTION AND STATUTES</u>

U.S. Const. 6th Amendment………………………………2, 6, 7, 9, 10, 11, 14

U.S. Const. 14th Amendment………………………………...……………8, 9, 11, 14

28 U.S.C. §2241……………………………………………………………2

28 U.S.C. §2254……………………………………………………………2

iii

28 U.S.C. §2254(a)............................................................................2

28 U.S.C. §2255...............................................................................2

IMMIGRATION AND NATIONALITY ACT

237(a)(2)(A)(i)...........................................................................3, 6

CALIFORNIA PENAL CODE

§148............................................................................................4

§211............................................................................................4

§484/666....................................................................................3, 4

§1237....................................................................................11, 12, 13

MISCELLANEOUS

Calif. Practice Guide Professional Responsibility 2005...................................7, 8

San Diego Bar Ass'n Form. Opn. 1995-1.........................................................7

Patricia Lynn Jacks
Attorney at Law
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA 92110
Tel. (619) 574-1625
Attorney for Petitioner

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DMITRI VALLERVEICH TATARINOV,

         Petitioner,             PETITION FOR WRIT OF HABEAS
                                  CORPUS UNDER 28 U.S.C. §2241

     v.

SUPERIOR COURT OF THE STATE OF

CALIFORNIA, COUNTY OF SAN DIEGO,

         Respondent.

----

### INTRODUCTION

     Mr. Tatarinov moves to reinstate his post-conviction nonstatutory motion to vacate a judgment entered after plea, or vacate the verdict from the Superior Court of the State of California case number SCD 135946 on the grounds that he received ineffective assistance counsel based on defense counsel's conflict of interest rendering these critical stages constitutionally inadequate, in violation of the state and federal rights to the effective assistance of counsel, due process, and a fair trial. The collateral consequences of the conviction are the deportation of Mr. Tatarinov and as such the case and controversy still exist.

The Supreme Court has held that it possesses jurisdiction under 28 U.S.C. §2241 to grant on "original" writ of habeas corpus to state or federal prisoners in exceptional cases when there are procedural or jurisdictional obstacles under U.S.C. §2254 or 2255. Under 28 U.S.C. §2255, "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Likewise under U.S.C. §2254, a petition may be filed on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Mr. Tatarinov has completed the California state sentencing imposed upon him by this conviction, but, because of the collateral consequences of deportation, he is being detained under Federal custody by Immigration Customs Enforcement. He respectfully moves that the court grant his U.S.C. §2241 writ and vacate the judgment based upon the violation of his constitutional rights.

## JURISDICTION

The guarantees of the Sixth Amendment entitle defendants in criminal cases the right to effective assistance of counsel, which includes the right to conflict-free representation. *United States v. Mett*, 65 F.3d 1531 (9th cir. 1995.)

A Federal court does not have subject matter jurisdiction over a habeas petition unless the petitioner is "in custody" within the meaning of 28 U.S.C. §2254(a). Although Mr. Tatarinov is no longer in state custody or state probation

2

from this conviction, Mr. Tatarinov is currently in custody by the Immigration and Customs Enforcement Detention and Removal Center located in San Diego, CA. Mr. Tatarinov was found removable as an alien convicted of a crime involving moral turpitude within five years of admission pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as well as an alien convicted of two or more crimes involving moral turpitude from this conviction. Excerpts of Record, pp. 115-117.   In habeas corpus proceedings attacking a criminal conviction, the case or controversy requirement normally is satisfied, even after all potential custody has expired. Habeas jurisdiction is therefore proper.

MOOTNESS

Collateral consequences from a state judgment or order may used to establish that the case is not moot. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Such consequences include the "inability to vote, engage in certain businesses, hold public office, or serve as a juror." (Id. At 237-238). A conviction usable in a "persistent felony offender" prosecution is a collateral consequence that defeats any mootness objections when a habeas petitioner is no longer in custody. *Evitts v. Lucey*, 469 U.S. 387, 391 n.4 (1985). Here, Mr. Tatarinov overcomes mootness because under California's "Three Strikes" law, Mr. Tatarinov's 484/666 shop lifting conviction can be used to increase the punishment for subsequent felonies. Likewise, the conviction resulted in the serious collateral consequence of affecting his immigration status making him removable as an alien convicted of a crime involving moral turpitude within five years of admission pursuant to section 237(a)(2)(A)(i) of the Immigration and

3

Nationality Act, as well as an alien convicted of two or more crimes involving moral turpitude. Excerpts of Record, pp. 115-117.

