Patricia Lynn Jacks
Attorney at Law
Cal. Bar #226300
5790 Friars Road, F8
San Diego, California 92110
(619) 574-1625

Attorney for the Petitioner

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>Petitioner,<br><br>vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit<br><br>Respondents. | Civil No. 07cv2033 L (NLS)<br><br>USICE No.    A72 779 308<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR STAY OF REMOVAL DURING PENDENCY OF APPLICATION FOR WRIT OF HABEAS CORPUS** |

Requests for stays are evaluated under the same standards employed by district courts in evaluating motions for preliminary injunctive relief. *See Abbassi v. INS,* 143 F.3d 513 (9th Cir. 1998). Specifically, the Petitioner must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor. *Abbassi, supra.* The relative hardships to the parties are the "critical element" in determining when such a stay is justified. *Id.*

**Factual and Legal Basis for Stay Request**

The Petitioner, Mr. Tatarinov, came to the United States as a visitor in May of 1992. Since that

time, he has never left the United States. He originally applied for asylum in the United States in Albany, New York, that same year.

In 1993, he met his wife, Patricia Lynn Jacks-Tatarinov, a U.S. citizen by birth, and they were married in February of 1994. They have now been married for 13 years and live together in the condominium they own. Ms. Jacks-Tatarinov has never lived outside the United States. She is a Certified Public Accountant, with a Master of Science degree in Accountancy and Juris Doctorate degree.

On January 6, 1995, Mr. Tatarinov was granted Conditional Permanent Resident Status based upon his marriage. In December of 1996, he filed a petition to remove that status. That application was not adjudicated until several years later, while the Respondent was in proceedings.

Mr. Tatarinov has lived in the United States for 15 years. For a period of three years in the middle of his time here, Mr. Tatarinov shoplifted several items which resulted in three convictions. As Mr. Tatarinov was not in financial need of the items, he realized he had a problem and underwent extensive treatment through the help of a psychologist for his obsessive-compulsive behavior which the psychiatrist believed led him to shoplift. After receiving treatment, Mr. Tatarinov has not had any problems with the law since 1998.

The first of the three convictions for shoplifting occurred in August of 1995. Mr. Tatarinov received a misdemeanor conviction for petty theft in violation of California Penal Code 484(a)/488. For this he received one year of probation. In August of 1996, Mr. Tatarinov took a jacket from a department store. Due to California case law which escalates shoplifting to a robbery where any force is used with a security guard, Mr. Tatarinov was convicted of robbery in violation of California Penal Code Section 211. For this Mr. Tatarinov was sentenced to 270 days of custody, imposition of which was suspended and Mr. Tatarinov was granted three years probation. This conviction is the subject of case number 07cv2034JAHPOR. Mr. Tatarinov's final conviction was also for shoplifting which occurred in 1998; it was upgraded to a felony due to his prior theft conviction and he was charged under California

Case 3:07-cv-02033-L-NLS    Document 18-2    Filed 11/20/2007    Page 3 of 6

1  Penal Code Section 484/666. He was sentenced to 364 days of custody, but imposition of the sentence
2  was suspended and he was placed on probation for three years. This conviction is the subject of case
3  number 07cv2033LNLS.
4       Mr. Tatarinov was placed in removal proceedings on June 24, 1998. The Immigration Judge
5  found him removable as an alien convicted of a crime involving moral turpitude within five years of
6  admission pursuant to section 237(a)(2)(A)(i), as well as an alien convicted of two or more crimes
7  involving moral turpitude.
8       The Petitioner sought relief under section 240A(a), section 212(c), adjustment of status with a
9  waiver under section 212(h), asylum, withholding and relief under the convention against torture. The
10 Immigration Judge denied all relief requested, finding that Mr. Tatarinov was statutorily ineligible for
11 such relief due to his convictions, and ordered him deported to Russia.
12      The Board of Immigration Appeals affirmed the decision of the Immigration Judge in a two-line
13 decision with no indication that they had reviewed or considered the arguments made on appeal.
14      The Petitioner appealed to the Court of Appeals for the 9th Circuit. On February 9, 2007, the
15 Court of Appeals denied his Petition for Review.
16      During the course of the immigration proceedings, however, the Petitioner also pursued a post-
17 conviction nonstatutory motion to vacate the judgments entered in two of his convictions on the grounds
18 of ineffective assistance of counsel. His attorney for those criminal matters, Mr. Verhovskoy, failed to
19 file a written brief in support his criminal appeals and those appeals were dismissed. Mr. Tatarinov only
20 learned of this two years after the fact, as Mr. Verhovskoy concealed this from him. Mr. Verhovskoy
21 was subsequently suspended by the State Bar of California after disciplinary proceedings were initiated
22 against him as a matter of this ineffective assistance of counsel.
23      A post-conviction nonstatutory motion to vacate the judgments in his two convictions was filed
24 by way of a nonstatutory motion in the California Superior Court. That motion was denied and the
25 denial was appealed to the Court of Appeals and then to the California Supreme Court. After the

