KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119
Facsimile:   (619) 557-5004
Email: samuel.bettwy@usdoj.gov

Attorneys for Federal Respondents

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRI VALLERVEICH TATARINOV,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; OFFICE OF THE CHIEF COUNSEL, DEPT. OF HOMELAND SECURITY; U.S. ATTORNEY, SOUTHERN DISTRICT; ICE DETENTION & REMOVAL UNIT,<br><br>Respondents. | Case No. 07cv2033 L (NLS)<br><br>RESPONSE IN OPPOSITION TO REQUEST FOR STAY OF REMOVAL PENDING HABEAS PROCEEDINGS |

The federal Respondents oppose Petitioner's request for stay of removal because Petitioner raises no serious legal question and is unlikely to succeed in these habeas proceedings. See Abbassi v. INS, 143 F.3d 513 (9th Cir. 1998):

> Petitioner must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor.  See Artukovic v. Rison, 784 F.2d 1354, 1355 (9th Cir.1986); see also Arthurs v. INS, 959 F.2d 142, 143-44 (9th Cir.1992).  These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.  See Gallegos, 713 F.2d at 1435.

Id. at 514, cited in Andreiu v. Ashcroft, 253 F.3d 477, 479 (9th Cir. 2001).

1  To the extent that Petitioner seeks a stay of removal so that he may pursue a collateral
2  proceeding, the petition should be denied because courts have consistently ruled that there is no right
3  to a stay of removal for such purpose:

> We can likewise agree that the familiar combination of 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) affords such an alien access to the federal courts to assert a claim of violation of those clauses by a state officer. <u>None of this means, however, that by claiming that state officers have violated his constitutional rights, an otherwise deportable alien obtains a constitutional right to remain in the United States for whatever period the resolution of his claim may require.</u> The refusal of the District Director to extend the date for Bolanos' voluntary departure is thus to be viewed under the usual test of abuse of discretion. . . . Moreover, although we are probably unable to compel such action, see United States v. Phelps, 22 F.2d 288 (2 Cir. 1927), cert. denied, 276 U.S. 630, 48 S.Ct. 324, 72 L.Ed. 741 (1928), we would expect the appropriate consul to issue Bolanos a visitor's visa when his cases come on for trial.

<u>Bolanos v. Kiley</u>, 509 F.2d 1023, 1025-26 (2d Cir. 1975) (emphasis added). <u>See also</u> <u>Ajurulloski v. INS</u>, 688 F. Supp. 1272, 1277 (N.D. Ill. 1988):

> The Seventh Circuit has held that a district director did not abuse his discretion when he failed to allow an alien to remain in the United States to pursue a workers' compensation claim. Kladis v. Immigration and Naturalization Service, 343 F.2d 513 (7th Cir.1965). In Kladis, the district director refused to grant an alien relief from deportation approximately two months before a hearing on his pending claim. Id., 343 F.2d, at 514. Similarly, <u>other courts have held that a pending lawsuit does not alone entitle an alien to remain in this Country</u>. Bolanos v. Kiley, 509 F.2d 1023 (2d Cir.1975) (no abuse of discretion in denial of discretionary relief when alien sought to prosecute civil rights claim). Thus, the Court finds that the District Director did not misunderstand the law.

<u>Id.</u> at 1277 (emphasis added).

To the extent that Petitioner seeks to collaterally attack his removal order, the petition should be denied because it is well-settled law that, except for <u>Gideon</u>[1/] claims, an alien may not challenge a removal order in habeas proceedings by collaterally attacking the underlying state court conviction. <u>Contreras v. Schiltgen</u>, 122 F.3d 30, 33 (9th Cir. 1997) ("<u>Contereras I</u>") ("Contreras may not collaterally attack his state court conviction in a habeas proceeding against the INS"), and <u>Contreras v. Schiltgen</u>, 151 F.3d 906 (9th Cir. 1998) ("<u>Contreras II</u>") ("We conclude that we reached the correct result in this case the first time, and we need not consider the effect of the intervening congressional enactment of the Illegal Immigration Reform and Immigrant Responsibility Act").

///

---

[1/]<u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963).

> [W]e must hold that when a habeas petition attacks the use of a prior conviction as a basis for INS [DHS] custody, and the prior sentence has expired, federal habeas review is limited. When the federal proceeding is governed by statutes that limit inquiry to the fact of conviction, there can be no collateral review of the validity of the underlying conviction except for Gideon claims.

Contreras II, 151 F.3d at 908.

It is well-settled law that, to state a Gideon claim, the petitioner must claim that he was denied representation, not merely that his attorney committed error. See United States v. Fry, 322 F.3d 1198 (9th Cir. 2003) ("counsel's failure to advise a defendant of collateral immigration consequences of the criminal process does not violate the Sixth Amendment right to effective assistance of counsel"). In Custis v. United States, 511 U.S. 485 (1994), as in this case, the petitioner claimed that he had been denied effective assistance of counsel. The Court held that such a claim could not be pursued in the sentencing proceeding at which the challenged sentence-enhancing conviction was to be considered, explaining that such an alleged constitutional violation does not rise "to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." Id. at 496. See also United States v. Martinez-Martinez, 295 F.3d 1041 (9th Cir. 2002):

> The Supreme Court extended Custis to 28 U.S.C. § 2255 motions attacking sentences in Daniels.[2/] 532 U.S. at 382, 121 S.Ct. 1578. In Daniels, the petitioner argued that Custis was limited to challenges at sentencing and, therefore, did not apply to a § 2255 proceeding. Id. at 380, 121 S.Ct. 1578. The Court disagreed, finding that <u>the concerns raised in Custis regarding ease of administration and interest in promoting the finality of judgments extend to § 2255 petitions</u>. Id. at 381-82, 121 S.Ct. 1578.

Id. at 1045 (emphasis added). See also

For the reasons set forth above,[3/] Petitioner's request for a stay of removal should be denied.

DATED:   December 3, 2007            Respectfully submitted,

                                     KAREN P. HEWITT
                                     United States Attorney

                                     s/ *Samuel W. Bettwy*

                                     _____
                                     SAMUEL W. BETTWY
                                     Assistant United States Attorney

                                     Attorneys for Federal Respondents

---

[2/] Daniels v. United States, 532 U.S. 374, 383 (2001) (affirming 195 F.3d 501 (9th Cir.1999)).

[3/] In addition, the undersigned understands that the state respondents intend to argue to this Court in this case that the court in the collateral habeas proceedings lacks subject matter jurisdiction due to lack of custody.