1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  SABRINA Y. LANE-ERWIN, State Bar No. 167819
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2565
    Fax: (619) 645-2271
9   Email: Sabrina.LaneErwin@doj.ca.gov

10 Attorneys for Respondent

11                IN THE UNITED STATES DISTRICT COURT

12               FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14 **DMITRI VALLERVEICH TATARINOV,** | 07cv2033-L (NLS) |
| 15                              Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| 16              v. | |
| 17 **SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; OFFICE OF THE CHIEF COUNSEL, DEPT. OF HOMELAND SECURITY; U.S. ATTORNEY, SOUTHERN DISTRICT; ICE DETENTION & REMOVAL UNIT,** | |
| 18 | |
| 19 | **NO HEARING REQUIRED** |
| 20                              Respondent. | |

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  SABRINA Y. LANE-ERWIN, State Bar No. 167819
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2565
    Fax: (619) 645-2271
9   Email: Sabrina.LaneErwin@doj.ca.gov

10 Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DMITRI VALLERVEICH TATARINOV,** | 07cv2033-L (NLS) |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; OFFICE OF THE CHIEF COUNSEL, DEPT. OF HOMELAND SECURITY; U.S. ATTORNEY, SOUTHERN DISTRICT; ICE DETENTION & REMOVAL UNIT,** | **NO HEARING REQUIRED** |
| Respondent. | |

**INTRODUCTION**

Petitioner cannot satisfy the custody requirement for federal habeas corpus jurisdiction. This is because he was long ago discharged from state imprisonment and any probation or parole period. Though he is currently in custody with Immigration Customs Enforcement (ICE) awaiting deportation, this custodial status does not satisfy the custody requirement for federal habeas corpus review. For this reason alone, the First Amended Petition must be dismissed. In addition, the First Amended Petition is a successive petition. Petitioner did not obtain approval from the Ninth Circuit

to file a successive petition and therefore it must be dismissed for this reason as well. Moreover, Petitioner seeks collateral review of two state court judgments under 28 U.S.C. section 2241, which is not the proper avenue for federal habeas corpus review. The First Amended Petition must therefore be dismissed for this reason as well. Finally, the First Amended Petition was not filed within the applicable one-year statute of limitations. His state convictions became final approximately a decade ago and thus the federal statute of limitations has long-since expired. Accordingly, the First Amended Petition is untimely and should be dismissed with prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 12, 1996, following a jury trial in the California Superior Court, County of San Diego, Petitioner was convicted of second degree robbery (Cal. Penal Code § 211, case number SCD 119330). On September 10, 1996, the trial court placed Petitioner on probation. (CT [1]/ 59-73, 74-76.) Trial counsel represented Petitioner on appeal but failed to file an Appellant's Opening Brief, resulting in dismissal of the appeal. In 1999 and 2001, the California Court of Appeal, Fourth Appellate District, Division One, denied two motions to reinstate the appeal, and the California Supreme Court denied a petition for review in 2001. (CT 45, 47, 49.)

On September 8, 1998, the same counsel represented Petitioner on another San Diego criminal case (case number SCD 135946). Petitioner ultimately pled guilty to felony petty theft with a prior conviction (Cal. Penal Code §§ 484/488, 666). On October 19, 1998, the trial court placed Petitioner on probation. (CT 1-16, 74-76.)

On February 15, 2002, Petitioner filed a petition for writ of habeas corpus (case number D039562), in the California Court of Appeal, Fourth Appellate District, Division One, asking once again that the court reinstate the direct appeal in case number SCD 119330. (CT 53.) The court denied the petition on June 25, 2002, finding no prima facie case to reinstate the appeal and that no prejudice resulted from counsel's performance, or lack thereof. (CT 51.) The California Supreme Court denied a petition for review on August 28, 2002 (case number S108092). (CT 53.)

---

1. "CT" refers to the Clerk's Transcript of trial court proceedings from California Court of Appeal, Fourth Appellate District, Division One, case number D049763, contained in Lodgment 1.

