Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA  92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>        Petitioner,<br><br>    vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security;  U.S. Attorney, Southern District;  ICE Detention & Removal Unit<br>        Respondents. | Civil No. 07cv2033-L(NLS)<br>Civil No. 07cv2034-L(NLS)<br><br>USICE No.     A72 779 308<br><br>**PETITONER'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONDENTS' OPPOSITION BRIEFING FOR STAY OF REMOVAL DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS** |

Petitioner and Respondents agree that *Abbassi v INS,* 143 F.3d 513 (9th Cir.1988) articulates the standard for obtaining a stay of removal.  (See Opposition to Motion for Stay of Removal During Pendency of Habeas Corpus Proceedings at 2-9; Response in Opposition to Request for Stay of Removal Pending Habeas Proceedings at 1-21.)

> Petitioner must show either a probability of success on the merits and the possibility of irreparable injury or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor.  See *Artukovic v. Rison*, 784 F2d. 1354, 1355 (9th Cir. 1986): see also *Arthurs v INS*, 959 F.2d 142, 143-44 (9th Cir. 1992).  These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.  See *Gallegos*, 713 F.2d at 1435.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROBABILITY OF SUCCESS ON THE MERITS and

Respondent for the Superior Court of the State of California, County of San Diego (State Respondent) opposes the Petitioner's Motion for Stay of Removal During Pendency of Habeas Corpus Proceedings stating that the Petitioner cannot show that the First Amended Petition has a "probability of success" or that it raises "serious legal questions," "because the First Amended Petition must be dismissed." (See Opposition to Motion for Stay of Removal during Pendency of Habeas Corpus Proceedings at 2-15 and 1-28.)  The first of three reasons the State Respondent gives for dismissal is "though Petitioner is in ICE custody, it does not satisfy the custody requirement for federal habeas corpus review."  (See Opposition to Motion for Stay of Removal During Pendency of Habeas Corpus Proceedings at 2-21.)  Under 28 U.S.C.§2241 Power to grant writ, (c)(1)-(3) states:

> The writ of habeas corpus shall not extend to a prisoner unless—
> (1)   He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2)   He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3)   He is in custody in violation of the constitution or laws or treaties of the United States; or

Petitioner is eligible for Federal habeas corpus relief under 28 U.S.C. §2241 because (1) "He is in custody under or by color of the authority of the United States," (ICE custody), and (2) "He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States," (United States Immigration Judge). (3) Although the denial of his constitutional rights under the 6th and 14th Amendments of the United States from the underlying convictions resulted in custody with ICE, Petitioner acknowledges that the ICE custody does not qualify as being in custody in violation of the constitution or laws or treaties of the United States.

"The Supreme Court has identified two possible exceptions to the "in custody" requirement.  The first is a *Gideon*[1] violation, or a complete failure of counsel. *Custis v United*

---

[1] *Gideon v. Wainwright*, 372 U.S. 335 (1963)

*States*, 511 U.S. 485, 494-96 (1994)." *Resendiz v Kovensky, Acting Director*, 416 F.3d 952 (9[th]

Cir. 2005). *Douglas v. California*, 372 U.S. 353 (1963), held that the Fourteenth Amendment

guarantees a criminal defendant the right to counsel on his first appeal as of right. The U.S.

Supreme Court later held "The Due Process Clause of the Fourteenth Amendment guarantees a

criminal defendant the effective assistance of counsel on his first appeal as of right." *Evitts v.*

*Lucey*, 469 U.S. 387 (1985.) The failure of Petitioner's attorney to file his appellate brief is a

complete failure of counsel and should be construed as a *Gideon* violation, "a complete failure of

counsel."

To state a *Gideon* claim, the petitioner must claim that he was denied representation not

merely that his attorney committed error. "Nominal representation on an appeal as of right - like

nominal representation at trial - does not suffice to render the proceedings constitutionally

adequate; a party whose counsel is unable to provide effective representation is no better position

than one who has no counsel at all. A first appeal as of right therefore is not adjudicated in

accord with due process of law if the appellant does not have the effective assistance of an

attorney." *Evitts v. Lucey*, 469 U.S. 387 (1985). Petitioner believed he was being represented by

counsel for the appeal stage of his conviction. It was only after the appeal was dismissed that he

found out he was not being represented, the failure of his attorney to file the appellate brief was

not just an "attorney error", Petitioner was denied representation – a complete failure of counsel.

