EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
KEVIN VIENNA
Supervising Deputy Attorney General
SABRINA Y. LANE-ERWIN, State Bar No. 167819
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2565
 Fax: (619) 645-2271
 Email: Sabrina.LaneErwin@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DMITRI VALLERVEICH TATARINOV,**<br><br>Petitioner,<br><br>v.<br><br>**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; OFFICE OF THE CHIEF COUNSEL, DEPT. OF HOMELAND SECURITY; U.S. ATTORNEY, SOUTHERN DISTRICT; ICE DETENTION & REMOVAL UNIT,**<br><br>Respondent. | 07cv2033-L (NLS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**<br><br>Hearing:     1/17/08<br>Time:         10:30 a.m.<br>Courtroom:  14<br><br>The Honorable Nita L. Stormes<br>United States Magistrate Judge |

### INTRODUCTION

The California Superior Court must be dismissed as a respondent in this action because it is not involved in any of the immigration proceedings, nor does it or any other State entity have custody of Petitioner. 28 U.S.C. section 2241 is the proper jurisdictional basis to challenge a deportation order, and therefore the proper respondent appears to be Immigration and Customs

1  Enforcement (ICE), which in fact has custody of Petitioner.

**PROCEDURAL AND FACTUAL BACKGROUND**

Petitioner filed the pending Consolidated Petition for Writ of Habeas Corpus under 28 U.S.C. section 2241 and named The Superior Court of the State of California and the federal immigration entities that have custody of Petitioner. Petitioner challenges his pending deportation proceedings. (Consolidated Petition at 1-18.)

**ARGUMENT**

**I.**

**THE CALIFORNIA SUPERIOR COURT MUST BE DISMISSED FROM THIS ACTION BECAUSE IT IS NOT A PROPER RESPONDENT**

Petitioner acknowledges he is not in the custody of any state official. Thus, he does not file this action under 28 U.S.C. section 2254, the mechanism to attack a state court judgment. (Consolidated Petition at 1-3.) Instead, Petitioner files this action under 28 U.S.C. section 2241 and names one state entity, the California Superior Court. He also names several federal entities, including ICE. (Consolidated Petition at 1-3.) The United States Attorney's Office represents those federal entities. (See Notice of Appearance filed on November 26, 2007.) Concomitantly, the California Attorney General does not and cannot represent the federal respondents.

The California Superior Court is the sole state respondent that Petitioner names and it must be dismissed from this action. While section 2241 is the proper jurisdictional basis to challenge a deportation order, it is not the proper basis to challenge the underlying state court judgment. See Resendiz v. Kovensky, Acting Director, 416 F.3d 952, 958 (9th Cir. 2005) ("The state's action is entirely independent of the INS's action initiating deportation proceedings, and the state has nothing to do with deportation. Thus, while Resendiz is indeed threatened with banishment, it is not a threat imposed by the state court, and there is nothing unlawful about the INS detention.") Resendiz expressly declined to conclude that "in a § 2241 petition, a petitioner may collaterally attack the state court conviction that forms the basis for INS custody." Resendiz, 416 F.3d at 960. In Resendiz, the petitioner was convicted of a crime that would result in deportation, he later claimed his counsel was ineffective, but he completed his state court sentence by the time he filed the federal

habeas petition. Under those facts, the court held "because the INS had neither the authority nor the competence to inquire into the facts of the conviction, no collateral attack was permissible." Resendiz, 416 F.3d at 960, (citing Contreras v. Schiltgen, 122 F.3d 30, 32 (9th Cir. 1997)); see also Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004) (concluding, in a post-AEDPA petition, that the petitioner could not collaterally attack his state court conviction in a § 2241 petition against the INS).

Upon close examination, Resendiz is particularly instructive here. Resendiz filed two petitions in the United States District Court: one that named a state entity as the respondent and one that named the INS as the respondent. Ultimately, the petition that named a state respondent was brought under section 2254 and the petition that named the INS was brought under section 2241. In both petitions, Resendiz argued "the ineffective assistance of counsel during the state proceedings provided grounds for relief." Resendiz, 416 F.3d at 955.

The district court recognized "Resendiz's unfortunate procedural situation" but dismissed both petitions, finding there was no state custody to support jurisdiction in the section 2254 petition. As to the section 2241 petition, the court concluded "the state conviction could not be collaterally attacked in a section 2241 petition against the INS, and that Resendiz's petition thus provided no grounds for relief. . . . Thus, Resendiz was without federal review." Resendiz, 416 F.3d at 955.

The Ninth Circuit affirmed the district court decision. The court expressly held the immigration consequences of the state court judgment were insufficient to satisfy the "in-custody" requirement for federal habeas review of a state court judgment. In so holding, the court reasoned: "The state's action is entirely independent of the INS's action initiating deportation proceedings, and the state has nothing to do with deportation. Thus, while Resendiz is indeed threatened with banishment, it is not a threat imposed by the state court, and there is nothing unlawful about the INS detention." Resendiz, 416 F.3d at 958. The court noted but rejected the applicability of two possible "'rare'" exceptions to the custody requirement: a complete failure of counsel (Gideon[1] error) and where there was no channel for review of a prior conviction. Resendiz, 416 F.3d at 959. The court also held that Resendiz could not collaterally attack his state court conviction on the basis

---

1. Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

of ineffective assistance of counsel in a section 2241 proceeding. Id. at 960-961.

Petitioner here claims custody is satisfied under section 2241 by his ICE custody and his claim that he received ineffective assistance of counsel in state trial court proceedings. (Consolidated Petition at 1-3.) But in Resendiz, the Ninth Circuit rejected the notion that ICE custody combined with an ineffective assistance of counsel claim would give rise to proper jurisdiction under either section 2254 or 2241. Moreover, as in Resendiz, there is no exception to the state entity custody requirement here because Petitioner had ample opportunities for state and federal habeas review. With the benefit of counsel, Petitioner obtained review of his claim that defense counsel was ineffective in the trial court and California Court of Appeal proceedings, both by state courts, this Court and the Ninth Circuit. Thus, any attempt to fit within the Gideon exception to the custody requirement must fail. (See Consolidated Petition at 5-6.) As aptly noted by the court in Resendiz at 959: "There has been no suggestion that an exception [to the custody requirement] exists where, as here, channels for review not only existed, but also were pursued."

The California Attorney General cannot speak to the procedures surrounding a challenge under 28 U.S.C. section 2241 to a deportation order because he does not represent any federal entity involved in such an action. Petitioner is in ICE custody, and as noted above, the United States Attorney's Office represents that entity. The federal entities that hold Petitioner in custody are the proper respondent in a 28 U.S.C. section 2241 proceeding. Under Resendiz, the California Superior

1 | Court is not a proper respondent and must be dismissed as a respondent in this action.

2 | Dated: December 17, 2007

3 | Respectfully submitted,

4 | EDMUND G. BROWN JR.
Attorney General of the State of California

5 | DANE R. GILLETTE
Chief Assistant Attorney General

6 | GARY W. SCHONS
Senior Assistant Attorney General

7 |

8 | KEVIN VIENNA
Supervising Deputy Attorney General

10 |

11 | s\Sabrina Y. Lane-Erwin
SABRINA Y. LANE-ERWIN
Deputy Attorney General
Attorneys for Respondent

12 |

13 | 80189110.wpd
SD2007701085

07cv2033