KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119
Facsimile:  (619) 557-5004

Attorneys for Federal Respondents

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRI VALLERVEICH TATARINOV,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; et al.,<br><br>Respondents. | Case No. 07cv2033 L (NLS)<br><br>**RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS** |

I

INTRODUCTION

Petitioner, who is in the custody of the U.S. Department of Homeland Security ("DHS"), is under a final order of removal on the basis of two charges of deportability, and he has been convicted of three crimes involving moral turpitude, namely misdemeanor shoplifting in 1995, robbery in 1996, and felony shoplifting in 1998. By this action, Petitioner Tatarinov seeks relief from the 1996 robbery conviction (and therefore, presumably, relief from his final order of removal) [Pet. 1, 6, 13], based upon his allegation that he received ineffective assistance of counsel on his appeal from the robbery conviction.

Under the REAL ID Act,[1] district courts lack subject matter jurisdiction to review final orders of removal. Furthermore, it is well-settled law that a petitioner may not collaterally attack his removal order by challenging an underlying conviction in habeas proceedings. Furthermore, the Petition should be dismissed as successive, since Petitioner has already litigated the same issue (ineffective assistance of counsel) in Tatarinov v. Superior Court of the State of California, 02cv2029-W (BEN) (S.D. Cal.), and Tatarinov v. Gonzales, 05-56021 (9th Cir.). Finally, Petitioner's challenge is futile because, as the Immigration Judge ("IJ") specifically found [Exs. 12-13],[2] he has been convicted of three crimes involving moral turpitude. Therefore, even if the 1996 robbery conviction were vacated, Petitioner would remain deportable on the basis of his 1995 and 1998 shoplifting convictions.

II

STATEMENT OF FACTS
(As They Relate to Petitioner's Challenge to His Removal Order)

Petitioner is a native and citizen of Russia. [Exs. 1, 10, 54.] On January 6, 1995, he was admitted to the United States for lawful permanent residence. [Exs. 1, 11, 54.] On August 30, 1995, he was convicted of petty theft. [Exs. 1, 12-13, 54.] On August 12, 1996, he was convicted of robbery. [Exs. 1, 13, 54; Pet. 4.]

On June 24, 1998, the Immigration and Naturalization Service ("INS") placed Petitioner in removal proceedings, charging him with deportability for having been convicted of two crimes involving moral turpitude, see 8 U.S.C. § 1227(a)(2)(A)(ii), based upon the 1995 shoplifting conviction and the 1996 robbery conviction. [Exs. 1-2.]

On October 19, 1998, Petitioner pled guilty to shoplifting, which was upgraded to a felony, given his prior robbery conviction. [Pet. 4.]

---

[1] "REAL ID Act" refers to Division B of the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, Div. B., Title IV, 119 Stat 231 (May 11, 2005).

[2] "Exs." refers to the accompanying exhibits. See accompanying Declaration of Samuel W. Bettwy.

1    On January 25, 2000, INS lodged an additional charge, based upon the 1996 robbery conviction, that Petitioner was deportable for having been convicted of a crime involving moral turpitude for which a sentence of one year or more could have been imposed. See 8 U.S.C. § 1127(a)(2)(A)(i). [Exs. 3-6, 10.]

   The IJ found Petitioner to be deportable as charged and, on December 13, 2001, ordered him removed to Russia. [Exs. 9-34.] Petitioner appealed to the Board of Immigration Appeals ("BIA"), and on January 14, 2003, the BIA affirmed without opinion the IJ's decision. [Exs. 35-36.] On May 2, 2005, on habeas review, Judge Whelan denied relief in Tatarinov v. Ashcroft, No. 04cv2595-W (BLM) (S.D. Cal.). [Exs. 53-62.] Petitioner appealed to the Ninth Circuit, and the appeal was later converted to a petition for review pursuant to the REAL ID Act. On February 9, 2007, the Ninth Circuit denied the petition for review. See Tatarinov-Valereveich v. Gonzales, 220 Fed. Appx. 609, 2007 WL 572154 (9th Cir. 2007).

   Meanwhile, on October 11, 2002, Tatarinov sought relief from his 1996 robbery conviction, claiming ineffective assistance of counsel, in Tatarinov v. Superior Court of the State of California, 02cv2029-W (BEN) (S.D. Cal.). On April 2, 2003, Magistrate Judge Benitez recommended that the petition be dismissed as time-barred [Exs. 37-52], and on June 16, 2003, Judge Whelan adopted the recommendation. Petitioner appealed to the Ninth Circuit which, on February 9, 2007, upheld the district court's decision. See Tatarinov v. Gonzales, 05-56021 (9th Cir.).

III

ARGUMENT

   By this action, Petitioner seeks relief from his 1996 state court robbery conviction, presumably to obtain relief from his final removal order. To the extent that Petitioner is seeking relief from his final removal order, (1) pursuant to the REAL ID Act, district courts lack subject matter jurisdiction to review final orders of removal, (2) it is well-settled law that Petitioner may not collaterally attack his removal order through habeas proceedings, and (3) a vacatur of the 1996 robbery conviction would not vitiate Petitioner's removal order since he has been convicted of two other crimes involving

moral turpitude. In addition, the Petition is successive, since Petitioner has already had the same issue adjudicated in Tatarinov v. Superior Court of the State of California, 02cv2029-W (BEN) (S.D. Cal.), and Tatarinov v. Gonzales, 05-56021 (9th Cir.).

