Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA 92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>       Petitioner,<br><br>  vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit<br><br>       Respondents. | Civil No. 07cv2033-L(NLS)<br>Civil No. 07cv2034-L(NLS)<br><br>USICE No.   A72 779 308<br><br>**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SUPERIOR COURT OF THE STATE OF CALIFORNIA**<br>Hearing:    January 22, 2008<br>Time:       10:30 a.m.<br>Courtroom:  14 |

Petitioner opposes the dismissal of the Superior Court of the State of California and requests the court to deny the dismissal of the Superior Court of the State of California as a respondent from the above-captioned proceedings. Respondent states that Petitioner is challenging his deportation under 28 U.S.C. §2241, that the federal immigration entities are the proper respondents, that the State does not have custody of Petitioner, and therefore the Superior Court of the State of California must be dismissed from this action. (See Notice of Motion and Motion to Dismiss Superior Court of the State of California 1-26.)

Petitioner's consolidated petition seeks Federal review of two post-conviction non-statutory motions to vacate that were dismissed by the Superior Court of the State of California.

(See Consolidated Petition 1-18.) Petitioner's consolidated petition is not challenging his deportation order, it is challenging State of California's dismissal of Petitioner's non-statutory motions to vacate based upon ineffective assistance of counsel (failure to file appeal and conflict of interest.) *Douglas v. California*, 372 U.S. 353 (1963), held that the Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right. The U.S. Supreme Court later held "The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right." *Evitts v. Lucey*, 469 U.S. 387 (1985.) The guarantees of the Sixth Amendment entitle defendants in criminal cases the right to effective assistance of counsel, which includes the right to conflict-free representation. *United States v. Mett*, 65 F.3d 1531 (9th cir. 1995.)

*Resendiz v. Kovensky, Acting Director*, 416 F3.d 952 expressly states that "the enactments of the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) do not change the long standing principle that a petitioner may not collaterally attack his state court conviction in a §2241 petition against the INS." Petitioner named the federal respondents solely to grant the court jurisdiction over the party(s) who hold Petitioner in custody and would therefore be subject to an injunctive order (*See* Motion for Stay of Removal During Pendency of Habeas Corpus Proceedings.) *Accord Ali v. Gonzales*, 421 F.3d 795, 797 n.1 (9th Cir. 2005) (in habeas action seeking an injunction preventing removal to Somalia, "[t]he Real ID Act of 2005,..., does not apply to this case because petitioners do not challenge or seek review of any removal order.") *See also* H.R. Conf. Rep. No. 109-72, 175 (2005) ("...[Real ID Act] section 106 will not preclude habeas review over challenges to detention that are independent of challenges to removal orders.")

"The Supreme Court has identified two possible exceptions to the "in custody" requirement. The first is a *Gideon*[2] violation, or a complete failure of counsel. *Custis v United States*, 511 U.S. 485, 494-96 (1994)." *Resendiz v Kovensky, Acting Director*, 416 F.3d 952 (9th

---

[2] *Gideon v. Wainwright*, 372 U.S. 335 (1963)

Cir. 2005). To state a *Gideon* claim, the petitioner must claim that he was denied representation not merely that his attorney committed error.

> "Nominal representation on an appeal as of right - like nominal representation at trial - does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney. The promise of *Douglas V. California*, 372 U.S. 353, that a criminal defendant has a right to counsel on his first appeal as of right – like the promise of *Gideon v. Wainwright*, 372 U.S. 335, that a criminal defendant has a right to counsel at trial – would be a futile gesture unless it comprehended the right to effective assistance of counsel." *Evitts v. Lucey*, 469 U.S. 387 (1985).

Petitioner believed he was being represented by counsel for the appeal stage of his conviction. It was only after the appeal was dismissed that he found out he was not being represented, the failure of his attorney to file the appellate brief was not just an "attorney error", Petitioner was denied representation – a complete failure of counsel.

The second exception to the "in custody" requirement is a possible "rare" exception, not yet defined, where "no channel of review was actually available to a defendant with respect to a prior conviction." *Resendiz v. Kovensky, Acting Director*, 416 F3.d 952. The Court has suggested that the "rare exception" may exist where "a state court ... without justification, refuse[s] to rule on a constitutional claim that has been presented to it" or where a defendant "obtain[s] compelling evidence that he is actually innocent," *Lackawanna County Dist. Atty. V. Coss*, 532 U.S. 394, 405 (2001). Petitioner's non-statutory motions to vacate based upon ineffective assistance of counsel violating his constitutional rights under the 6th and 14th Amendments were dismissed by the Superior Court of the State of California for lack of jurisdiction and the Supreme Court of California denied a petition for review on the non-statutory motions. In applying AEDPA[3] the federal courts examine the state court's last reasoned decision, such as an opinion of the California Supreme Court or Court of Appeal, not simple orders such as a "postcard denial;" of a petition for review by the Supreme Court. *Ylst v*

---

[3] Antiterrorism and Effective Death Penalty Act of 1996. (28 U.S.C. §2241 et seq.)

*Nunnemaker* (1991), 501 U.S. 797, 803; <u>Benn v. Lambert</u> (9th Cir. 2002) 283 F.3d 1040, 1052, fn. 7.

