Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA 92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>    Petitioner,<br><br>  vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit<br>    Respondents. | Civil No. 07cv2033-L(NLS)<br>Civil No. 07cv2034-L(NLS)<br><br>USICE No.   A72 779 308<br><br>**PETITIONER'S TRAVERSE TO REPONDENTS' RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS** |

THE COURT HAS SUBJECT MATTER JURISIDICTION TO REVIEW CRIMINAL

CONVICTIONS

A Federal court does not have subject matter jurisdiction over a habeas petition unless the petitioner is "in custody" within the meaning of 28 U.S.C. §2254(a). Although Petitioner is no longer in state custody or state probation from this conviction, Petitioner is currently in custody by the Immigration and Customs Enforcement Detention and Removal Center located in San Diego, CA. Petitioner was found removable as an alien convicted of a crime involving moral turpitude within five years of admission pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as well as an alien convicted of two or more crimes involving moral turpitude from this conviction. (Excerpts of Record, pp. 115-117.) U.S.C. §2241(c) (1) allows the filing of a writ of habeas corpus to a prisoner if "he is in custody under or by color of the

authority of the United States or is committed for trial before some court thereof;" In habeas corpus proceedings attacking a criminal conviction, the case or controversy requirement normally is satisfied, even after all potential custody has expired. Habeas jurisdiction is therefore proper.

### PETITIONER'S WRIT OF HABEAS CORPUS IS NOT CHALLENGING A FINAL REMOVAL ORDER

Petitioner's consolidated petition seeks Federal review of two post-conviction non-statutory motions to vacate that were dismissed by the Superior Court of the State of California. (See Consolidated Petition 1-18.) Petitioner's consolidated petition is not challenging his removal order; it is challenging State of California's dismissal of Petitioner's non-statutory motions to vacate based upon ineffective assistance of counsel (failure to file appeal and conflict of interest.) *Douglas v. California*, 372 U.S. 353 (1963), held that the Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right. The U.S. Supreme Court later held "The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right." *Evitts v. Lucey*, 469 U.S. 387 (1985.) The guarantees of the Sixth Amendment entitle defendants in criminal cases the right to effective assistance of counsel, which includes the right to conflict-free representation. *United States v. Mett*, 65 F.3d 1531 (9th cir. 1995.)

*Resendiz v. Kovensky, Acting Director*, 416 F3.d 952 expressly states that "the enactments of the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) do not change the long standing principle that a petitioner may not collaterally attack his state court conviction in a §2241 petition against the INS." Petitioner named the federal respondents solely to grant the court jurisdiction over the party(s) who hold Petitioner in custody and would therefore be subject to an injunctive order (*See* Motion for Stay of Removal During Pendency of Habeas Corpus Proceedings.) *Accord Ali v. Gonzales*, 421 F.3d 795, 797 n.1 (9th Cir. 2005) (in habeas action seeking an injunction preventing removal to Somalia, "[t]he Real ID Act of 2005... does not apply to this case because petitioners do not challenge or seek review of any removal order.")

*See also* H.R. Conf. Rep. No. 109-72, 175 (2005) ("... [Real ID Act] section 106 will not preclude habeas review over challenges to detention that are independent of challenges to removal orders.")

"The Supreme Court has identified two possible exceptions to the "in custody" requirement. The first is a *Gideon*[1] violation, or a complete failure of counsel. *Custis v United States*, 511 U.S. 485, 494-96 (1994)." *Resendiz v Kovensky, Acting Director*, 416 F.3d 952 (9th Cir. 2005). To state a *Gideon* claim, the petitioner must claim that he was denied representation not merely that his attorney committed error.

> "Nominal representation on an appeal as of right - like nominal representation at trial - does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney. The promise of *Douglas V. California*, 372 U.S. 353, that a criminal defendant has a right to counsel on his first appeal as of right – like the promise of *Gideon v. Wainwright*, 372 U.S. 335, that a criminal defendant has a right to counsel at trial – would be a futile gesture unless it comprehended the right to effective assistance of counsel." *Evitts v. Lucey*, 469 U.S. 387 (1985).

