UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI VALERYEVICH TATARINOV, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SUPERIOR COURT OF THE STATE OF ) <br> CALIFORNIA, COUNTY OF SAN ) <br> DIEGO ) <br> ) <br> Respondent. ) <br> ) | Civil No. 07cv2033-L(NLS) <br><br> **ORDER GRANTING PETITIONER'S MOTION FOR STAY OF REMOVAL** |

Petitioner Dimitri Valeryevich Tatarinov, represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is in custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") Detention and Removal Center in this District pending his removal to Russia. Petitioner filed a Motion for Stay of Removal During Pendency of Application for Writ of Habeas Corpus. For the reasons which follow, Petitioner's motion for stay is **GRANTED**.

The underlying facts, contained primarily in Petitioner's motion to stay, Consolidated Petition, Excerpt of Record ("ER") and Declaration of Samuel W. Bettwy filed in opposition to the Consolidated Petition ("Bettwy Decl."), are not disputed. Petitioner, a native of Russia and citizen of the former Soviet Union, came to the United States from the former Soviet Union as a

non-immigrant student in May 1992. The same year, he applied for asylum based on his fear of return due to the problems and threats he received in the former Soviet Union. He married a United States citizen in 1994. In 1995, he was granted Conditional Permanent Resident Status based on marriage. In 1996, he filed a petition to remove this status; however, the petition was not adjudicated until June 9, 2000. (Bettwy Decl. Ex. at 54.)

In August 1995, Petitioner was convicted of misdemeanor petty theft and was sentenced to one year probation. In August 1996, Petitioner was caught taking a jacket from a department store. Because of allegations of use of force against a store security guard, Petitioner was charged with robbery. At trial, Petitioner was represented by Vladimir Verhovskoy. Petitioner and his subsequent counsel, Jerome Wallingford, believe Petitioner had a valid defense to the charge of robbery; however, due to Mr. Verhovskoy's negligence, the jury was not instructed on the defense. (Mtn. to Stay Ex. C.) In Mr. Wallingford's opinion, the case was a shoplifting incident and should have been resolved as a misdemeanor. However, Petitioner was found guilty of robbery ("1996 Conviction"). (*Id.*) He was sentenced to 270 days in custody. The custodial sentence was suspended and Petitioner was granted three years of probation.

Petitioner, represented by Mr. Verhovskoy, timely appealed his 1996 Conviction on November 14, 1996. However, Mr. Verhovskoy failed to file an appellate brief and the appeal was dismissed on April 28, 1997. When Petitioner inquired about the status of the appeal, Mr. Verhovskoy did not tell him that the appeal was dismissed, but gave vague and misleading explanations why a decision had not yet been issued. (ER at 130.)

On April 13, 1998, Petitioner was apprehended by the Immigration and Naturalization Service ("INS") and placed in removal proceedings based on his 1995 and 1996 criminal convictions. Pending processing of Petitioner's request for a hearing to determine whether he could remain in the United States, Petitioner was released from INS custody on bond.

On October 19, 1998, on Mr. Verhovskoy's advice, Petitioner pled guilty to another shoplifting charge. Based the prior robbery conviction, he was convicted of a felony ("1998 Conviction"). He was sentenced to 364 days in custody, but the sentence was suspended and

/ / / / /

Petitioner was placed on probation. This conviction was added to the charges and factual allegations in Petitioner's removal proceedings. (Bettwy Decl. Ex. at 3-6, 10.)

Starting in 1998, Petitioner began therapy with a psychiatrist to address the shoplifting incidents, which were allegedly not caused by financial need but by psychological problems. (ER at 122; Mtn to Stay Ex. D.) He successfully completed probation and has no further criminal record.

Due to counsel's failure to inform Petitioner that the appeal of the 1996 Conviction was dismissed, Petitioner did not learn of this fact until the summer of 1998, when Petitioner's wife inquired directly with the court. (ER at 130.) After being confronted in September 1999, Mr. Verhovskoy filed a motion to set aside the dismissal and reopen the appeal. (ER at 11, 14-22.) It included only a vague explanation for failure to file the brief ("financial and medical catastrophes") and did not explain the two-year delay between the dismissal and motion to reopen. (ER at 14-22.) The motion was denied. (ER at 24.)

