KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119
Facsimile:   (619) 557-5004

Attorneys for Federal Respondents

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRI VALLERVEICH TATARINOV,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; et al.,<br><br>Respondents. | Case No. 07cv2033 L (NLS)<br><br>**EX PARTE REQUEST FOR FUTHER CONSIDERATION OF THE COURT'S SUBJECT MATTER JURISDICTION** |

I

INTRODUCTION

Notwithstanding that the Ninth Circuit Court of Appeals had already entered a final decision on the merits of his final removal order, Petitioner Tatarinov petitioned this Court to vacate his 1996 and 1998 state court convictions and, in the interim, to stay execution of his final order of removal.  On May 7, 2008, this Court noted that it lacked jurisdiction to review Petitioner's final order of removal, but entered an order granting Petitioner's request for a stay of the execution of that final order of removal.  However, this Court lacks jurisdiction under the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, Div. B (May 11, 2005), to consider either the challenge to Petitioner's final order of removal or, in the interim, to stay execution of that order.

II

DISCUSSION

Because all that remains in Petitioner's immigration case is the execution of the final order of removal, the Court lacks jurisdiction to address Petitioner's request for a stay. See 8 U.S.C. § 1252(g) ("notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter") (emphasis added). Under the REAL ID Act, habeas review is available only over challenges to detention that are independent of challenges to removal. See H.R. Rep. No. 109-72 (2005), reprinted in 2005 U.S.C.C.A.N. 240, 300 (stating "section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders."). See also Iasu v. Smith, 511 F.3d 881, 886-87 (9th Cir. 2007) (affirming that the sole and exclusive means under REAL ID Act for alien to challenge his order of removal based on claim of United States citizenship was by filing petition for review of removal order with Court of Appeals; thus, district court lacked jurisdiction to address such claim on federal habeas review); Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006) (holding that the REAL ID Act strips the district court of jurisdiction where claim challenges an order of removal).

The Court granted a stay of removal on the basis of Petitioner's collateral attack on the underlying state court convictions that render him deportable because, the Court ruled, he had raised a serious legal issue about whether he had been denied counsel as contemplated by Gideon v. Wainwright, 372 U.S. 335 (1963). This determination, although not permissible under the REAL ID Act, may have been inadvertently invited because, in its Return, the Federal Respondents had argued, in the alternative, that the Court was prohibited from reviewing collateral attacks on removal orders, with the

1  exception of Gideon claims.  However, in light the REAL ID Act's clear language, the
2  rare Gideon exception–to the extent that it exists in immigration proceedings at all–could
3  only have been raised in, and considered by, the Court of Appeals.  This Court should
4  not have reached the alternative argument, because it lacks subject matter jurisdiction
5  under the REAL ID Act and other jurisdiction-limiting statutes.  As provided by 8 U.S.C.
6  § 1252(a)(5), "a petition for review filed with an appropriate court of appeals in
7  accordance with this section shall be the sole and exclusive means for judicial review of
8  an order of removal entered or issued under any provision of this Act, except as provided
9  in subsection (e)").[1/]  See also 8 U.S.C. §§ 1252(b)(9) ("no court shall have jurisdiction,
10 by habeas corpus under [28 U.S.C. § 2241], or . . . by any other provision of law
11 (statutory or nonstatutory), to review . . . questions of law and fact . . . arising from any
12 action taken or proceeding brought to remove an alien from the United States under this
13 subchapter. . ."); Brito-Lopez v. Mukasey, No. ED CV 07-181-AHM, 2008 WL 793573
14 at *2 n. 4 (C.D. Cal. Mar. 24, 2008):

> Petitioner contends that after the Court vacates the state conviction, the Court can order respondents to vacate the Immigration Judge's removal order and vacate the execution of the removal order. . .  The REAL ID Act would prevent this Court from doing so.

Id.

---

[1/] Any challenge to Petitioner's removal order must be directed to the applicable court of appeals under the REAL ID Act.  8 U.S.C. § 1252(a)(5), as amended by § 106(a) of the REAL ID Act, provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

1  Indeed, Petitioner has already received judicial review of the removal order before the Ninth Circuit in <u>Tatarinov-Valereveich v. Gonzales</u>, 220 Fed. Appx. 609, 2007 WL 572154 (9th Cir. 2007), and he has pursued his ineffective-assistance-of-counsel claims in the state courts and in <u>Tatarinov v. Superior Court of the State of California</u>, 02cv2029-W (BEN) (S.D. Cal.) (pre-REAL ID Act habeas proceeding), and <u>Tatarinov v. Gonzales</u>, 05-56021 (9th Cir.).  Moreover, any issues or challenges Petitioner could have, but did not, raise in his petition for review before the Ninth Circuit are forever lost.  See <u>Martinez-Serrano v. INS</u>, 94 F.3d 1256, 1258 (9th Cir. 1996).

III

CONCLUSION

Because the Court lacks jurisdiction to review Petitioner's order of removal and lacks authority to grant a stay of the execution of Petitioner's removal order, the Federal Respondents request further briefing on the issue of this Court's subject matter jurisdiction under the REAL ID Act.  Alternatively, Federal Respondents ask that the Court reconsider its order granting a stay of Petitioner's removal.  See <u>Hajek v. Burlington Northern R.R. Co.</u>, 186 F.3d 1105, 1107 (9th Cir. 1999) (concerning the authority of a court to consider its own jurisdiction <u>sua sponte</u>).

DATED:   May 16, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ *Samuel W. Bettwy*

SAMUEL W. BETTWY
Assistant United States Attorney

Attorneys for Federal Respondents