Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA 92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>    Petitioner,<br><br>vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit<br><br>    Respondents. | Civil No. 07cv2033-L(NLS)<br><br>USICE No.   A72 779 308<br><br>**RESPONSE TO EX PARTE REQUEST FOR FURTHER CONSIDERATON OF THE COURT'S SUBJECT MATTER JURISDICTION** |

Federal Respondents (Respondents) submitted an ex parte request for further consideration of the Court's subject matter jurisdiction stating that this Court lacks jurisdiction under the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, Div. B (May 11, 2005), to consider either the challenge to Petitioner's final order of removal or, in the interim, to stay execution of that order. The Respondents requested further briefing on the issue of this Court's subject matter jurisdiction under the REAL ID Act, or, asked that the Court reconsider its order granting a stay of Petitioner's removal (concerning the authority of a court to consider its own jurisdiction.)

DISCUSSION

As noted in the Court's *Order Granting Petitioner's Motion for Stay of Removal*, Petitioner is not challenging the immigration order of removal. Petitioner is attacking the denial

of his motions in state court to vacate the 1996 and 1998 convictions based on ineffective assistance of counsel. Respondents state that

> "Under the REAL ID Act, habeas review is available **only** over challenges to detention that **are independent of challenges to removal**. See H.R. Rep. No. 109-72 (2005), reprinted in 2005 U.S.C.C.A.N. 240, 300 (stating "section 106 would **not preclude habeas review** over challenges to detention that **are independent of challenges to removal orders**. Instead, the **bill would eliminate habeas review only over challenges to removal orders**.")

Respondent cite two cases, *Iasu v. Smith*, 511 F.3d 881, 886-87 (9th Cir. 2007) (affirming that the sole and exclusive means under REAL ID Act for alien **to challenge his order of removal** based on claim of United States citizenship was by filing petition for review of removal order with Court of Appeals; thus, district court lacked jurisdiction to address such claim on federal habeas review); and *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006) (holding that the REAL ID Act strips the district court of jurisdiction where claim **challenges an order of removal**). Emphasis added. *Iasu v. Smith* and *Puri v. Gonzales* are challenges to removal orders and are inapposite to the present case. They address a different issue. Petitioner is attacking the denial of his motions in state court to vacate the 1996 and 1998 convictions based upon the violation of his constitutional rights.

As stated in *Hernandez v. Gonzales*, 424 F.3d 42, 42-43 (1st Cir. 2005), emphasis added:

> The Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), *as added by* § 106(a)(1)(B) of the Real ID Act, Pub.L. 109-13, and further provides that habeas cases "challenging a final administrative order of removal" be transferred to the courts of appeals to be treated as petitions for judicial review, Real ID Act, § 106(c). As indicated in the legislative history of the Act, **those provisions were not intended to "preclude habeas review over challenges to detention that are independent of challenges to removal orders."** H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005). Courts that have considered this issue have reached the same conclusion. *See Sissoko v. Rocha*, 412 F.3d 1021, 1033 (9th Cir.2005); *Ahmad v. Chertoff*, 2005 WL 1799752, at *1-*2 (W.D.Wash. July 27, 2005); *Kanteh v. Ridge*, 2005 WL 1719217, at *1, *3 (D.Minn. June 30, 2005), *report and recommendation adopted*, 2005 WL 1705526 (D.Minn. July 19, 2005); *Cretu v. Chertoff*, 2005 WL 1630541, at *1 (W.D.La. June 29, 2005); *Garcia-Perez v. United States Dep't of Homeland Sec.*, 2005 WL 1398100, at *1 (W.D.Tex. June 13, 2005); *Morena v. Gonzáles*, 2005 WL 1367414, at *2 & n.2 (M.D.Pa. June 6, 2005). Accordingly, the Clerk is directed to transfer this case back to the **district court**.

Petitioner is attacking the denial of his motions in state court to vacate the 1996 and 1998 convictions based upon the violation of his constitutional rights. The United States District Court Southern District of California therefore has subject matter jurisdiction under the REAL ID Act. See Accord *Ali v. Gonzales*, 421 F.3d 795, 797 n.1 (9th Cir. 2005) (in habeas action seeking an injunction preventing removal to Somalia, "[t]he Real ID Act of 2005,..., does not apply to this case because petitioners do not challenge or seek review of any removal order.")

Respondent states that "this court should not have reached the alternative argument," (*Gideon* exception), "because it lacks subject matter jurisdiction under the REAL ID ACT and other jurisdiction limiting statutes." The United States District Court Southern District of California has subject matter jurisdiction under the REAL ID Act as discussed previously.

