UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI VALERYEVICH TATARINOV,<br><br>                Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; *et al.*,<br><br>                Respondents. | Civil No. 07cv2033-L(NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION** |

      In this proceeding for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the court granted Petitioner's motion for stay of removal on May 7, 2008. On May 16, 2008, Federal Respondents filed an Ex Parte Request for Further Consideration of the Court's Subject Matter Jurisdiction ("Ex Parte Application"), requesting further briefing based on 8 U.S.C. § 1252 or, in the alternative, reconsideration of the order granting stay of Petitioner's removal. On May 19, 2008, Petitioner filed an opposition to the Ex Parte Application, arguing that 8 U.S.C. § 1252 does not strip the court of subject matter jurisdiction and requesting that the stay order remain in effect. To the extent Federal Respondents request further briefing, their Ex Parte Application is **GRANTED** as specified below. The application is **DENIED** in all other respects. The court also **ORDERS** the parties to brief additional issues:

      1. Petitioner shall define more precisely what his Petition is directed to and what relief he is seeking. Although he states he "moves that the court grant his U.S.C. § 2241 writ and vacate

the judgments based upon the violation of his constitutional rights" (Pet. at 2), he also suggests that his Petition is not directed toward the state court judgments but rather the state court's order denying his motions to vacate the judgments, and that his purpose is to avoid removal from the United States – the only remaining consequence of the state court convictions. The Petition can be viewed as a challenge to the state court convictions, state court's denial of his motions to vacate the convictions, or the present confinement by the immigration authorities.[1] Petitioner must clarify which of these challenges he is pursuing in his Petition. In addition, if the Petition is based on the state court's denial of motions to vacate, Petitioner and Respondent Superior Court of the State of California, County of San Diego ("State") shall address the issue whether the state court's order triggered a right to pursue a habeas corpus writ in federal court. Furthermore, if Petitioner is not challenging his present confinement by the immigration authorities, then he and Federal Respondents shall address, separately from the jurisdictional issues raised by 8 U.S.C. § 1252, the issue of this court's authority to order a stay of removal.

      2. Petitioner and Federal Respondents shall brief the applicability of 8 U.S.C. § 1252. Federal Respondents' argument that the court lacks jurisdiction is based on the premise that Petitioner is challenging his order of removal, and all legal authority cited in the Ex Parte Application involves challenges to an order of removal. Petitioner maintains that he is not challenging his order of removal, however, none of the legal authority cited in his response involves cases with circumstances similar to his Petition. Accordingly, the parties shall brief the issue whether an attack on the underlying state court conviction must be construed as a request for judicial review under 8 U.S.C. § 1252, and specifically whether the Petition must be so construed. In addition, the parties shall address the question whether an order for stay of removal pending consideration of a habeas corpus petition is, in and of itself, precluded by section 1252.

      3. In the Ex Parte Application, Federal Respondents suggest that the exception based on *Gideon v. Wainwright*, 372 U.S. 335 (1963), may not exist in immigration proceedings at all.

---

[1] Petitioner states he is not challenging his order of removal.

Accordingly, Petitioner and Federal Respondents shall brief the issue whether, assuming Petitioner can state a *Gideon* claim, the *Gideon* exception, discussed in *Contreras v. Schlitgen*, 151 F.3d 906 (9th Cir. 1998), exists in the procedural context of this case.

    4.  All parties shall brief the issue whether the facts of Petitioner's case amount to a *Gideon* claim separately with respect to his 1996 Conviction and the 1998 Conviction. Petitioner shall provide citations to any cases where a *Gideon* claim was successfully made.

    **IT IS FURTHER ORDERED THAT** in their briefing, the parties shall provide legal argument with citations to legal authorities on point, keeping in mind that the Petition was filed under 28 U.S.C. § 2241.  To the extent the parties intend to rely on legal authority pertaining to petitions under 28 U.S.C. § 2254, or petitions challenging orders of removal, or other procedural contexts, the parties shall explain the relevance of that legal authority in the context of this case. Failure to brief any issue as specified herein may constitute grounds to consider the issue waived.

    **IT IS FURTHER ORDERED THAT** the parties shall file their supplemental briefs according to the following schedule:

    1.  Petitioner shall file and serve his supplemental brief, which shall be no more than 15 pages in length, no later than May 29, 2008.

    2.  Respondents shall file and serve their responsive supplemental briefs, which shall be no longer than 15 pages in length, no lather than June 4, 2008.

    3.  Petitioner shall file and serve his supplemental brief in reply, which shall be no longer than ten pages in length, no later than June 9, 2008.

    **IT IS SO ORDERED.**

DATED: May 22, 2008

                                     M. James Lorenz
                                     United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL