Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA 92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit<br>　　　　Respondents. | Civil No. 07cv2033-L(NLS)<br><br>USICE No.　A72 779 308<br><br>**RESPONSE TO ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION** |

　　On May 22, 2008 this Court ordered Petitioner to brief additional issues in response to the Federal Respondents request for further briefing based on 8 U.S.C. §1252. Petitioner is complying with said order.

　　Petitioner requests that the court grant his U.S.C. §2241 writ and vacate the state court convictions based upon the California Supreme Court and the Superior Court of the State of California's dismissal of Petitioner's non-statutory motions to vacate by failing to "act in accord with the dictates of the Constitution and, in particular, in accord with the Due Process Clause." *Evitts v. Lucey*, 469 U.S. 387 (S.Ct. 1985).

THE STATE OF CALIFORNIA'S DENIAL OF PETITIONER'S NON-STATUTORY MOTIONS TO VACATE TRIGGERED A RIGHT TO PURSUE A HABEAS CORPUS WRIT IN FEDERAL COURT

In *Evitts v Lucey*, 469 U.S. 387 (S.Ct. 1985), respondent was convicted of a drug offense in a Kentucky state court, his retained counsel then filed a timely notice of appeal, but failed to file the statement of appeal required by a Kentucky Rule of Appellate procedure. Respondent's appeal was dismissed and later denied a motion for reconsideration. The Kentucky Supreme Court affirmed in a one-sentence order. In a final effort to gain state appellate review, respondent moved the trial court to vacate the judgment or grant a belated appeal. Trial Court denied the motion. The respondent then sought habeas corpus relief in Federal District Court, challenging the dismissal of his appeal on the ground that it deprived him of the right to effective assistance of counsel on appeal guaranteed by the Due Process Clause of the 14th Amendment. The District Court granted a conditional writ of habeas corpus, ordering respondent's release unless the Commonwealth either reinstated his appeal or retried him. The U.S. Court of Appeals affirmed and the U.S. Supreme Court held that the "Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right."

Petitioner is in the same position as the respondent in *Lucey*[1]. Petitioner's failure to have his appeal heard, (appellate attorney failed to file his brief therefore failing to perfect the appeal), the denial of his writ of habeas corpus 28 U.S.C. §2254, (to reinstate his appeal, as time-barred under the one-year statute of AEDPA), the dismissal by the trial court to vacate the judgment, and the California Supreme Court's one-sentence order affirming the trial court's dismissal, resulted in Petitioner seeking habeas corpus relief in the Federal District Court. No channel of review was actually available to the defendant with respect to the conviction.

> If instead a state court chooses to dismiss an appeal when an incompetent attorney has violated local rules, it may do so if such action does not intrude upon the client's due process rights. For instance the Kentucky Supreme Court itself in

---

[1] *Evitts v Lucey*, 469 U.S. 387 (S.Ct. 1985)

other contexts has permitted a post-conviction attack on the trial judgment as "the appropriate remedy for frustrated right of appeal," *Hammershow v. Commonwealth*, 398 S. W. 2d 883 (1996); this is but one of several solutions that state and federal courts have permitted in similar cases....A system of appeal as of right is established precisely to assure that only those who are [469 U.S. 387, 400] validly convicted have their freedom drastically curtailed. A State may not extinguish this right because another right of the appellant – the right to effective assistance of counsel – has been violated.....In short, when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution- and, in particular, in accord with the Due Process Clause. *Evitts v. Lucey*, 469 U.S. 387 (S.Ct. 1985)

The dismissal of Petitioner's non-statutory motions to vacate violated Petitioner's rights under the Due Process Clause and triggered Petitioner's right to pursue a habeas corpus petition.

Under 28 U.S.C. §2255, "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, <u>or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate</u>." Emphasis added. The Supreme Court has held that it possesses jurisdiction under 28 U.S.C. §2241 to grant on "original" writ of habeas corpus to state or federal prisoners in exceptional cases when there are procedural or jurisdictional obstacles under U.S.C. §2254 or §2255. Petitioner is no longer in state custody. Petitioner is in Federal ICE custody. Petitioner named the federal respondents solely to grant the court jurisdiction over the party(s) who hold Petitioner in custody and would therefore be subject to an injunctive order.

