Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA  92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV, | Civil No. 07cv2033-L(NLS) |
| Petitioner, | USICE No.   A72 779 308 |
| vs. | **NOTICE OF MOTION AND MOTION FOR ORDER OF RELEASE DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS** |
| Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security;  U.S. Attorney, Southern District;  ICE Detention & Removal Unit | |
| Respondents. | |

REQUEST FOR ORDER OF RELEASE

This Court has found that Petitioner has raised serious legal issues on the *Gideon* claim and granted Petitioner's Motion for Stay of Removal on May 8, 2008.  Petitioner hereby moves this court to order INS to release him on a reasonable bond during the pendency of these habeas proceedings.

James Patterson, Petitioner's Immigration Attorney, has petitioned ICE several times for Petitioner's release over the last 11 months.  Even knowing that the Petitioner has a habeas corpus petition, his medical condition, that he is not a flight risk, and that he is not a danger to the community, ICE simply refuses to consider his release.

During the time Petitioner has been in custody Petitioner has not been able to receive treatment for his multilevel lumbar degenerative disk disease. His treating physician has stated that without such treatments, Mr. Tatarinov faces "a significantly reduced level of activity and difficulty in taking care of his own independent activities of daily living." However, with the treatment, he has a "good" prognosis for a "higher level of functioning." In January 2008 Petitioner was physically unable to move for a period of time because of his multilevel lumbar degenerative disk disease. Approximately 4 months ago (January-February 2008) Petitioner contracted a fungal infection on his lower legs. This fungal infection has spread upward onto the thighs, groin area, chest, arms, and fingers. The treatment prescribed by the medical staff at the ICE facility over the previous four months has consisted of fungal cream, 4 pills given over the course of 4 weeks, and an anti-fungus shampoo. Lt. Commander Sailor (spelling) has indicated to Petitioner that the fungal infection could cause a secondary infection.

In February of 2007 Petitioner received a notice from the Department of Homeland Security, dated February 12, 2007, requiring that Petitioner surrender to the nearest Immigration and Customs Enforcement Detention and Removal Office within five days of March 6, 2007. Exhibit 1. On February 26, 2007, Petitioner faxed the notice to James Patterson (Patterson), Petitioner's Immigration Attorney, and requested an appointment. Patterson informed Petitioner that he (Patterson) would go to the local office and request a stay. Petitioner asked if he should go with Patterson to the office, Patterson stated that "no, he did not want Dmitri to go." Prior to the surrender date Petitioner spoke with Patterson several times regarding whether or not Petitioner needed to go with Patterson to ICE. Petitioner was willing to surrender as was requested because he did not want to disobey the law nor forfeit the bond. Petitioner's cooperation with all prior court requests is evidence of Petitioner's willingness to surrender as requested. Patterson was very adamant that he did not want Petitioner to go to the ICE office and stated that Petitioner's appearance was not necessary as Patterson was working with ICE personnel regarding the stay request. Exhibit 2. Patterson also stated that ICE would not "pick up" Petitioner as there was a request for a stay pending.

In April of 2007, Petitioner received a notice saying that the immigration bond had been breached because Petitioner had not surrendered to ICE. Exhibit 3. This was immediately faxed