## STATEMENT OF THE CASE

On October 19, 1998 Mr. Tatarinov pled guilty to shop lifting. The charge was upgraded to a felony due to a prior robbery conviction (SCD 119330) and he was charged under California Penal Code Section 484/666. Mr. Tatarinov was sentenced to 34 days of custody, imposition of the sentence was suspended and he was placed on probation for five years. Attorney Verhovskoy (Verhovskoy) represented Mr. Tatarinov and advised Mr. Tatarinov to plead guilty.

Prior to that conviction Mr. Tatarinov was charged in the California Superior Court, case number SCD 119330, with one count of second degree robbery in violation of California Penal Code section 211, and one count of interfering with a police officer in violation of California Penal Code section 148. A jury convicted Mr. Tatarinov of robbery but acquitted him of violation section 148 on August 12, 1996. The superior court granted probation. Excerpts of Record, p. 77.

Mr. Tatarinov filed a timely notice of appeal to the California Court of Appeal. The appeal was subsequently dismissed on April 28, 1997 after Mr. Tatarinov's retained attorney, Verhovskoy, failed to file a written brief. Excerpts of Record, p. 10. Verhovskoy thereafter intentionally misled Mr. Tatarinov and his wife about the status of the appeal. Excerpts of Record, pp. 2-4, 6-7, 77-78. Finally, Mr. Tatarinov's wife learned through her own efforts that the appeal had been dismissed. Verhovskoy then filed an unsuccessful motion to reinstate the appeal. By then, more than two years had passed since the appeal's dismissal. Excerpts of Record, pp. 3, 78.

4

In December 2000 Verhovskoy sent Mr. Tatarinov a letter terminating his representation. Excerpts of Record, pp. 4, 30, 78. The California State Bar subsequently suspended Verhovskoy and commenced disciplinary proceedings against him. Excerpts of Record, pp. 78, 131-134.

On October 23, 2006 Defendant filed a nonstatutory motion to vacate a plea entered on grounds of ineffective assistance of counsel in the Superior Court of California, County of San Diego. Excerpts of Record, pp. 107-126. The Honorable Judge Jeffrey F. Fraser denied the motion ruling that the trial court lacked jurisdiction to vacate the judgment. On November 2, 2006, a notice of appeal was filed with Court of Appeal - State of California. Excerpts of Record, p. 127. On June 1, 2007 the appeal was dismissed after Respondent's motion to dismiss based on lack of jurisdiction. Excerpts of Record, p. 136. On June 12, 2007 a Petition for Review was filed in the Supreme Court of California. On September 12, 2007 the petition for review was denied. Excerpts of Record, p. 137.

## STATEMENT OF FACTS

In December 2000, Verhovskoy continued to represent Mr. Tatarinov on an immigration matter. Verhovskoy had recently asked for a payment of $500, which was promptly paid. On December 24, 2000, Mr. Tatarinov received a letter from Verhovskoy. It stated Verhovskoy would no longer represent Mr. Tatarinov, and advised him to retain other counsel. The letter provided no explanation. Excerpts of Record, pp. 4, 30. On January 19, 2001, Mr. Tatarinov received a notice from the California State Bar indicating Verhovskoy was "suspended from the practice of law in the State of California for a period of sixty (60) days." Mr. Tatarinov retained another attorney to represent him in the

immigration matter. Excerpts of Record, pp. 4, 115.

On January 28, 2000, Mr. Tatarinov filed a Complaint Form with The State Bar of California regarding Verhovskoy's failure to file the appeal and nonperformance in other legal matters. Excerpts of Record, pp. 128-130. The State Bar of California assigned case number 01-O-00503 and the disciplinary case settled on September 30, 2002. By failing to prepare and file appellate briefs and not notifying Mr. Tatarinov of his actions, Verhovskoy was found to have failed "to perform legal services with competence, in violation of Rules of Professional Conduct, rule 3-110(A)." Excerpts of Record, pp. 131-134

On January 6, 1995, Mr. Tatarinov was granted Conditional Permanent Resident Status based upon his marriage. In December 1996, he filed a petition to remove that status. That application was not adjudicated until several years later. In fact, it was not until Mr. Tatarinov was in Removal Proceedings that the Immigration and Naturalization Service decided to remove the condition, making him a Lawful Permanent Resident. As a result of his convictions, Mr. Tatarinov was placed in removal proceedings on June 24, 1998. The Immigration Judge found him removable as an alien convicted of a crime involving moral turpitude within five years of admission pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as well as an alien convicted of two or more crimes involving moral turpitude. Excerpts of Record, pp. 115-117.