26  3                                                                          07cv2033
    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR STAY OF REMOVAL
27  DURING PENDENCY OF APPLICATION FOR WRIT OF HABEAS CORPUS

28

California Supreme Court dismissed the appeal, this application for writ of habeas corpus was filed.

///

### Serious Legal Questions and Extreme Hardship the Petitioner Will Suffer Without This Stay

The accompanying application for writ of habeas corpus seeks review of a denial of a California State Court nonstatutory motion seeking to vacate his convictions based upon the ineffective assistance of counsel of Mr. Verhovskoy. Mr. Verhovskoy's ineffective assistance of counsel was so egregious as to have violated Mr. Tatarinov's rights under the U.S. Constitution.

If this stay is denied, the Petitioner will likely be removed to Russia where he fears persecution. Petitioner's wife has been advised that the Department of Homeland Security is actively pursuing Mr. Tatarinov's removal to Russia. It should be noted that when he came to the United States, he came from the former Soviet Union, a country that no longer exists. He has not returned since that time. Further, he has been married for 14 years to a United States citizen who has never lived outside the U.S. and has never visited Russia.

Additionally, Mr. Tatarinov has been diagnosed with multilevel lumbar degenerative disk disease. He has been receiving treatment for this by way of a series of lumbar epidural steroid injections. If he is removed to Russia, he will be unable to continue this course of treatment. His treating physician has stated that without such treatments, Mr. Tatarinov faces "a significantly reduced level of activity and difficulty in taking care of his own independent activies of daily living." However, with the treatment, he has a "good" prognosis for a "higher level of functioning."

It is submitted that given the fact that upon which this application for writ is based – a denial of Petitioner's right to counsel under the U.S. Constitution and the fact the denial of that right led to the convictions upon which Mr. Tatarinov's removal order is based, present serious legal issues that have not been addressed. Further, those convictions affect his eligibility for a waiver of removal based upon a showing of extreme hardship to his U.S. citizen wife of 14 years tips the balance in favor of a stay during the pendency of the appeal. Without a stay, Mr. Tatarinov could be removed from the United States

1 without ever having his constitutional claims heard. The hardship to his U.S. citizen wife and to the Petitioner are substantial – especially given his fear of return to Russia based on harm he suffered there before coming to the United States, his serious medical condition, and the separation he will face from his U.S. citizen wife.

Declarations regarding the hardship to Mr. Tatarinov's wife, his medical condition and other evidence in support of the factual claims made in this motion accompany this motion.

The hardship to the Respondents in this matter is minimal. These proceedings have been pending in administrative proceedings and the Federal Courts for nine years. Staying the removal of the Petitioner for an additional few months for this Court to decide the matter is no hardship to the Respondents.

Based on the foregoing it is respectfully requested that this Court issue an order staying the removal of the Petitioner in this matter pending a decision on the applications for writ of habeas corpus.

Respectfully submitted,


Dated: November 20, 2007

s/Patricia Lynn Jacks
PATRICIA LYNN JACKS
Attorney for the Petitioner

United States District Court
For the Southern District of California

Dmitri Vallerveich TATARINOV,

    Petitioner,

vs.

Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit

    Respondents.

Civil No. 07cv2033 L (NLS)

USICE No.   A72 779 308

**DECLARATION OF SERVICE**

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR STAY OF REMOVAL DURING PENDENCY OF APPLICATION FOR WRIT OF HABEAS CORPUS** in the following manner:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Attorney General**
  docketingsdawt@doj.ca.gov

- **U S Attorney CV**
  Efile.dkt.civ@usdoj.gov

- **Kevin R Vienna**
  Kevin.Vienna@doj.ca.gov,DocketingSDAWT@doj.ca.gov,Susan.Volsky@doj.ca.gov,ECFCoordinator@doj.ca.gov,Bonnie.Peak@doj.ca.gov

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

Executed on **November 20, 2007**, at San Diego, California.

                                                                  s/Patricia Lynn Jacks
                                                                  PATRICIA LYNN JACKS
                                                                  Attorney at Law