1         Between 2002 and 2004, this Court and the Ninth Circuit Court of Appeals denied Petitioner federal habeas corpus relief as to case number SCD 119330 because he failed to comply with the one-year statute of limitations. Both courts rejected Petitioner's claim that ineffective assistance of counsel warranted either statutory or equitable tolling. In rejecting Petitioner's claim for equitable tolling, this Court noted Petitioner had "sat on" his habeas rights. (Lodgment 9 at 9.) (CT 30; Lodgment 10 at 2-3.)

        On September 25, 2006, Petitioner tried to revive his case by filing new trial motions in the trial court under California Penal Code section 1181. One motion related to the 1996 robbery conviction in case number SCD 119330, and the other motion related to the 1998 felony theft conviction in case number SCD 135946. (CT 17-24; 78-84.) The trial court found it had no jurisdiction to hear the motions. (CT 57; RT 2-10.)

        Petitioner filed a notice of appeal in the California Court of Appeal, Fourth Appellate District, Division One, (D049763), on November 2, 2006, and on May 18, 2007, the undersigned moved to dismiss the appeal because the trial court order was unappealable. In other words, the trial court lacked jurisdiction, and Petitioner could not obtain appellate review of a ruling he had no legal right to request in the first place. (Lodgments 3 and 4.) On June 1, 2007, the court dismissed the appeal. (Lodgment 5.) On or about June 11, 2007, Petitioner filed a Petition for Review in the California Supreme Court (S153481). (Lodgment 6.) The court denied it on September 12, 2007. (Lodgment 7.)

        On October 19, 2007, Petitioner filed two separate petitions in this Court, each one attacking one of his two felony priors. Those two petitions were then consolidated into the single pending First Amended Petition. In essence, Petitioner argues that trial counsel was ineffective when he failed to complete the appeal in the robbery case (which as noted above he argued numerous times in the state courts, before this Court and in the Ninth Circuit) and that counsel's ineffectiveness in the robbery case created a conflict of interest in the subsequent petty theft with a prior case (which as noted above he argued in the most recent state proceedings). (First Amended Petition at 6-12.)

# ARGUMENT
## I.
## THE FIRST AMENDED PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PETITIONER IS NOT IN THE CUSTODY OF ANY STATE OFFICIAL; THUS, THIS COURT LACKS JURISDICTION

Custody is a jurisdictional prerequisite for habeas corpus relief. Petitioner is not in the custody of any state official, either through state imprisonment, parole or probation. Thus, this Court lacks jurisdiction and the First Amended Petition must be dismissed. In addition, the lack of custody necessarily has led to other deficiencies. First, Petitioner has not named a proper respondent (e.g. a state prison warden), and, by virtue of the fact that he is not in state custody, he cannot do so. Second, the First Amended Petition is successive and therefore must be dismissed. Third, the First Amended Petition improperly invokes jurisdiction under 28 U.S.C. § 2241. Again, this is likely because Petitioner recognizes this Court does not have jurisdiction under 28 U.S.C. § 2254. But the fact remains that 28 U.S.C. § 2254 is the proper basis for jurisdiction. In summary, the fact that Petitioner is not in state custody deprives this Court of jurisdiction, and the First Amended Petition must be dismissed. In addition, the lack of custody has led to other deficiencies that also require dismissal.

A federal court does not have subject matter jurisdiction over a habeas petition unless the petitioner is "in custody" within the meaning of 28 U.S.C. § 2254(a). See Maleng v. Cook, 490 U.S. 488, 494, 109 S Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam); see DeLong v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (a petitioner who has served his sentence and is no longer subject to court supervision is no longer in custody under 28 U.S.C. § 2254). Custody under the Immigration and Naturalization Service (INS) is not custody that results from a state court judgment to permit an INS challenge to a state judgment to avoid deportation. Resendiz v. Kovensky, Acting Director, 416 F.3d 952, 956 (9th Cir. 2005); see also Quintana v. Lundgren, 368 F. Supp. 2d 1056 (C.D. Cal. 2005). "Immigration consequences, such as deportation, have long been viewed as 'collateral,' and thus are not themselves sufficient to render an individual 'in custody.'" Resendiz, 416 F.3d at 956. There are two possible "'rare'" exceptions to the custody requirement: a complete

1 failure of counsel (Gideon[2/] error) and where there was no channel for review of a prior conviction. 2 Resendiz, 416 F.3d at 959.