The second exception to the "in custody" requirement is a possible "rare" exception, not

yet defined, where "no channel of review was actually available to a defendant with respect to a

prior conviction." *Resendiz v. Kovensky, Acting Director*, 416 F3.d 952. Because of Petitioner's

failure to have his appeal heard, because his appellate attorney failed to file his brief, failing to

perfect the appeal, and the denial of his writ of habeas corpus 28 U.S.C. §2254 as time-barred

under the one-year statute of AEDPA no channel of review was actually available to the

defendant with respect to the conviction.

*Resendiz v. Kovensky, Acting Director*, 416 F3.d 952 expressly states that "the

enactments of the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Illegal

Immigration Reform and Immigrant Responsibility Act (IIRIRA) do not change the long

PETITONER'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONDENTS' OPPOSITION BRIEFING
FOR STAY OF REMOVAL DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS
3

07cv2033
07cv2034

standing principle that a petitioner may not collaterally attack his state court conviction in a §2241 petition against the INS." Petitioner has named the federal respondents solely to grant the court jurisdiction over the party(s) who hold Petitioner in custody and therefore will be subject to an injunctive order.

Additionally, the California Court System claims that once a defendant is released from confinement, parole, probation, or any form of custody California Courts no longer have jurisdiction over a state defendant. The California Courts may waive the jurisdictional defect of defendants as evidenced by the California Court system's ability to grant post conviction relief. For example, defendants are eligible to apply for a *Petition For Relief*, California Penal Code §1203.4 and §1203.4a. Under the statute, the defendant must meet the following requirements:

> Defendant has fulfilled the conditions of probation for the entire period of probation, OR
> Defendant has been granted early termination of probation AND (1) is not now serving a sentence on any offense, (2) is not on probation for any offense, and (3) is not now charged with committing any offense.

Another form of California post conviction relief, the *Petition and Order for Expungement*, California Penal Code §§17, 1203.4, 1203.4a, requires that

> "the defendant is not serving a sentence for any offense, nor on probation for any offense, nor under charge of commission of any crime, and the defendant has (a) fulfilled the conditions of probation for the entire period thereof, or, been discharged from probation prior to the termination of the period thereof."

Under both examples of post conviction relief, the defendant is not in custody of the State of California, yet the State of California routinely waives the jurisdictional defect to hear and grant the petitions. The State of California has the inherent ability to waive a jurisdictional defect in a non-statutory motion to vacate a conviction when the defendant is no longer in state custody. To not do so when a defendant has been denied his constitutional rights is unconscionable.

State Respondent's second argument for dismissal, "the First Amended Petition is successive: and he failed to file his First Amended Petition for Writ of Habeas Corpus within the one year-year statute of limitations set forth in 28 U.S.C. §2244(d)." (See Opposition to Motion for Stay of Removal during Pendency of Habeas Corpus Proceedings at 2-4.) Petitioner filed

non-statutory motions to vacate his convictions based upon ineffective assistance of counsel with the State of California on October 23, 2006.  The non-statutory motions were dismissed based on lack of jurisdiction and the California Supreme Court denied a petition for review on September 12, 2007.  (See Consolidated Petition 6-13 and 6-27.)  This petition seeks review of the denial of the Petitioner's California non-statutory motions to vacate the convictions based upon ineffective assistance of counsel and is timely filed.  It is not a successive petition to Petitioner's §2254 Civ. No. 02cv02029 filed October 11, 2002,  requesting the reinstatement of his appeal based upon ineffective assistance of counsel.

State Respondent's final argument for dismissal, "Petitioner seeks collateral review of two state court judgments under 28 U.S.C. section 2241, which is not the proper avenue for federal habeas corpus review."  (See Opposition to Motion for Stay of Removal During Pendency of Habeas Corpus Proceedings at 2-23.)  Federal habeas corpus relief under 28 U.S.C. §2241(c)(1) is available to anyone held in "custody under or by color of the authority of the United States or is committed for trial before some court thereof; or , 28 U.S.C. §2241 (c))(2) he is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Under 28 U.S.C. §2241, federal courts have considered both constitutional claims and claims of statutory interpretation.  However, the §2241 remedy is limited to situations which are not covered by either 28 U.S.C. §2254 (state prisoner challenging state conviction) or §2255 (federal prisoner challenging conviction or sentence.)  Petitioner is in federal custody, (ICE), and challenged a state conviction by way of a non-statutory motion to vacate and it is the denial of the non-statutory motion to vacate by the Superior Court of the State of California which Petitioner seeks review of. 28 U.S.C. §2241 therefore is the proper avenue for federal habeas corpus review of the denial of Petitioner's non-statutory motions to vacate.