A. THE COURT LACKS SUBJECT MATTER JURISDICTION TO CONSIDER A CHALLENGE TO THE FINAL REMOVAL ORDER

Because Petitioner commenced these habeas proceedings after May 11, 2005, they are governed by 8 U.S.C. § 1252(a)(1), as amended by the REAL ID Act, which provides that district courts lack jurisdiction, habeas or otherwise, to review challenges to orders of removal, deportation, or exclusion. 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)").[3]

Therefore, that part of this case which concerns a challenge to Petitioner's final removal order should be dismissed for lack of subject matter jurisdiction. Petitioner has already received judicial review of the removal order, see Tatarinov-Valereveich v. Gonzales, 220 Fed. Appx. 609, 2007 WL 572154 (9th Cir. 2007), so a transfer of this case to the Ninth Circuit would not be appropriate.

B. PETITIONER MAY NOT COLLATERALLY ATTACK HIS REMOVAL ORDER

To the extent that Petitioner seeks to collaterally attack his removal order, the Petition should be denied because it is well-settled law that, except for Gideon[4] claims, an alien may not challenge a removal order in habeas proceedings by collaterally attacking the underlying state court conviction. Contreras v. Schiltgen, 122 F.3d 30, 33 (9th Cir. 1997) ("Contereras I") ("Contreras may not collaterally attack his state court conviction in a habeas proceeding against the INS"), and Contreras v. Schiltgen, 151

---

[3] Subsection (e) concerns expedited orders of removal under 8 U.S.C. § 1225(b)(1). Petitioner's case does not concern such an expedited order of removal.

[4] Gideon v. Wainwright, 372 U.S. 335 (1963).

F.3d 906 (9th Cir. 1998) ("Contreras II") ("We conclude that we reached the correct result in this case the first time, and we need not consider the effect of the intervening congressional enactment of the Illegal Immigration Reform and Immigrant Responsibility Act").

> [W]e must hold that when a habeas petition attacks the use of a prior conviction as a basis for INS [DHS] custody, and the prior sentence has expired, federal habeas review is limited. When the federal proceeding is governed by statutes that limit inquiry to the fact of conviction, there can be no collateral review of the validity of the underlying conviction except for Gideon claims.

Contreras II, 151 F.3d at 908.

It is well-settled law that, to state a Gideon claim, the petitioner must claim that he was denied representation, not merely that his attorney committed error. See United States v. Fry, 322 F.3d 1198 (9th Cir. 2003) ("counsel's failure to advise a defendant of collateral immigration consequences of the criminal process does not violate the Sixth Amendment right to effective assistance of counsel"). In Custis v. United States, 511 U.S. 485 (1994), as in this case, the petitioner claimed that he had been denied effective assistance of counsel. The Court held that such a claim could not be pursued in the sentencing proceeding at which the challenged sentence-enhancing conviction was to be considered, explaining that such an alleged constitutional violation does not rise "to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." Id. at 496. See also United States v. Martinez-Martinez, 295 F.3d 1041 (9th Cir. 2002):

> The Supreme Court extended Custis to 28 U.S.C. § 2255 motions attacking sentences in [Daniels v. United States, 532 U.S. 374, 382 (2001) (affirming 195 F.3d 501 (9th Cir. 1999)]. In Daniels, the petitioner argued that Custis was limited to challenges at sentencing and, therefore, did not apply to a § 2255 proceeding. Id. at 380, 121 S.Ct. 1578. The Court disagreed, finding that <u>the concerns raised in Custis regarding ease of administration and interest in promoting the finality of judgments extend to § 2255 petitions</u>. Id. at 381-82, 121 S.Ct. 1578.

Id. at 1045 (emphasis added).

///

///

### C. PETITIONER'S ACTION TO SEEK RELIEF FROM HIS REMOVAL ORDER IS FUTILE BECAUSE A VACATUR OF HIS 1996 ROBBERY CONVICTION WILL NOT VITIATE HIS FINAL REMOVAL ORDER

To the extent that Petitioner seeks relief from his removal order by obtaining a vacatur of his 1996 robbery conviction, his efforts are futile. Even if his 1996 robbery conviction were vacated, the final order of removal would stand. Petitioner was charged with two grounds of deportability. [Exs. 3-6, 10.] The second ground of deportability was based upon the 1996 robbery conviction, but the first ground of deportability can be based upon any two of his three convictions, and the IJ specifically found that Petitioner had been convicted of three crimes involving moral turpitude. Therefore, even if Petitioner were successful in challenging his 1996 robbery conviction, he would remain deportable under the first charge of deportability, based upon his 1995 and 1998 shoplifting convictions, regardless of whether the 1998 conviction were reduced to a misdemeanor as a result of vacating the 1996 robbery conviction. See 8 U.S.C. § 1227(a)(2)(A)(ii).

### D. THE PETITION IS SUCCESSIVE

In the alternative, the Petition should be denied as successive since Petitioner has already raised the same issue concerning his 1996 robbery conviction in Tatarinov v. Superior Court of the State of California, 02cv02029-W (BEN) (S.D. Cal.). A petition is successive if it contains claims that were raised in a prior petition and rejected on their merits. Sanders v. United States, 373 U.S. 1, 15 (1963). See also McClesky v. Zant, 499 U.S. 467, 493 (1991) ("regardless of whether the failure to raise [claims] earlier stemmed from a deliberate choice" or "inexcusable neglect"); In re Turner, 101 F.3d 1323 (9th Cir. 1997) (holding that requirements for filing second or successive petition do not apply to subsequent petitions where earlier petition dismissed for failure to exhaust). The previous petition was denied because Petitioner's ineffective-assistance-of-counsel claim is time-barred. [Exs. 37-52.]

///

///

## IV
## CONCLUSION

For the reasons set forth above, the Petition should be dismissed or denied.

DATED: December 21, 2007

                                                Respectfully submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                s/ *Samuel W. Bettwy*
                                                _____
                                                SAMUEL W. BETTWY
                                                Assistant United States Attorney

                                                Attorneys for Federal Respondents