  Petitioner's failure to have his appeal heard, (appellate attorney failed to file his brief therefore failing to perfect the appeal), and the denial of his writ of habeas corpus 28 U.S.C. §2254, (to reinstate his appeal), as time-barred under the one-year statute of AEDPA, no channel of review was actually available to the defendant with respect to the conviction.

  The California Court System claims that once a defendant is released from confinement, parole, probation, or any form of custody, California Courts no longer have jurisdiction over a state defendant. The California Courts may waive the jurisdictional defect of defendants as evidenced by the California Court system's ability to grant post conviction relief. For example, defendants are eligible to apply for a *Petition For Relief*, California Penal Code §1203.4 and §1203.4a. Under the statute, the defendant must meet the following requirements:

> Defendant has fulfilled the conditions of probation for the entire period of probation, OR
> Defendant has been granted early termination of probation AND (1) is not now serving a sentence on any offense, (2) is not on probation for any offense, and (3) is not now charged with committing any offense.

Another form of California post conviction relief, the *Petition and Order for Expungement*, California Penal Code §§17, 1203.4, 1203.4a, requires that

> "the defendant is not serving a sentence for any offense, nor on probation for any offense, nor under charge of commission of any crime, and the defendant has (a) fulfilled the conditions of probation for the entire period thereof, or, been discharged from probation prior to the termination of the period thereof."

Under both examples of post conviction relief, the defendant is not in custody of the State of California, yet the State of California routinely waives the jurisdictional defect to hear and grant the petitions. The State of California has the inherent ability to waive a jurisdictional defect in a non-statutory motion to vacate a conviction when the defendant is no longer in state custody.

> If instead a state court chooses to dismiss an appeal when an incompetent attorney has violated local rules, it may do so if such action does not intrude upon the client's due process rights. For instance the Kentucky Supreme Court itself in other contexts has permitted a post-conviction attack on the trial judgment as "the appropriate remedy for frustrated right of appeal," *Hammershow v. Commonwealth*, 398 S. W. 2d 883 (1996); this is but one of several solutions that

state and federal courts have permitted in similar cases....A system of appeal as of right is established precisely to assure that only those who are [469 U.S. 387, 400] validly convicted have their freedom drastically curtailed. A State may not extinguish this right because another right of the appellant – the right to effective assistance of counsel – has been violated.....In short, when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution- and, in particular, in accord with the Due Process Clause. *Evitts v. Lucey*, 469 U.S. 387 (1985)

The Superior Court of the State of California, by dismissing Petitioner's motions to vacate failed to "act in accord with the dictates of the Constitution and, in particular, in accord with the Due Process Clause."

The Supreme Court has held that it possesses jurisdiction under 28 U.S.C. §2241 to grant on "original" writ of habeas corpus to state or federal prisoners in exceptional cases when there are procedural or jurisdictional obstacles under U.S.C. §2254 or 2255. Respondents cite *Resendiz v Kovensky*, Acting Director, 416 F.3d 952, 958 (9th Cir. 2005) as the controlling case for Petitioner's claim. Petitioner is not attacking the INS order of removal; Petitioner is attacking the dismissal of the non-statutory motions to vacate based upon ineffective assistance of counsel. Because of the jurisdictional obstacle under 28 U.S.C. §2254 Petitioner has filed the 28 U.S.C. §2241 writ of habeas corpus to review the dismissal of the non-statutory motions to vacate.

## CONCLUSION

Petitioner respectfully requests the denial of the Superior Court of the State of California request for dismissal as respondents from the Petitioner's 28 U.S.C. §2241 petition.


Respectfully submitted,


Dated this December 27, 2007

                                            s/Patricia Lynn Jacks
PATRICIA LYNN JACKS
Attorney for Petitioner
pjacks@san.rr.com

United States District Court

For the Southern District of California

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>  Petitioner,<br><br>  vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security;  U.S. Attorney, Southern District; ICE Detention & Removal Unit<br><br>  Respondents. | Civil No. 07cv2033-L(NLS)<br>Civil No. 07cv2034-L(NLS)<br><br>USICE No. A72 779 308<br><br>**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SUPERIOR COURT OF THE STATE OF CALIFORNIA** |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:
**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SUPERIOR COURT OF THE STATE OF CALIFORNIA**
in the following manner: **Mailing Information for a Case 3:07-cv-02033-L-NLS**

**Electronic Mail Notice List:** The following are those who are currently on the list to receive e-mail notices for this case.

- **Attorney General**  docketingsdawt@doj.ca.gov
- **Samuel William Bettwy**
  Samuel.Bettwy@usdoj.gov,jaclyn.penley@usdoj.gov,efile.dkt.civ@usdoj.gov,pamela.bradley@usdoj.gov
- **Patricia Lynn Jacks**  pjacks@san.rr.com
- **Sabrina Y Lane-Erwin**
  sabrina.laneerwin@doj.ca.gov,DocketingSDAWT@doj.ca.gov,ECFCoordinator@doj.ca.gov,kimberly.wickenhagen@doj.ca.gov
- **Kevin R Vienna**
  Kevin.Vienna@doj.ca.gov,DocketingSDAWT@doj.ca.gov,ECFCoordinator@doj.ca.gov,Bonnie.Peak@doj.ca.gov

**Manual Notice List:** The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Executed on **December 27, 2007**, at San Diego, California.  s/Patricia Lynn Jacks
                               PATRICIA LYNN JACKS
                               Attorney for Petitioner
                               pjacks@san.rr.com