Petitioner believed he was being represented by counsel for the appeal stage of his conviction. It was only after the appeal was dismissed that he found out he was not being represented, the failure of his attorney to file the appellate brief was not just an "attorney error", Petitioner was denied representation – a complete failure of counsel.

The second exception to the "in custody" requirement is a possible "rare" exception, not yet defined, where "no channel of review was actually available to a defendant with respect to a prior conviction." *Resendiz v. Kovensky, Acting Director*, 416 F3.d 952. The Court has suggested that the "rare exception" may exist where "a state court ... without justification, refuse[s] to rule on a constitutional claim that has been presented to it" or where a defendant "obtain[s] compelling evidence that he is actually innocent," *Lackawanna County Dist. Atty. V. Coss*, 532 U.S. 394, 405 (2001). Petitioner's non-statutory motions to vacate based upon

---

[1] *Gideon v. Wainwright*, 372 U.S. 335 (1963)

PETITIONER'S TRAVERSE TO REPONDENTS RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS   - 3

07cv2033

ineffective assistance of counsel violating his constitutional rights under the 6th and 14th Amendments were dismissed by the Superior Court of the State of California for lack of jurisdiction and the Supreme Court of California denied a petition for review on the non-statutory motions. In applying AEDPA[2] the federal courts examine the state court's last reasoned decision, such as an opinion of the California Supreme Court or Court of Appeal, not simple orders such as a "postcard denial;" of a petition for review by the Supreme Court. *Ylst v Nunnemaker* (1991), 501 U.S. 797, 803; Benn v. Lambert (9th Cir. 2002) 283 F.3d 1040, 1052, fn. 7.

## PETITION IS NOT SUCCESSIVE

Petitioner filed non-statutory motions to vacate his convictions based upon ineffective assistance of counsel with the State of California on October 23, 2006. The non-statutory motions were dismissed based on lack of jurisdiction and the California Supreme Court denied a petition for review on September 12, 2007. (See Consolidated Petition 6-13 and 6-27.) This petition seeks review of the denial of the Petitioner's California non-statutory motions to vacate the convictions based upon ineffective assistance of counsel and is timely filed. It is not a successive petition to Petitioner's §2254 Civ. No. 02cv02029 filed October 11, 2002, requesting the reinstatement of his appeal based upon ineffective assistance of counsel. The previous petition was time-barred and equitable tolling was not granted although the failure by Attorney to file the appellate brief was a "complete denial of counsel during a critical stage of a judicial proceeding" violating Petitioner's rights under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668 (1984) provided a framework for evaluating counsel's performance. Under *Strickland* "The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Attorney's conduct of failing to prepare and file the appellate brief was of such deficient performance that Petitioner was denied his right of appeal. "In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland v.*

---

[2] Antiterrorism and Effective Death Penalty Act of 1996. (28 U.S.C. §2241 et seq.)

PETITIONER'S TRAVERSE TO REPONDENTS RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS  - 4

07cv2033

*Washington*, 466 U.S. 668 (1984). "The complete denial of counsel during a critical stage of a judicial proceeding, however, mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable."" *United States v. Cronic*, 466 U.S. 648, 659 (1984).

## PETITIONER'S ACTION TO SEEK RELIEF IS <u>NOT</u> FUTILE

Respondent states that Petitioner's efforts to vacate his 1996 robbery conviction are futile as the final order of removal would stand. Petitioner motioned the Superior Court of the State of California to vacate his 1996 and 1998 convictions based upon ineffective assistance of counsel. If Petitioner is successfully in challenging these convictions he would not remain deportable. Petitioner was charged with two grounds of deportability. (*See* Respondents Exs. 3-6, 10) The first ground of deportability can be based upon any two of his three convictions. Petitioner would only have one conviction (the 1995 shoplifting conviction) if he is successful. The second ground of deportability was based upon the 1996 robbery conviction and likewise would be gone.