On September 9, 1999, Petitioner, represented by Mr. Verhovskoy, filed a habeas corpus petition in this District (case no. 99cv1911-IEG(LSP)) pursuant to 28 U.S.C. § 2241, challenging the constitutionality of the INS's use of the underlying convictions as the basis for removal. The petition was dismissed without prejudice as premature. (*See* order filed Jan. 19, 2000 in case no. 99cv1911.) The court held it was premature to consider Petitioner's constitutional challenge before the INS had a chance to finally rule on whether he was removable based on his prior convictions.

When the motion to reopen the appeal of the 1996 Conviction was denied on September 24, 1999 (ER at 24), Mr. Verhovskoy advised Petitioner that nothing could be done to revive the appeal and advised filing a motion in the Superior Court to expunge the conviction. On April 13, 2000, Petitioner's motion to the San Diego Superior Court pursuant to California Penal Code Section 1203.4 to set aside the 1996 Conviction was denied. (ER at 26.) On November 3, 2000, the court denied Petitioner's motion to terminate probation associated with the 1996 Conviction.

On December 22, 2000, during the pendency of immigration proceedings, Mr. Verhovskoy informed Petitioner he was withdrawing from representation. (ER at 30.) On

January 19, 2001, Petitioner received a copy of the State Bar of California's Stipulation Form - Actual Suspension, indicating Mr. Verhovskoy had been suspended by the State Bar of California in September 2000. (ER at 130.) On January 28, 2001,[1] Petitioner filed a complaint against Mr. Verhovskoy with the State Bar of California. (ER at 128-30.) Petitioner had been represented by Mr. Verhovskoy since 1996, and had paid him over $20,000 in fees for representation in immigration matters, criminal defense and related appeal. Based on Petitioner's complaint and State Bar investigation, Mr. Verhovskoy admitted to some violations. On February 5, 2003 he was again suspended from the practice of law. (ER at 131-34.)

In the summer of 2001, Petitioner retained new counsel, Mr. Wallingford. On August 30, 2001, Mr. Wallingford filed a motion to reinstate the appeal of Petitioner's 1996 Conviction with the California Court of Appeal. The motion was denied (ER at 34) and the California Supreme Court denied review (ER at 36).

On February 15, 2002, Petitioner filed a habeas corpus petition with the California Court of Appeal, which was denied. (ER at 38.) The California Supreme Court denied review. (ER at 40.)

On October 11, 2002, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 in this District (case no. 02cv2029-W(BEN)) based on ineffective assistance of counsel at trial and the appeal of the 1996 Conviction. The petition was dismissed based on the statute of limitations. (ER at 76-86.) On February 9, 2007, the decision was affirmed by the Ninth Circuit (ER at 96-98) and Petitioner's petition for a rehearing was denied on September 28, 2004 (ER at 106).

On October 23, 2006, Petitioner filed in the San Diego County Superior Court post-conviction non-statutory motions to vacate the 1996 and 1998 Convictions based on ineffective assistance of counsel. The motions were denied (ER at 127) and the appeal to the California
/ / / / /

---

[1] The January 28, 2000 date shown on The State Bar of California Complaint Form (ER at 128) appears to be an error, because the complaint refers to events taking place after that date. (*Cf.* ER 128 & 130 (referring dates in September 2000 and thereafter.)

Court of Appeal was unsuccessful (ER at 136). On September 12, 2007, the California Supreme Court denied petition for review (ER at 137).

In the removal proceedings, the Immigration Judge found Petitioner removable as an alien convicted of crime of moral turpitude within five years of admission and as an alien convicted of two or more crimes involving moral turpitude. Petitioner sought relief, including adjustment of status, asylum and relief under the convention against torture, but relief was denied based on the prior convictions, and on December 13, 2001 Petitioner was ordered deported to Russia. (ER at 116; Bettwy Decl. Ex. at 9-34.)

In February 2001, Petitioner retained new immigration counsel, James Patterson, Esq. (ER at 115.) He represented Petitioner on appeal of the Immigration Judge's order of removal. (*Id.*) On January 14, 2003, the removal order was affirmed by the Board of Immigration Appeals. (Bettwy Decl. Ex. at 35-36.) Petitioner appealed this decision to the Ninth Circuit, which construed the appeal as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and transferred the case to this District (04cv2595-W(BLM)). Petitioner attacked the Immigration Judge's decision to deny asylum and adjust his status. The petition was denied on May 2, 2005. (Bettwy Decl. Ex. at 53 *et seq.*) On February 9, 2007, the Ninth Circuit denied review. Petitioner has been in ICE custody since June 28, 2007.