Petitioner's non-statutory motions to vacate based upon ineffective assistance of counsel violating his constitutional rights under the 6th and 14th Amendments were dismissed by the Superior Court of the State of California for lack of jurisdiction and the Supreme Court of California denied a petition for review on the non-statutory motions. In applying AEDPA[1] the federal courts examine the state court's last reasoned decision, such as an opinion of the California Supreme Court or Court of Appeal, not simple orders such as a "postcard denial;" of a petition for review by the Supreme Court. *Ylst v Nunnemaker* (1991), 501 U.S. 797, 803; *Benn v. Lambert* (9th Cir. 2002) 283 F.3d 1040, 1052, fn. 7. Petitioner's ineffective assistance of counsel claims have not been adjudicated by the State and Federal Courts. Petitioner's previous State and Federal claims were petitions to reinstate his appeal. They were not petitions to vacate convictions based upon the ineffective assistance of counsel. Petitioner's failure to have his appeal heard, (appellate attorney failed to file his brief therefore failing to perfect the appeal), and the denial of his writ of habeas corpus 28 U.S.C. §2254, (to reinstate his appeal), as time-barred under the one-year statute of AEDPA no channel of review was actually available to the defendant with respect to the conviction.

This Court has found that Petitioner has raised serious legal issues on the *Gideon* claim. Petitioner has been in ICE custody for over 11 months. During that time he has not been able to

---

[1] Antiterrorism and Effective Death Penalty Act of 1996. (28 U.S.C. §2241 et seq.)

receive treatment for his multilevel lumbar degenerative disk disease. His treating physician has stated that without such treatments, Mr. Tatarinov faces "a significantly reduced level of activity and difficulty in taking care of his own independent activities of daily living." However, with the treatment, he has a "good" prognosis for a "higher level of functioning." In January 2008, Petitioner had an episode where he was physically unable to move because of his multilevel lumbar degenerative disk. Approximately 4 months ago (January-February 2008) Petitioner contracted a fungal infection on his lower legs. The fungal infection has since spread upward onto the thighs, groin area, chest, arms, and fingers. The treatment prescribed by the medical staff at the ICE facility over the previous four months has consisted of fungal cream, 4 pills given over the course of 4 weeks, and an anti-fungus shampoo. A Lt. Commander in the medical facility indicated to Petitioner that the fungal infection could cause a secondary infection.

Petitioner has owned and resided in the same residence in San Diego with his wife since May of 1994 and is neither a flight risk nor a danger to the community.

## CONCLUSION

The Court has subject matter jurisdiction over the stay request because it is necessary for the Court to make its decision on the merits of the case. The Court previously found that "Plaintiff has raised a serious legal issue whether he has raised a *Gideon* claim so as to be able to collaterally challenge his state court convictions." Petitioner respectfully requests the *Order Granting Petitioner's Motion for Stay of Removal* remain in effect.

Respectfully submitted,

Dated this May 19, 2008

                                                s/Patricia Lynn Jacks
                                                PATRICIA LYNN JACKS
                                                Attorney for Petitioner
                                                pjacks@san.rr.com

United States District Court

For the Southern District of California

| | |
|---|---|
| Dmitri Vallerveich TATARINOV, ) | Civil No. 07cv2033-L(NLS) |
| Petitioner, ) | USICE No.   A72 779 308 |
| vs. ) | |
| Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit ) | **RESPONSE TO EX PARTE REQUEST FOR FURTHER CONSIDERATON OF THE COURT'S SUBJECT MATTER JURISDICTION** |
| Respondents. ) | |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

**RESPONSE TO EX PARTE REQUEST FOR FURTHER CONSIDERATON OF THE COURT'S SUBJECT MATTER JURISDICTION**

in the following manner:

**Mailing Information for a Case 3:07-cv-02033-L-NLS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Attorney General**            docketingsdawt@doj.ca.gov
- **Samuel William Bettwy**
  Samuel.Bettwy@usdoj.gov,jaclyn.penley@usdoj.gov,efile.dkt.civ@usdoj.gov
- **Kevin R Vienna**
  Kevin.Vienna@doj.ca.gov,DocketingSDAWT@doj.ca.gov,Susan.Volsky@doj.ca.gov,ECFCoordinator@doj.ca.gov,Bonnie.Peak@doj.ca.gov

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

☐ (No manual recipients)

Executed on **May 19, 2008**, at San Diego, California.

s/Patricia Lynn Jacks
PATRICIA LYNN JACKS
Attorney for Petitioner
pjacks@san.rr.com