Under California law, a defendant may appeal from an order made after judgment, affecting the substantial rights of the defendant. Penal Code §1237 (a) &( b). An appeal from a post-judgment motion to vacate a guilty plea based on a claim of ineffective assistance of counsel will be appealable since the basis for the claim is generally not contained in the record and could not have been raised on direct appeal. This is the "silent record exception" - an appeal is allowed where the record on appeal from the judgment would not have shown the error sought to be asserted. Penal Code §1237 allows an appeal where the record on appeal from the

judgment would not have shown the claim of ineffective assistance of counsel and extra-record evidence of counsel's performance is presented in the motion to vacate. *People v. Gallardo* 77 Cal.App.4th 971, 981 (2000).

The denial of a non-statutory motion to vacate is appealable where the basis of the motion raises matters outside the records of the case. *People v. Thomas* (1959) 52 Cal.2d 521. "Thomas was appealing from a non-statutory post-judgment motion to vacate. "Because the grounds supporting a non-statutory motion are not specifically defined, the "no second appeal" rule serves as a procedural device to discourage defendants from raising any post-judgment claim that could have been raised before imposition of judgment or by way of direct appeal from the original judgment." (*People v. Banks*, 53 Cal 2.d at p 380.)" *People v. Totari* (2002) 28 Cal.4th 876. Petitioner's claim on ineffective assistance of counsel could not have been raised before imposition of judgment or by way of direct appeal from the original judgment. The failure of the State of California to act in accord with the dictates of the Constitution in accordance with the Due Process Clause by dismissing Petitioner's non-statutory motions is a claim presented in Petitioner's habeas petition. This habeas challenge is not attacking the use of a prior conviction as a basis for INS custody, it is attacking the State of California's violation of the Due Process Clause. Therefore federal habeas review is available.

**WHETHER AN ORDER FOR STAY OF REMOVAL PENDING CONSIDERATION OF A HABEAS CORPUS PETITION, IS IN AND OF ITSELF, PRECLUDED BY §1252.**

Section 8 U.S.C. §1252(b)(3)(B), *Stay of order*, is a subsection of §1252(b) *Requirements for review of orders of removal*. Specifically §1252(b)(3)(B) states "Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise." "This provision establishes that courts retain the power to stay an alien's removal pending a petition for review." *Andreiu v. Ashcroft*, 253 F.3d 477 (9th Cir. 2001). Petitioner is not seeking a review of his removal orders.

Section 8 U.S.C. §1252(f), *Limit on injunctive relief*. The Supreme Court has explained, "By its plain terms, and even by its title, that this provision is nothing more or less than a limit on injunctive relief." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481-82

(1999). The Supreme Court held that section §1252(f)(1) limits "class wide injunctive relief against the operation of §§1221-1231, but specifies that this ban does not extend to individual cases." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481-82 (1999) see also 8 U.S.C. § 1252(f)(1).

In *Andreiu v. Ashcroft*, 223 F.3d 1111, the Ninth Circuit held that §1252(f)(2) applies to an alien's motion to stay a final removal order pending resolution of a petition for review.

> §1252(f)(2) Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that entry or execution of such order is prohibited as a matter of law.

The United States Court of Appeals for the Ninth Circuit "considered the application of certain 1996 amendments to the nation's immigrations laws to an alien's motion for stay of removal proceedings pending the resolution of a petition for review" in *Andreiu*[2]. The Court concluded (sitting en banc) "that §§1252(f)(2) <u>does not limit the power of federal courts to grant a stay of removal</u>.[3]" Emphasis added. The court also stated "as a matter of statutory construction, that

---

[2] *Andreiu v. Ashcroft*, 253 F.3d 477

[3] The INS suggests that construing §§ 1252(f)(2) in light of other provisions in the statute is contrary to the statute's command that §§ 1252(f)(2) applies "[n]otwithstanding any other provision of law." But this phrase cannot be sensibly read as foreclosing resort to other sections of the statute in an attempt to determine the meaning of the term "enjoin." Rather, the phrase means that §§ 1252(f)(2)'s standard for granting injunctive relief in removal proceedings trumps any contrary provision elsewhere in the law. It says nothing about what interpretive techniques are appropriate to determining whether a stay is included within this category of injunctive relief.

Finally, we note the Supreme Court's command that, when possible, we interpret statutes so as to preclude absurd results. United States v. Wilson, 503 U.S. 329, 334 (1992). The INS's interpretation of §§ 1252(f)(2) would limit the courts' ability to issue stays of deportation except when the petitioner has shown by "clear and convincing evidence" that the removal order is "prohibited as a matter of law." However, the courts of appeal review the legal

the term "enjoin", in this context, is not equivalent to the term "stay." *Andreiu v. Ashcroft*, 253 F.3d 477.

"Although the alien in *Andreiu,* sought review of the denial of his asylum claim, the court's opinion that §1252(f) does not apply to stays of removal was not grounded in asylum law. Thus, *Andreiu*'s rational is applicable to removal or reinstatement orders in general." *Bejjani v. Ashcroft*, 271 F.3d 670 (6th Cir. 2001).

In *Maharaj v Ashcroft*, 295 F.3d 963, (9th Cir. 2002), the Court considered whether 8 U.S.C. §1252(f)(2) limited the authority of federal courts to prevent an alien's removal pending appeal from the denial of a habeas corpus petition challenging the merits of the removal order. The Court held that 8 U.S.C. §1252(f)(2) "does not apply to motions for injunctive relief pending appeal of habeas corpus decisions."

Likewise, in *Mohammed v Reno*, 309 F.3d 95 (2nd Cir. 2002) alien petitioned for writ of habeas corpus (challenging denial of discretionary relief), District Court issued a stay of

---

determinations of the BIA de novo. Fisher v. INS, 79 F.3d 955, 961 (9th Cir. 1996) (en banc). In any case raising legal issues, INS's interpretation would require a more substantial showing for a stay of deportation than it would for a reversal on the merits. This would effectively require the automatic deportation of large numbers of people with meritorious claims, including every applicant who presented a case of first impression.

Moreover, adherence to the rigid standard the INS urges would essentially duplicate the decision on the merits, requiring the petitioner to show a certainty of success. Such a standard would require full-scale briefing at the beginning of the appellate process, often before the petitioner has even received a copy of the administrative record. In those cases in which a motions panel grants the stay on the basis that the INS's order is clearly prohibited as a matter of law, the issue before the merits panel would be the same issue that a motions panel had previously resolved in favor of the petitioner. None of these results are at all sensible as a matter of judicial administration or of the detailed structure the statute establishes for review of BIA decisions. See 8 U.S.C. §§ 1252 *Andreiu v. Ashcroft* 253 F.3d 477 (9th Cir. 2001)

removal, habeas corpus relief was denied, but the Court ordered that stay would remain in effect unless lifted by the Court of Appeals. The Government than motioned the Court of Appeals to vacate stay of removal. The Court concluded "that the heightened standard of review required by subsection 242(f)(2) did not apply to the District Court's consideration of a stay pending appeal, nor does it apply to our consideration of the motion to lift the stay." The Court than applied the standards for a stay for the pending appeal. An order for stay of removal pending consideration of a habeas corpus petition is not precluded by §1252.

**WHETHER AN ATTACK ON THE UNDERLYING STATE COURT CONVICTION MUST BE CONSTRUED AS A REQUEST FOR JUDICIAL REVIEW UNDER 8 U.S.C. §1252, AND WHETHER THE PETITION MUST BE SO CONSTRUED.**

Plain reading for §1252 is that §1252 is for the judicial review of orders of removal. Petitioner is not requesting a judicial review of his order of removal. Petitioner has sought habeas review of the constitutional claim arising from the State of California's violation of the Due Process Clause.

Under §1252(a)(1)(D) "Judicial review of certain legal claims: Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." The REAL ID Act of 2005 in turn provides that "[n]othing in [8 U.S.C. § 1252(a)(2)(C)] . . . shall be construed as precluding review of constitutional claims or questions of law." REAL ID Act of 2005, Pub. L. No.109-13, 119 Stat. 231 (2005) (codified at 8 U.S.C. § 1252(a)(2)(D)). The "Exclusive jurisdiction provision of IIRIRA depriving courts of jurisdiction over claims arising from removal orders was constitutional, <u>where habeas review remained available to raise substantial constitutional questions</u>." *Ramallo v. Reno*, 114 F.3d 1210. Emphasis added. The constitutional question raised by the Petitioner is subject to habeas review and Petitioner's petition need not be construed as a request for judicial review under 8 U.S.C. §1252 *Judicial review of orders of removal.*

**DOES A GIDEON CLAIM EXIST IN THE PROCEDURAL CONTEXT OF THIS CASE**

Federal habeas review is not limited, the challenge is to the State of California's dismissal of the Petitioner's non-statutory motions to vacate by failing to act in accord with the dictates of the Constitution in accordance with the due Process Clause. Under §1252(a)(1)(D) "Judicial review of certain legal claims: Under §1252(a)(1)(D) "Judicial review of certain legal claims: Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." The REAL ID Act of 2005 in turn provides that "[n]othing in [8 U.S.C. § 1252(a)(2)(C)] . . . shall be construed as precluding review of constitutional claims or questions of law." REAL ID Act of 2005, Pub. L. No.109-13, 119 Stat. 231 (2005) (codified at 8 U.S.C. § 1252(a)(2)(D)).

*Contreras v. Schlitgen*, 151 F.3d 906 (9th Cir. 1998), "limited to the deportation context", held that

> Under Custis, as interpreted by Clawson, we must hold that when a habeas petition attacks the use of a prior conviction as a basis for INS custody, and the prior sentence has expired, federal habeas review is limited. When the federal proceeding is governed by statutes that limit inquiry to the fact of conviction, there can be no collateral review of the validity of the underlying conviction except for *Gideon* claims.

*Gideon* claims do exist in immigration proceedings as noted above. However this is not an immigration proceeding. ICE is currently holding Petitioner pending removal. Petitioner has been found removable as an alien convicted of a crime involving moral turpitude within five years of admission pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as well as an alien convicted of two or more crimes involving moral turpitude. All sentences have expired. Petitioner does not seek review of Petitioner's removal order.

In *Drakes v. I.N.S.*, 330 F.3d 600 (3d Cir. 2003), following *Contreras v. Schlitgen*, 151 F.3d 906 (9th Cir. 1998), *Daniels*, 532 U.S. at 382, 121 S.Ct. 1578 and *Coss*, 532 U.S. at 396-97,

121 S.Ct. 1567[4], "We affirm the District Court's decision to extend the Supreme Court's holdings in *Daniels* and *Coss* to bar in a section 2241 habeas proceeding a collateral attack on a prior state conviction where the conviction serves as a predicate for an order of removal. Drakes closed the door on review of his state convictions by failing to timely pursue a remedy through direct appeal, state post-conviction review, or a habeas petition." Drakes pled guilty in Delaware state court to two counts of second-degree forgery. Drakes did not challenge any aspect of the proceedings on direct appeal.

"Accordingly, as in *Daniels,* we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [citation omitted]. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Drakes v. I.N.S.*, 330 F.3d 600 (3d Cir. 2003). Petitioner is challenging the State of California's dismissal of his non-statutory motions violating the Due Process Clause.

---

[4] Although *Daniels* and *Coss* dealt with submissions under sections 2255 and 2254, and as such dealt with challenges to an enhanced prison sentence, the Supreme Court's reasoning is equally applicable to the present situation. There is no meaningful difference between a collateral attack on an expired state conviction underlying removal proceedings and a collateral attack on an expired state criminal conviction underlying an enhanced sentence. *See Contreras v. Schiltgen,* 122 F.3d 30, 31-32 (9th Cir.1997), *rehearing granted,* 151 F.3d 906 (9th Cir.1998) (affirming dismissal of an alien's 28 U.S.C. § 2241 petition and holding that he "may not collaterally attack his state court conviction in a habeas proceeding against the INS"); *Neyor v. INS,* 155 F.Supp.2d 127, 137 (D.N.J. 2001) ("[prior cases] suggest that this Court should not review the validity of an expired conviction under § 2241 where that conviction serves as a predicate for INS detention").

### Gideon Claim:

"The Supreme Court has identified two possible exceptions to the "in custody" requirement. The first is a *Gideon* violation, or a complete failure of counsel. *Custis v United States*, 511 U.S. 485, 494-96 (1994)." *Resendiz v Kovensky, Acting Director*, 416 F.3d 952 (9th Cir. 2005). To state a *Gideon* claim, the petitioner must claim that he was denied representation not merely that his attorney committed error.

> "Nominal representation on an appeal as of right - like nominal representation at trial - does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney. The promise of *Douglas V. California*, 372 U.S. 353, that a criminal defendant has a right to counsel on his first appeal as of right – like the promise of *Gideon v. Wainwright*, 372 U.S. 335, that a criminal defendant has a right to counsel at trial – would be a futile gesture unless it comprehended the right to effective assistance of counsel." *Evitts v. Lucey*, 469 U.S. 387 (S.Ct. 1985).

1996 Conviction: Petitioner was represented by counsel at trial. Petitioner believed he was being represented by counsel for the appeal stage of his conviction. It was only after the appeal was dismissed that he found out he was not being represented, the failure of his attorney to file the appellate brief was not just an "attorney error". The question then becomes is a *Douglas*[5] violation equivalent to a *Gideon* violation. Both *Douglas* and *Gideon* guarantee a criminal defendant the right to counsel and the right to counsel includes the effective assistance of counsel. In Foote v. Sue Del Papa; McDaniel, 486 F.3d 1166 (9th Cir. 2006) the court held

> Foote's reliance on *Anders v. California*, which involved appointed counsel <u>who failed to file a brief on behalf of his client on appeal</u>, also does not help him. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel wrote to the court that he was "of the opinion that there is no merit to the appeal." *Id.* at 742, 87 S.Ct. 1396. The Supreme Court held that this <u>denied the defendant the right to appointed counsel guaranteed by *Gideon v. Wainwright*</u>, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), because "[t]he constitutional requirement of

---

[5] *Douglas V. California*, 372 U.S. 353

substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of an amicus curiae." 386 U.S. at 744, 87 S.Ct. 1396. By contrast, Foote's counsel raised claims in the direct appeal.

*Entsminger v. Iowa* is similarly inapposite. 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967). There, the Court held that petitioner's appointed counsel had not "function[ed] in the active role of an advocate" because he failed to file the papers necessary to perfect a plenary appeal. *Id.* at 751, 87 S.Ct. 1402. Counsel apparently did this because he believed petitioner's appeal lacked merit.

Petitioner was denied representation – a complete failure of counsel at a critical phase, a *Gideon* violation. "With the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA. Pp. 490-497" Custis v. United States, 511 U.S. 485 (1994). Under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, (1967), the Petitioner's right to counsel as guaranteed by *Gideon* was denied by the failure of Petitioner's attorney to file the appellate brief, a *Gideon* claim.

"The second, which Resendiz asserts, is a possible "rare" exception, not yet defined, where "no channel of review was actually available to a defendant with respect to a prior conviction." *Daniels v. United States,* 532 U.S. 374, 383, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001); *see also Johnson v. United States,* 544 U.S. ___, 125 S.Ct. 1571, 1578 and n. 4, 161 L.Ed.2d 542 (2005) (stating that the Court has recognized "only one exception," the *Gideon* exception, to the general prohibition on collateral attacks and declining to explore the possible "rare" second exception)." *Resendiz v. Kovensky, Acting Director*, 416 F.3d 952. The Court has suggested that the "rare exception" may exist where "a state court ... without justification, refuse[s] to rule on a constitutional claim that has been presented to it" or where a defendant "obtain[s] compelling evidence that he is actually innocent," *Lackawanna County Dist. Atty. V. Coss*, 532 U.S. 394, 405 (2001). Petitioner's non-statutory motion to vacate his 1996 conviction based upon ineffective assistance of counsel for failure to file appellate brief was dismissed by the Superior Court of the State of California for lack of jurisdiction and the Supreme Court of

California denied a petition for review on the non-statutory motion. In applying AEDPA[6] the federal courts examine the state court's last reasoned decision, such as an opinion of the California Supreme Court or Court of Appeal, not simple orders such as a "postcard denial;" of a petition for review by the Supreme Court. *Ylst v Nunnemaker* (1991), 501 U.S. 797, 803; *Benn v. Lambert* (9th Cir. 2002) 283 F.3d 1040, 1052, fn. 7. The California Supreme Court refused to rule on Petitioner's constitutional claim even though they had previously found that Petitioner's attorney failed "to perform legal services with competence, in violation of Rules of Professional Conduct, Rule 3-110(A)." *State Bar of California v. Vladimir Verhovskoy*, 01-O-00503 (2002).

No channel of review was actually available to a Petitioner with respect to the 1996 conviction. Attorney failed to file appellate brief, Petitioner's habeas petition to reinstate the appeal was denied as time barred under AEDPA, "although actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice," *Strickland v. Washington*, 466 U.S. 668 (1984), and under *Anders v. California,* 386 U.S. 738 (1967), the failure of Petitioner's attorney to file a brief is a *Gideon* violation.

1998 Conviction: Petitioner on the advice of his attorney pled guilty to the 1998 theft offense. Petitioner was concerned that this conviction could result in deportation. Petitioner's attorney had previously represented Petitioner in the 1998 felony conviction and was also his immigration attorney. Petitioner's attorney, already under a conflict of interest for failure to file an appellate brief as instructed and lying about the status of the appeal, was no longer acting in Petitioner's interest.

> "...like nominal representation at trial - does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. ... like the promise of *Gideon v. Wainwright*, 372 U.S. 335, that a criminal defendant has a right to counsel at trial – would be a futile gesture unless it comprehended the right to effective assistance of counsel." *Evitts v. Lucey*, 469 U.S. 387 (S.Ct. 1985).

Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia,*

---

[6] Antiterrorism and Effective Death Penalty Act of 1996. (28 U.S.C. §2241 et seq.)

450 U.S. 262, 271 (1981). The possibility of a conflict of interest is insufficient to impugn a criminal conviction. In order to establish a violation of the Sixth Amendment, a defendant must show that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335 (1980).

Similar to Petitioner's case, in *Jamison v. Lockhart*, 975 F.2d 1377 (8th Cir. 1992) "Jamison also alleges that he asked Wright to pursue an appeal and he relied on Wright's agreement to do so when, in fact, Wright took no steps to effect an appeal. <u>These allegations, at the very least, raise the specter of a very serious conflict of interest</u>, and allow an inference that, perhaps as a result of the conflict, Wright may have acted in a manner contrary to Jamison's interests.

> With this factual background in place, we turn to the single issue on appeal. Through his appellate counsel, Jamison argues that his procedural default on the conflict of interest claim was caused by the conflict of interest violation itself. In other words, Jamison is arguing that his <u>continued reliance on counsel whose loyalty was tainted by conflict of interest prevented him from discovering the conflict of interest problem until it was too late to pursue an appeal in the state courts.</u> This is an extremely narrow and tenuous claim, but the facts of this case are extraordinary and should be examined carefully in the light of the relevant standards.
>
> When the defaulted claim is that counsel was burdened by an actual conflict of interest, the "prejudice" element is presumed. *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1983).... Therefore, we reverse the district court's order dismissing Jamison's petition and remand his case to the district court for a hearing on the issue of cause."

Petitioner's attorney, by failing to file an appellate brief as instructed for the 1996 conviction, and the subsequent deceit and lies regarding the 1996 appeal created an actual conflict of interest. This conflict and the subsequent lying to the Petitioner clearly show that the attorney was no longer playing the role of an advocate for the Petitioner in the 1998 conviction. Although Petitioner believed he had counsel, he was not represented by counsel, a *Gideon* violation.

The second exception to the "in custody" requirement is a possible "rare" exception, not yet defined, where "no channel of review was actually available to a defendant with respect to a

prior conviction." *Resendiz v. Kovensky, Acting Director*, 416 F3.d 952. Please see discussion located above in 1996 conviction.

Collateral Review of the Validity of the Underlying Conviction

<u>1996 Conviction</u>: "Because the grounds supporting a non-statutory motion are not specifically defined, the "no second appeal" rule serves as a procedural device to discourage defendants from raising any post-judgment claim that could have been raised before imposition of judgment or by way of direct appeal from the original judgment." (*People v. Banks*, 53 Cal 2.d at p 380.)" *People v. Totari* (2002) 28 Cal.4th 876. Appellant's claim on ineffective assistance of counsel could not have been raised before imposition of judgment or by way of direct appeal from the original judgment. Petitioner's original appellate attorney's ineffective assistance of counsel happened during the appeal phase of the proceedings.

<u>1998 Conviction</u>: Penal Code §1237 (a) & (b). An appeal from a post-judgment motion to vacate a guilty plea based on a claim of ineffective assistance of counsel will be appealable since the basis for the claim is generally not contained in the record and could not have been raised on direct appeal. This is the "silent record exception" - an appeal is allowed where the record on appeal from the judgment would not have shown the error sought to be asserted. Penal Code §1237 allows an appeal where the record on appeal from the judgment would not have shown the claim of ineffective assistance of counsel and extra-record evidence of counsel's performance is presented in the motion to vacate. *People v. Gallardo* 77 Cal.App.4th 971, 981 (2000). The rule – that constitutional violations must find a remedy even if no statute provides one – has been specifically applied to claims of ineffective counsel. *Murguia v. Municipal Court* 15 Cal.3d 286, 124 (1975); *People v. Fosselman* 33 Cal.3d 572, 189 (1983).

Respectfully submitted,

Dated this May 28, 2008

                                           s/Patricia Lynn Jacks
                                           PATRICIA LYNN JACKS
                                           Attorney for Petitioner
                                           pjacks@san.rr.com

United States District Court

For the Southern District of California

| | |
|---|---|
| Dmitri Vallerveich TATARINOV, | Civil No. 07cv2033-L(NLS) |
| Petitioner, | USICE No.   A72 779 308 |
| vs. | |
| Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit | **CERTIFICATE OF SERVICE** |
| Respondents. | |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

**RESPONSE TO ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION**

in the following manner:

**Mailing Information for a Case 3:07-cv-02033-L-NLS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Attorney General**   docketingsdawt@doj.ca.gov
- **Samuel William Bettwy**
  Samuel.Bettwy@usdoj.gov,jaclyn.penley@usdoj.gov,efile.dkt.civ@usdoj.gov
- **Kevin R Vienna**
  Kevin.Vienna@doj.ca.gov,DocketingSDAWT@doj.ca.gov,Susan.Volsky@doj.ca.gov,ECFCoordinator@doj.ca.gov,Bonnie.Peak@doj.ca.gov
- **Sabrina Y Lane-Erwin** sabrina.laneerwin@doj.ca.gov, DocketingSDAWT@doj.ca.gov, ECFCoordinator@doj.ca.gov, Kimberly.wickenhagen@doj.ca.gov

**Manual Notice List:** The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

☐ (No manual recipients)

Executed on **May 28, 2008**, at San Diego, California.

                                              s/Patricia Lynn Jacks
                                              PATRICIA LYNN JACKS
                                              Attorney for Petitioner
                                              pjacks@san.rr.com

RESPONSE TO ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION
15
07cv2033