1  to Patterson and Patterson filed an I-290B, *Notice of Appeal to the Administrative Appeals Office*
2  *(AAO)*, on May 10, 2007. Exhibit 4.
3      During the evening of June 28, 2007 Petitioner was arrested at home by ICE for failure to
4  surrender. Petitioner's arrest was filmed by the local television station and broadcast on the
5  11:00 news as the lead story.
6      Throughout the summer of 2007 Patterson continued to contact ICE regarding the stay
7  request from March. It was not until September 2007 that the stay request was adjudicated.
8  Exhibit 5.
9      On October 22, 2007, this attorney personally spoke with Officer Eliana Hayes (Hayes),
10 Deportation Officer Removal Unit, who stated that ICE was waiting for travel documents from
11 the Russian Federation Consulate as a "td pack was sent to the embassy by her assistant on July
12 24, 2007. On March 24, 2008 Hayes faxed the "td pack" to this attorney. Exhibit 6. On
13 October 14, 2007 ICE issued a *Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)* which
14 again refused to release Petitioner because of failure to assist ICE in obtaining a travel document.
15 Exhibit 7.
16     On October 18, 2007 issued a *Decision to Continue Detention.* Exhibit 8. On    October
17 29, 2007 Hayes sent a fax stating Petitioner would remain detained. Exhibit 9.    On November
18 21, 2007 Patterson personally delivered a renewed request for Release on Bond and the most
19 recent filings in this case. Exhibit 10 through 11.
20     On January 28, 2008 the bond appeal was rejected for the following reason: "The appeal
21 has been filed by the bonded alien's attorney. Only an affected party, a person or entity with
22 legal standing may file an appeal of an unfavorable decision". Exhibit 12 through 13.
23 Patterson's failure to file the bond appeal on behalf of Patricia Jacks-Tatarinov (not Petitioner)
24 resulted in the forfeiture of the $3,000 bond and the opportunity to have the bond breach
25 "unbreached"; Patterson's instructions to Petitioner not to report to ICE has resulted in ICE
26 labeling Petitioner a "flight risk."
27     On May 15, 2008, after this Court's *Order Granting Petitioner's Motion for Stay of*
28 *Removal*, Patterson requested Petitioner's release. On May 19, 2008, John A. Garzon, Assistant
   Field Office Director, San Diego Field Office, denied the request stating Petitioner is a "flight

risk" and "has refused to cooperate with ICE in obtaining a travel document as required by law to effect his removal." Exhibit 14.

On May 20, 2008, Patterson submitted a renewed request for release with a declaration explaining in writing the "breached" bond. Patterson's declaration clearly shows that Petitioner did not intentionally or knowingly breach his bond. Exhibit 15 through 17.

Petitioner has owned and resided in the same residence in San Diego with his wife since May of 1994 and is neither a flight risk nor a danger to the community. He was arrested at his home as part of a combined ICE and local news station operation.

Petitioner has not filed a travel document request to Russia because he is waiting on the results of this habeas petition. If Petitioner filled out the travel request and was deported prior to the adjudication of these proceedings – no matter the result – his record with the United States Immigration Service would should him as a deported alien and almost certainly bar him from reentry. ICE Officers have been informed of the reasons Petitioner has not filled out the travel documents. In fact it was not until sometime after February 2008 that the Russian Federation Consulate informed ICE that they could accept Petitioner. For these reasons ICE label have labeled Petitioner a "flight risk" and "uncooperative."

## CONCLUSION

The Court previously found that "Plaintiff has raised a serious legal issue whether he has raised a *Gideon* claim so as to be able to collaterally challenge his state court convictions." Petitioner is neither a flight risk nor a danger to the community. He respectfully requests an order granting his release be granted so that he may obtain proper medical care and be reunited with his family.

Respectfully submitted,
Dated this June 1, 2008

                                       s/Patricia Lynn Jacks
                                       PATRICIA LYNN JACKS
                                       Attorney for Petitioner
                                       pjacks@san.rr.com

United States District Court

For the Southern District of California

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>        Petitioner,<br><br>    vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit<br>        Respondents. | Civil No. 07cv2033-L(NLS)<br><br>USICE No.   A72 779 308<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party

**NOTICE OF MOTION AND MOTION FOR ORDER OF RELEASE DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS**

in the following manner:

**Mailing Information for a Case 3:07-cv-02033-L-NLS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Attorney General**      docketingsdawt@doj.ca.gov
- **Samuel William Bettwy**
  Samuel.Bettwy@usdoj.gov,jaclyn.penley@usdoj.gov,efile.dkt.civ@usdoj.gov
- **Kevin R Vienna**
  Kevin.Vienna@doj.ca.gov,DocketingSDAWT@doj.ca.gov,Susan.Volsky@doj.ca.gov,ECFCoordinator@doj.ca.gov,Bonnie.Peak@doj.ca.gov
- **Sabrina Y Lane-Erwin** sabrina.laneerwin@doj.ca.gov, DocketingSDAWT@doj.ca.gov, ECFCoordinator@doj.ca.gov, Kimberly.wickenhagen@doj.ca.gov

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

☐ (No manual recipients)

Executed on **June 1, 2008**, at San Diego, California.

                                                              s/Patricia Lynn Jacks
                                                              PATRICIA LYNN JACKS
                                                              Attorney for Petitioner
                                                              pjacks@san.rr.com