## ARGUMENTS

I.    Attorney's conduct resulted in an irreconcilable conflict of interest between him and his client violating the Sixth Amendment right to conflict-free representation.

The guarantees of the Sixth Amendment entitle defendants in criminal

cases the right to effective assistance of counsel, which includes the right to conflict-free representation. *United States v. Mett*, 65 F.3d 1531 (9th cir. 1995.) "Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 262,271 (1981). "The defense counsel had a duty to alert the court to the existence of conflicts and to assist the court in determining whether the conflict has been properly waived, if a waiver exists." *People v. Mroczko*, 35 C3d 86 (1983).

The possibility of a conflict of interest is insufficient to impugn a criminal conviction. In order to establish a violation of the Sixth Amendment, a defendant must show that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335 (1980).

Verhovskoy had a duty to inform the court of the prior trial, SCD 119330, his failure to file the appellate brief and his deceit regarding the appeal. Verhovskoy was aware that his representation in the prior case was incompetent. "In criminal cases, an attorney's representation of a former client may preclude renewed representation of that client in a new matter if the prior representation resulted in the client's conviction. Reason: The client may want to attack the prior conviction on the ground of incompetent representation." (*People v. Bailey*, (1992) 9 CA4th 1252, 1254-1255, 12CR2d 339, 340-341 – permitting trial counsel to represent same client on appeal puts the counsel in "the untenable position of urging his own incompetency"; San Diego Bar Ass'n Form. Opn. 1995-1-lawyer representing a former client on new matter involving "three strikes" violation must decline representation if prior representation deemed inadequate.) California Practice Guide Professional Responsibility 2005, 6-142

[6:900].

Verhovskoy's continued representation of Mr. Tatarinov after failing to file the SCD 119330 appellate brief is an "actual" conflict. The instant Verhovskoy failed to file the appellate brief per Mr. Tatarinov's request, April 28, 1997, Verhovskoy created an actual conflict between him and Mr. Tatarinov. Verhovskoy hid the fact he failed to file the appellate brief by lying to Mr. Tatarinov abut the status of the appeal. From April 1997 through December 2000 Verhovskoy kept Mr. Tatarinov as a paying client by lies and misrepresentations. It was only after the California State Bar, on another matter, suspended his license that Verhovskoy was forced to terminate the relationship. "An attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *United States v. Levy*, 25 F3d 146 (2d Cir. 1994.) There is a "presumption of prejudice where conflict is actual." California Practice Guide Professional Responsibility 2005, 6-138 [6:846]. "An actual conflict of interest on the part of defense counsel can constitute ineffective assistance of counsel and mandate reversal of a criminal conviction or sentence." California Practice Guide Professional Responsibility 2005, 6-133 [6:820].

II.   Attorney's misconduct in permitting defendant's state appeal in another case to be dismissed, in lying about the status of the dismissed appeal, and representing that nothing could be done to revive the appeal, requires a finding of counsel's conflict of interest resulting in ineffective assistance of counsel violating the Due Process Clause of the Fourteenth Amendment.

8

*Douglas v. California*, 372 U.S. 353 (1963), held that the Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right. The U.S. Supreme Court later held "The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right."

Mr. Tatarinov retained Verhovskoy to file his appeal. Verhovskoy failed to file the appellate brief causing the dismissal of the appeal and misled Mr. Tatarinov for several years regarding the status of the appeal. After Mr. Tatarinov learned that the appeal had been dismissed, Verhovskoy continued to lie, deceive and provide misinformation to Mr. Tatarinov hiding the fact he had acted incompetently. Verhovskoy's failure to file a brief resulted in the dismissal of Mr. Tatarinov's appeal, violating the Fourteenth Amendment Due Process clause guaranteeing that Mr. Tatarinov have effective assistance of counsel on his first appeal as of right and as such, created an actual conflict between the Defendant and Verhovskoy violating his rights in the later case to conflict free representation.

III.    Attorney's misconduct in permitting defendant's state appeal in another case to be dismissed, in lying about the status of the dismissed appeal, failure to file a "Wende brief" to protect defendant's rights, and representing that nothing could be done to revive the appeal, requires a finding of counsel's conflict of interest resulting in ineffective assistance of counsel violating the Sixth Amendment guarantee that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding.

Verhovskoy failed to honor Mr. Tatarinov's request to file an appeal by

9

not submitting the brief. *Rodriquez v. U.S.*, 395 U.S. 327 (1969), held that a lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner and "those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. The petitioner in the *Rodriquez* case was of "Mexican descent and that his knowledge of the English language was limited. He further contended that his retained counsel had fraudulently deprived him of his right to appeal." In Mr. Tatarinov's case, we have a Russian immigrant who specifically retained a Russian-speaking lawyer as Mr. Tatarinov's knowledge of the English language was limited. Although Verhovskoy filed the notice of appeal, he did not file the brief, failing to perfect an appeal on behalf of Mr. Tatarinov. This failure to perfect the appeal and lying to Mr. Tatarinov regarding the appeal "fraudulently deprived" Mr. Tatarinov of his appeal creating an actual conflict of interest which later deprived Mr. Tatarinov of conflict free representation.

Following the *Rodriquez* ruling, *Strickland v. Washington*, 466 U.S. 668 (1984) provided a framework for evaluating counsel's performance. Under *Strickland* "The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Verhovskoy's conduct of failing to prepare and file the appellate brief, and lying to the Defendant was of such deficient performance that Mr. Tatarinov was denied his right to conflict free representation. "In certain

10

Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland v. Washington*, 466 U.S. 668 (1984). "The complete denial of counsel during a critical stage of a judicial proceeding, however, mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable."" *United States v. Cronic*, 466 U.S. 648, 659 (1984).

IV.   The motion to vacate is made on grounds that could not have been raised on direct appeal from the judgment itself and is not a duplicate appeal from the judgment itself.

Under California law, a defendant may appeal from an order made after judgment, affecting the substantial rights of the defendant. Penal Code §1237 (a) &( b). An appeal from a post-judgment motion to vacate a guilty plea based on a claim of ineffective assistance of counsel will be appealable since the basis for the claim is generally not contained in the record and could not have been raised on direct appeal. This is the "silent record exception" - an appeal is allowed where the record on appeal from the judgment would not have shown the error sought to be asserted. Verhovskoy's conflict of interest constitutes ineffective assistance of counsel. *Rodriguez v. U.S.*, 395 U.S. 327 (1969), "a lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner."

As a result of his conviction Mr. Tatarinov was found to be removable as an alien convicted of a crime of moral turpitude and is being deported. As such, the ruling denying a motion to vacate judgment would qualify based upon the violation of Mr. Tatarinov's Sixth and Fourteenth Amendment rights by the

11

actions of Verhovskoy as an order after judgment affecting Mr. Tatarinov's substantial rights and is therefore appealable.

The Court of Appeal - State of California, Fourth Appellate District, Division One granted Respondent's motion to dismiss. The Respondent's motion stated that the "trial court lacked jurisdiction," and therefore the appeal was from an "unappealable order." In *People v Banks*, 53 Cal.2d 370 (1959), the court exercised its inherent power to accept an appeal from an apparently unappealable order denying a post-judgment motion to vacate a guilty plea because the defendant raised an important constitutional question of first impression.

For every constitutional violation there must be a remedy. "Fundamental jurisdictional defects, like constitutional defects, do not become irremediable when a judgment of conviction becomes final without appeal (or even after affirmance on appeal)." *Mooney v. Holohan,* 294 US 103 (1935). California courts must entertain nonstatutory motions to invalidate particular stages of a criminal case, even entire criminal convictions, on constitutional grounds. This rule – that constitutional violations must find a remedy even if no statute provides one – has been specifically applied to claims of ineffective counsel. *Murguia v. Municipal Court,* 15 Cal.3d 286, 124 (1975); *People v. Fosselman,* 33 Cal.3d 572, 189 (1983). The court therefore has inherent authority to grant a post-judgment motion to vacate a judgment when the constitutional rights of the accused have been violated.

V.     This motion is timely filed as the substantial rights of the defendant are adversely affected by the immigration proceedings defendant is facing.

California Penal Code Section 1237, provides that a defendant may appeal

12

from "a final judgment of conviction (§1237, subd. (a)) or from "any order made after judgment, affecting the substantial rights of the party" (§1237, subd. (b)). This permits an appeal from any post judgment order that affects the "substantial rights" of the defendant, the right to appeal is limited by the qualification that, ordinarily, no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment." Mr. Tatarinov's nonstatutory motion to vacate brought in the San Diego Superior Court is based on ineffective assistance of counsel and does not address grounds that would have been reviewed on appeal.

There is no time limit in which the Section 1237 motion may be made. Mr. Tatarinov has been in Removal Proceedings with the Immigration and Naturalization Service proceedings since June 24, 1998. On February 9, 2007 the United States Court of Appeals denied his Petition and he was ordered to surrender to the nearest Immigration and Customs Enforcement, Detention and Removal Office by March 6, 2007.   Mr. Tatarinov is currently in custody with Immigration Customs Enforcement awaiting deportation stemming from the conviction in this case.   "[A] motion is timely if brought within a reasonable time after the conviction actually 'may have' such consequences." *People v. Superior Court (Zamudio)*, (2000) 23 Cal.4th 183.  Therefore, the post-conviction nonstatutory motion to vacate a judgment entered after court trial on grounds of ineffective assistance of counsel was timely as the actual collateral consequences of his conviction are now being realized.

13

## CONCLUSION

The consequences of Mr. Tatarinov's failure to receive conflict free and competent representation are a reversal of the conviction and for this reason, Mr. Tatarinov asks this Court to grant his petition under USC §2241 to vacate the judgment entered on grounds of ineffective assistance of counsel based on defense counsel's actual conflict of interest resulting in violations of Mr. Tatarinov's rights under the Sixth and Fourteenth Amendments.

Respectfully submitted,

*Patricia Lynn Jacks* 10-19-07

Patricia Lynn Jacks

Attorney for Petitioner

14

Certificate of Compliance Pursuant to Fed. R. App. P.

32(a)(7)(C) and Circuit Rule 32-1 for

DMITRI VALLERVEICH TATARINOV, Petitioner


The brief is proportionately spaced, has a typeface of 14 points or more and

contains <u>4,324</u> words.




*Patricia Lyn Jacks* 10-19-07

Patricia Lynn Jacks

Attorney for Petitioner

15

## DECLARATION OF SERVICE

Name  Patricia Jacks                                      Case Number:

Address 450 B Street, Suite 1480

      San Diego, CA 92101

     I, undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which county the within-mentioned delivery occurred, and not a party to the subject cause.  My business address is 450 B Street, Suite 1480, San Diego, California.  I served the PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241 and EXCERPTS OF RECORD - DMITRI V. TATARINOV of which a true and correct copy of the document filed in the cause is affixed, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

     Department of Justice, Office of Attorney General
     110 West A Street, Suite 1100
     PO Box 85266
     San Diego, CA  92186-5266

     Each envelope was then sealed and with the postage thereon fully prepaid deposited in the United States mail by me at San Diego, California, on *10-19-07*

     I declare under penalty of perjury that the foregoing is true and correct. Executed on *10-19-07*, at San Diego, California.

                     *Patricia Ly Jacks*

16

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

*Dmitri Vallerivich Tatarinov*

**DEFENDANTS**

*Superior Court of the State of Calif., County of San Diego*

2007 OCT 19 PM 2: 43

SOUTHERN DISTRICT OF CALIFORNIA

(b) County of Residence of First Listed Plaintiff *San Diego*
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
*Patricia Lynn Jacks*
*5790 Friars Road #B*
*San Diego CA 92110*
*619 574-1625*

Attorneys (If Known)

**'07 CV 2033 L     NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury - Med. Malpractice | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |
| | | | | ☐ 891 Agricultural Acts |
| | | | | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): ~~Title~~ *28 USC § 2241*

Brief description of cause: *Ineffective assistance of counsel - motion to vacate*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE *10-19-07*

SIGNATURE OF ATTORNEY OF RECORD  *Patricia Lynn Jacks*

**FOR OFFICE USE ONLY**

RECEIPT # *14379*  AMOUNT *350,—*  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

*10/19/07*

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 143719    — SR
* * C O P Y * *
October 19, 2007
13:51:09

## Habeas Corpus
USAO #.: 07CV2033 HABEAS
Judge..: M. JAMES LORENZ
Amount.:                    $5.00 CA

Total—> $5.00

FROM: TATARINOV V. SUPERIOR COURT
      HABEAS CORPUS