3   The proper respondent for federal habeas corpus review is the state officer who has 4 custody of the petitioner. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). 5 A petition is subject to dismissal for failure to name a proper respondent. Smith v. State of Idaho, 6 392 F.3d 353, 354 (9th Cir. 2004).

7   The proper jurisdictional basis for a state prisoner who claims unlawful state custody 8 pursuant to a state judgment in a federal habeas petition is 28 U.S.C. § 2254. White v. Lambert, 370 9 F.3d 1002, 1004 (9th Cir. 2004). While section 2241 is the proper jurisdictional basis to challenge 10 a deportation order, it is not the proper basis to challenge the underlying state court judgment. See 11 Resendiz, 416 F.3d at 958 ("The state's action is entirely independent of the INS's action initiating 12 deportation proceedings, and the state has nothing to do with deportation. Thus, while Resendiz is 13 indeed threatened with banishment, it is not a threat imposed by the state court, and there is nothing 14 unlawful about the INS detention.") Resendiz expressly declined to conclude that "in a § 2241 15 petition, a petitioner may collaterally attack the state court conviction that forms the basis for INS 16 custody." Resendiz, 416 F.3d at 960. In Resendiz, the petitioner was convicted of a crime that 17 would result in deportation, he later claimed his counsel was ineffective, but he completed his state 18 court sentence by the time he filed the federal habeas petition. Under those facts, the court held 19 "because the INS had neither the authority nor the competence to inquire into the facts of the 20 conviction, no collateral attack was permissible." Resendiz, 416 F.3d at 960, (citing Contreras v. 21 Schiltgen, 122 F.3d 30, 32 (9th Cir. 1997)); see also, Broomes v. Ashcroft, 358 F.3d 1251, 1255 22 (10th Cir. 2004) (concluding, in a post-AEDPA petition, that the petitioner could not collaterally 23 attack his state court conviction in a § 2241 petition against the INS).

24   Here, Petitioner is not in state custody. Moreover, no exception to the custody 25 requirement applies in this case. There was no Gideon error, and as noted above, Petitioner had 26 ample opportunities for state and federal habeas review. Moreover, he obtained review of his claim

---

28   2. Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

that defense counsel was ineffective, both by state courts, this Court and the Ninth Circuit. As aptly noted by the court in Resendiz at 959: "There has been no suggestion that an exception [to the custody requirement] exists where, as here, channels for review not only existed, but also were pursued." It appears that Petitioner is filing petition after petition in the state and federal courts in a desperate attempt to avoid deportation. But he reached the end of the road some time ago for review of his decade-old state court convictions in both state and federal court. At this point, the courts no longer have jurisdiction. Thus, this Court lacks subject matter jurisdiction and the first Amended Petition must be dismissed for lack of custody.

In addition, since Petitioner is not in state custody, he has not and cannot name a proper respondent. Of note, though the California Attorney General (and necessarily the undersigned) represents no party to this action, the undersigned files this motion and a response to Petitioner's Motion for Stay of Removal in response to this Court's order dated November 27, 2007, and in an effort to be helpful to the Court.

Finally, Petitioner seeks federal habeas corpus review of two state court judgments. The proper jurisdictional basis is under section 2254 and as noted above, Petitioner is not in custody and therefore cannot seek federal habeas review under section 2254. The facts here are very similar to those in Resendiz. See Resendiz, 416 F.3d at 958-960. There is no meaningful basis for distinguishing either the facts in Resendiz or the conclusion. The First Amended Petition must be dismissed.

**II.**

**THE FIRST AMENDED PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT IS SUCCESSIVE AND PETITIONER DID NOT OBTAIN APPROVAL FROM THE NINTH CIRCUIT TO FILE A SUCCESSIVE PETITION**

The current First Amended Petition is governed by the provisions of the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), which became effective April 24, 1996. Section 106 of the AEDPA amended 28 U.S.C. Section 2244(b) to read, in pertinent part:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under

section 2254 that was not presented in a prior application shall be dismissed unless -
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
  (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

      Generally speaking, a petition is second or successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). Here, Petitioner challenged the robbery conviction based upon ineffective assistance of counsel in his previous federal habeas proceedings. (See Lodgments 8-10.) Petitioner now makes the same claim in the First Amended Petition and also challenges his petty theft with a prior conviction based upon the ineffective assistance of counsel in the robbery case. (First Amended Petition at 6-12.) Because some of the claims were adjudicated on the merits in the previous petition, and the claim regarding the petty theft with a prior conviction requires yet another adjudication of the robbery conviction, the First Amended Petition now pending constitutes a second and/or successive petition within the meaning of Section 2244(b). See Cooper, 274 F.3d at 1273. As such, Petitioner was required under Section 2244(b) (3) (A) to secure an order from the Ninth Circuit authorizing the District Court to consider it, prior to its filing in this Court. See Cooper, 274 F.3d at 1274 ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive petition."). Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

      Moreover, to the extent that Petitioner argues that his claims fall within one of the exceptions to dismissal of second or successive habeas petitions, [3] Section 2244(b)(3) would still

---

[3]. If a prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. See 28 U.S.C. § 2244 (b)(2)(B). One of these exceptions is for claims predicated on newly discovered facts that call into question

require him to secure the Ninth Circuit's permission to file a second petition. Reyes v. Te Vauqhn, 276 F. Supp. 2d 1027, 1030 (CYD. Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244 (b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court."); Webster v. Myers, 2002 U.S. Dist. LEXIS 6840, *3 (N.D. Cal. 2002) (noting that the determination of whether a successive petition falls under one of the exceptions set forth in 28 U.S.C. § 2244(b)(1) - (2) is "made by the United States Court of Appeals in deciding whether or not to authorize a successive petition in" the district court). Thus, under any circumstances, the Court lacks jurisdiction over the First Amended Petition.

## III.

**THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PETITIONER FAILED TO FILE IT WITHIN THE STATUTE OF LIMITATIONS PERIOD**

As amended by the AEDPA, 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

It is the petitioner's burden to show compliance with AEDPA's statute of limitations. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2001). Petitioner has not done so, and the procedural history demonstrates that the First Amended Petition is untimely.

---

the accuracy of a guilty verdict. 28 U.S.C.§ 2244(b)(2) (B). The other is for claims relying on new rules of constitutional law. 28 U.S.C § 2244(b)(2)(A).

1    Two judgments are at issue in this case. Petitioner's judgment in case number SCD 119330 became final on May 28, 1997, and the statute of limitations expired on May 28, 1998. (Lodgment 9 at 5.) Petitioner's judgment in case number SCD 135946, became final on December 18,1998, 60 days after Petitioner was sentenced on October 19, 1998. (See Cal. Rules of Court, rule 8.308.) The statute of limitations therefore expired one year later on December 18, 1999.

Consideration of the pending First Amended Petition is therefore time-barred absent equitable tolling. This Court and the Ninth Circuit already rejected Petitioner's claim that equitable tolling applied in the previous round of federal habeas corpus review. (Lodgments 8-10.) There is no reason that this Court should revisit the issue now.

**CONCLUSION**

For the foregoing reasons, Respondent respectfully submits that the First Amended Petition for Writ of Habeas Corpus be dismissed with prejudice because Petitioner is not in state custody, the First Amended Petition is successive, and is time-barred by the statute of limitations pursuant to 28 U.S.C. section 2244(d).

Dated: December 3, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General

s\ Sabrina Y. Lane-Erwin
SABRINA Y. LANE-ERWIN
Deputy Attorney General

Attorneys for Respondent

80184677.wpd
SD2007701085