## THE POSSIBLITY OF IRREPARABLE INJURY, or

As stated in Petitioner's Memorandum of Points and Authorities in Support of Petitioner's Motion for Stay of Removal during Pendency of Application for Writ of Habeas

Corpus (4-14) and Exhibit B of same, Petitioner suffers from multilevel lumbar degenerative disk disease. Petitioner's imprisonment in the ICE Detention and Removal Center located in San Diego, CA  has halted the treatment of this disease as he is unable to receive the specialized medical treatment required.   As stated in Exhibit B of Petitioner's Memorandum of Points and Authorities in Support of Petitioner's Motion for Stay of Removal during Pendency of Application for Writ of Habeas Corpus, by not receiving treatment Petitioner "would most likely find himself on more potent acting pain medications and <u>with a significantly reduced level of activity and difficulty in taking care of his own independent activities of daily living</u>." Emphasis added.  A stay of removal during these proceedings would allow him to resume medical treatment.   In addition, Petitioner fears persecution if he is deported to Russia and the separation from his wife.  (<u>See</u> Petitioner's Memorandum of Points and Authorities in Support of Petitioner's Motion for Stay of Removal during Pendency of Application for Writ of Habeas Corpus at 2-1, 4-8, 4-23.)  Irreparable injury, as defined by <u>Dictionary of Business Terms</u>. Barron's Educational Series, Inc, 2000. Answers.com 09 Dec. 2007. <u>http://www.answers.com/topic/irreparable-harm-irreparable-damage</u>, "in law, something that cannot be compensated for in a court of law by way of injunction or by Specific Performance; something that is almost impossible to be assigned a value." Petitioner's medical condition and the other factors weigh in favor of granting the stay requested.

### SERIOUS LEGAL QUESTIONS ARE RAISED and

The serious legal question raised in this case is what remedies are available to defendants to resolve ineffective assistance of counsel claims which violate their constitutional rights under the 6th and 14th amendments and still have collateral consequences? This question arises as a result of a defendant's attorney's failure to file an appellate brief after being instructed to do so, and through new counsel a 28 U.S.C. §2254 petition of habeas corpus is filed on the basis of ineffective assistance of counsel by counsel's failure to file an appellate brief, which is then denied because the habeas petition is time-barred under the AEDPA's one-year statute of limitations and the equitably tolling period is not tolled, and then the defendant seeks a non-

PETITONER'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONDENTS' OPPOSITION BRIEFING FOR STAY OF REMOVAL DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS
6

07cv2033
07cv2034

statutory motion to vacate for ineffective assistance of counsel which is denied based upon jurisdiction.

When a defendant's attorney fails to file an appellate brief the courts have consistently held that the subsequent judgments against the petitioners violate the Due Process Clause of the Fourteenth amendment and therefore are unconstitutional. *Anders v. California*, 386 U.S. 738 (1967), counsel's failure to submit a brief on appeal, and in *Entsminger v. Iowa*, 386 U.S. 748 (1967), counsel's waiver of the petitioner's right to a full transcript. "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland v. Washington*, 466 U.S. 668 (1984). "The complete denial of counsel during a critical stage of a judicial proceeding, however, mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable."" *United States v. Cronic*, 466 U.S. 648, 659 (1984). "An attorney's total failure to file an appeal after being instructed to do so will always entitle the defendant to an out-of-time appeal, regardless of the defendant's chances of success." *Ferguson v United States*, 699 F.2d 1071 (11th Cir. 1983). See also *Barrientos v United States*, 688 F.2d 838 (5th Cir. 1982) (permitting out-of-time appeals for a defendant whose attorney failed to file for an appeal of right.) In Petitioner's §2254 Civ. No. 02cv02029 filed October 11, 2002, requesting the reinstatement of his appeal based upon ineffective assistance of counsel he was not allowed an out-of-time appeal. The final judgment for Petitioner's §2254 Civ. No. 02cv02029 case was filed and entered August 11, 2004. Petitioner's probation ended on October 18, 2002. The Petitioner's non-statutory motions to vacate were timely filed as the actual collateral consequences of his convictions are now being realized.

**THE BALANCE OF HARDSHIPS TIPS SHARPLY IN PETITIONER'S FAVOR**

As noted above, under The Possibility of Irreparable Injury, Petitioner's medical condition and deportation, along with the separation from his wife are the hardships Petitioner faces if his stay of removal is not granted while his petition is being heard. If this Court rejects Petitioner's consolidated petition, then ICE is required to do nothing more than to continue trying to obtain

travel documents. "[T]he United States Government is in a better position to absorb the harm of one alien who is permitted to remain in the United States, than [Mr. Parlak] is to absorb the harm caused by his removal." *Kahn v Elwood*, 232 F. Supp. 2d 344, 352 (M.D. Pa. 2002).

## A TEMPORARY STAY OF REMOVAL IS DISCRETIONARY

As the Federal Respondents noted, "courts have consistently ruled that there is no right to a stay of removal for such a purpose." (See Response in Opposition to Request for Stay of Removal Pending Habeas Proceedings at 2-2.). *Bolanos v Kiley*, 509 F.2d 1023 (2d Cir. 1975) and *Ajurulloski v INS*, 688 F. Supp. 1272, as cited by the Federal Respondent were adjudicating whether or not the District Directors had abused **their discretion** in denying discretionary relief by issuing a stay of removal while their pending lawsuits were resolved.

> A stay of removal prevents DHS from executing an order of removal, deportation, or exclusion. Depending on the situation, a stay of removal may be automatic or discretionary.............Similarly, filing a petition for review in Federal court also does not result in an automatic stay of a removal order. Thus, a removal order can proceed unless the alien applies for and is granted a stay of execution as a discretionary form of relief by the BIA, Immigration Judge, DHS, or a Federal court. Such a stay is temporary and is often coupled with a written motion to reopen or reconsider filed with the Immigration Court, the BIA, or an appeal to a Federal Circuit Court.

Emphasis added. *U.S. Department of Justice, Fact Sheet, Forms of Relief From Removal,* Office of Legislative and Public Affairs, August 3, 2004, www.usdoj.gov/eoir.

## CONCLUSION

Petitioner has shown both a "probability of success on the merits and the possibility of irreparable injury," AND "that serious legal questions are raised and the balance of hardships tips sharply in Petitioner's favor." Accordingly, Petitioner respectfully requests that this Court grant his motion for stay of removal during pendency of application for Writ of Habeas Corpus.

Respectfully submitted,

Dated this December 10, 2007

        s/Patricia Lynn Jacks
        PATRICIA LYNN JACKS
        Attorney for Petitioner
        pjacks@san.rr.com

PETITIONER'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONDENTS' OPPOSITION BRIEFING
FOR STAY OF REMOVAL DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS
9

07cv2033
07cv2034

United States District Court

For the Southern District of California

Dmitri Vallerveich TATARINOV,

      Petitioner,

  vs.

Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security;  U.S. Attorney, Southern District;  ICE Detention & Removal Unit

      Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No. 07cv2033-L(NLS)
Civil No. 07cv2034-L(NLS)

USICE No.   A72 779 308

**PETITONER'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONDENTS' OPPOSITION BRIEFING FOR STAY OF REMOVAL DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS**

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

**PETITONER'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONDENTS' OPPOSITION BRIEFING FOR STAY OF REMOVAL DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS**

in the following manner:

**Mailing Information for a Case 3:07-cv-02033-L-NLS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Attorney General**        docketingsdawt@doj.ca.gov
- **Samuel William Bettwy**
  Samuel.Bettwy@usdoj.gov,jaclyn.penley@usdoj.gov,efile.dkt.civ@usdoj.gov
- **Kevin R Vienna**
  Kevin.Vienna@doj.ca.gov,DocketingSDAWT@doj.ca.gov,Susan.Volsky@doj.ca.gov,ECFCoordinator@doj.ca.gov,Bonnie.Peak@doj.ca.gov
- **Sabrina Y Lane-Erwin**       sabrina.laneerwin@doj.ca.gov

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

  (No manual recipients)

Executed on **December 10, 2007**, at San Diego, Ca      s/Patricia Lynn Jacks
                                               PATRICIA LYNN JACKS
                                               Attorney for Petitioner
                                               pjacks@san.rr.com

PETITONER'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO RESPONDENTS' OPPOSITION BRIEFING FOR STAY OF REMOVAL DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS
10

07cv2033
07cv2034