Regardless of whether or not the Petitioner's action for relief affects his current immigration status, the Petitioner's request for relief should be granted based upon the violation of his constitutional rights in both the 1996 and 1998 convictions. It is well settled that "the Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right. The U.S. Supreme Court later held "The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right." *Douglas v. California*, 372 U.S. 353 (1963) "Nominal representation on an appeal as of right - like nominal representation at trial - does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is no better position than one who has no counsel at all. A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." *Evitts v. Lucey*, 469 U.S. 387 (1985)

Likewise, "the guarantees of the Sixth Amendment entitle defendants in criminal cases the right to effective assistance of counsel, which includes the right to conflict-free

representation." *United States v. Mett*, 65 F.3d 1531 (9th cir. 1995.) "Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 262, 271 (1981). "The defense counsel had a duty to alert the court to the existence of conflicts and to assist the court in determining whether the conflict has been properly waived, if a waiver exists." *People v. Mroczko*, 35 C3d 86 (1983). "The possibility of a conflict of interest is insufficient to impugn a criminal conviction. In order to establish a violation of the Sixth Amendment, a defendant must show that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335 (1980)." Petitioner retained Verhovskoy to file his appeal for the 1995 conviction. Verhovskoy failed to file the appellate brief causing the dismissal of the appeal and misled Petitioner for several years regarding the status of the appeal. After Petitioner learned that the appeal had been dismissed, Verhovskoy continued to lie, deceive and provide misinformation to Petitioner hiding the fact he had acted incompetently. Verhovskoy's failure to file a brief resulted in the dismissal of Petitioner's appeal, violating the Fourteenth Amendment Due Process clause guaranteeing that Petitioner have effective assistance of counsel on his first appeal as of right and as such, created an actual conflict between Petitioner and Verhovskoy violating his right to conflict free representation in the 1998 conviction.

## CONCLUSION

Petitioner has shown both ineffective assistance of counsel by failure to file the appellate brief, and ineffective assistance of counsel based upon the attorney's conflict of interest. The consequences of Petitioner's failure to receive competent representation are a reversal of the convictions and for this reason, Petitioner respectfully petitions this Court to grant his petition under 28 U.S.C. §2241 to vacate the judgments entered on grounds of ineffective assistance of counsel resulting in violations of Petitioner's rights under the Sixth and Fourteenth Amendments.

Respectfully submitted,

January 3, 2008

           s/Patricia Lynn Jacks
           PATRICIA LYNN JACKS
           Attorney for Petitioner
           pjacks@san.rr.com

United States District Court

For the Southern District of California

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>    Petitioner,<br><br>vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit<br>    Respondents. | Civil No. 07cv2033-L(NLS)<br>Civil No. 07cv2034-L(NLS)<br><br>USICE No.   A72 779 308<br><br>**PETITIONER'S TRAVERSE TO REPONDENTS' RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS** |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents: **PETITIONER'S TRAVERSE TO REPONDENTS' RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**
in the following manner:    **Mailing Information for a Case 3:07-cv-02033-L-NLS**

**Electronic Mail Notice List:** The following are those who are currently on the list to receive e-mail notices for this case.

- **Attorney General**        docketingsdawt@doj.ca.gov
- **Samuel William Bettwy**
  Samuel.Bettwy@usdoj.gov,jaclyn.penley@usdoj.gov,efile.dkt.civ@usdoj.gov,pamela.bradley@usdoj.gov
- **Patricia Lynn Jacks**        pjacks@san.rr.com
- **Sabrina Y Lane-Erwin**
  sabrina.laneerwin@doj.ca.gov,DocketingSDAWT@doj.ca.gov,ECFCoordinator@doj.ca.gov,kimberly.wickenhagen@doj.ca.gov
- **Kevin R Vienna**
  Kevin.Vienna@doj.ca.gov,DocketingSDAWT@doj.ca.gov,ECFCoordinator@doj.ca.gov,Bonnie.Peak@doj.ca.gov

**Manual Notice List:** The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Executed on **January 3, 2008**, at San Diego, California.    s/Patricia Lynn Jacks
                                PATRICIA LYNN JACKS
                                Attorney for Petitioner
                                pjacks@san.rr.com

PETITIONER'S TRAVERSE TO REPONDENTS RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS    - 7

07cv2033