On October 19, 2007, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241. Petitioner argues ineffective assistance of counsel and requests the court to issue a writ and vacate the 1996 and 1998 Convictions so as to avoid the unfavorable immigration consequences. (Pet. at 2.)

The parties agree that stay requests are evaluated under the same standards as motions for preliminary injunctive relief. *Andreiu v. Ashcroft*, 253 F.3d 477, 480 (9th Cir. 2001), *quoting Abbasi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998). Accordingly, a petitioner must show

> either (1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the petitioner's favor. These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.

*Id*. at 483 (internal quotation marks and citations omitted).

The court first turns to the question whether the petition presents serious legal questions. Respondent Superior Court of the State of California, County of San Diego ("State") argues that Petitioner does not present serious questions because he is not in custody pursuant to a judgment of a state court as required by 28 U.S.C. § 2254. Respondents Office of the Chief Counsel, Department of Homeland Security; United States Attorney, Southern District; and ICE Detention & Removal Unit (collectively "Federal Respondents") argue, among other things, that the Petition should be denied because this court is without jurisdiction to review challenges to removal orders, and because an alien may not challenge a removal order in habeas proceedings by collaterally attacking the underlying state court conviction.

To the extent Petitioner challenges the immigration order of removal, this court lacks jurisdiction to address the issue. 8 U.S.C. § 1252(a)(1). Petitioner argues he is not attacking or seeking review of the removal order. He claims he is attacking the denial of his motions in state court to vacate the 1996 and 1998 Convictions, which were based on ineffective assistance of counsel at trial and on his first right of appeal as of right from the 1996 Conviction.

Petitioner is not in custody pursuant to a judgment of a state court. *See Resendiz v. Kovensky*, 416 F.3d 952, 956-59 (9th Cir. 2005). Furthermore, an alien may not attack the use of a prior state court conviction as a basis for immigration custody when the prior sentence has expired. *Contreras v. Schiltgen*, 151 F.3d 906, 907, 908 (9th Cir. 1998); *see also Resendiz*, 416 F.3d at 960-61.

However, a claim of complete failure of counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963), is an exception to the in custody requirement as it pertains to the State, *see Resendiz*, 416 F.3d at 959, and to the bar on collateral attacks on state court convictions in the context of immigration proceedings as it pertains to the Federal Respondents, *see Contreras*, 151 F.3d at 908. Based on *Evitts v. Lucey*, 469 U.S. 387 (1985), Petitioner argues Mr. Verhovskoy's failure to perfect the appeal of the 1996 Conviction, cover up of the dismissal of the appeal for more than a year, and subsequent representations to Petitioner that nothing could be done to revive the appeal amounted to a complete failure of counsel under *Gideon*.

Whether Petitioner received ineffective assistance of counsel is not in dispute. Mr. Verhovskoy's representation on appeal was ineffective. *See Evitts*, 469 U.S. 387. When a counsel fails to perfect an appeal as of right from a criminal conviction, prejudice to the client is presumed. *See Manning v. Foster*, 224 F.3d 1129, 1135-36 (9th Cir. 2000). Generally, complete failure of counsel under *Gideon* is more than just ineffective assistance of counsel. It is "failure to appoint counsel for an indigent defendant." *Custis v. United States*, 511 U.S. 485, 496 (1994). However, "[i]n a situation like that here, counsel's failure was particularly egregious in that it essentially waived respondent's opportunity to make a case on the merits; in this sense, it is difficult to distinguish respondent's situation from that of someone who had no counsel at all." *Evitts*, 469 U.S. at 394 n.6. In this case, Mr. Verhovskoy's misconduct deprived Petitioner from the opportunity to present the merits of his ineffective assistance claim. The court therefore finds that Plaintiff has raised a serious legal issue whether he has raised a *Gideon* claim so as to be able to collaterally challenge his state court convictions.

Petitioner maintains that denying his request for stay of removal would cause him serious hardship because he is married to a United States citizen who has never been to Russia and does not speak Russian. In addition, Petitioner suffers from back problems, for which he may not be able to receive adequate treatment upon removal, and it most likely would be difficult for him to maintain independence in activities of daily living upon removal. None of the Respondents dispute that denying stay of removal would cause Petitioner irreparable harm and that the balance of hardships tips in his favor.

For the foregoing reasons, Petitioner's motion for stay of removal is **GRANTED**.

**IT IS SO ORDERED.**

DATED: May 7, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL