Civil No. 07cv2033-L(NLS)          USICE No.    A72 779 308

**EXHIBITS FOR: NOTICE OF MOTION AND MOTION FOR ORDER OF RELEASE DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS**

1. U.S. Immigration and Customs Enforcement letter (Notification to report)
2. Application for Stay of Deportation or Removal
3. Department of Homeland Security (Notification of bond breach)
4. I-290B, Notice of Appeal to the Administrative Appeals Office (AAO)
5. U.S. Immigration and Customs Enforcement letter (Denial of Stay)
6. Information for Travel Document Passport
7. U.S. Immigration and Customs Enforcement (Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)
8. U.S. Immigration and Customs Enforcement (Decision to Continue Detention)
9. U.S. Department of Homeland Security (Decision to Continue Detention)
10. Renewed request for release on bond
11. Renewed request for release on bond continued
12. U.S. Citizenship and Immigration Services (Denying bond appeal)
13. U.S. Citizenship and Immigration Services (Denying bond appeal) continued
14. U.S. Customs Immigration and Customs Enforcement (Denying request for bond)
15. Renewed request for release on bond be set
16. Affidavit from James Patterson, Immigration Attorney
17. Affidavit from James Patterson, Immigration Attorney continued


**U.S. Immigration and Customs Enforcement**

U.S. Department of Homeland Security
Immigration and Customs Enforcement

FILE NUMBER:  A72 779 308
DATE:  February 12, 2007

Name    : Patricia Lynn Jacks
Address: 5790 Friars Rd. F8
         San Diego, CA. 92110

Alien's Name(s): Dimitri TATARINOV

Pursuant to the terms of the bond posted by you for the release from custody of the above named alien(s), DEMAND is hereby made upon you to surrender such alien(s) for interview and case review. Said alien must appear at the following date, time and place. He/she must present the required identity documentation:

| | |
|---|---|
| DATE: | Within five (5) days of this date: **March 6, 2007** |
| TIME: | 10:00 A.M. |
| Office hours & dates: | **We advise that parties ascertain hours and days of operation of the nearest field office.** |
| PLACE: | Dept. of Homeland Security, Your nearest Immigration and Customs Enforcement, Detention and Removal Office. |
| Contact No.'s | http://www.ice.gov/about/dro/contact.htm |
| BRING: | A current & valid passport, birth certificate, any identity documents you have in your possession. * |

**YOU ARE INFORMED THAT FAILURE TO SURRENDER THE ALIEN(S) IN ACCORDANCE WITH THIS DEMAND WILL RESULT IN STEPS BEING TAKEN TOWARD THE BREACHING OF THE ABOVE MENTIONED BOND AND ITS FORFEITURE TO THE GOVERNMENT.**
**Please direct all questions and concerns to your local Detention and Removal Office.**

*Failure to provide required passports and documents may result in your custody being re-determined.

BBAT001
DHS Official

Notice to: [ ] Obligor  [ ] Co-Obligor
Cc: [ ] Alien  [ ] Indemnifier  [ ] Attorney of Record

CERTIFIED MAIL RETURN RECEIPT REQUESTED  7006 0810 0006 7474 7036

EXHIBIT 1

U.S. Department of Justice  
Immigration and Naturalization

OMB APPROVAL No. 1115-0055

## Application for Stay of Deportation or Removal

| Fee Stamp |
|---|
| Mar 6/07 002819598 CIS-DN T-246 $155.00 |

| File No | 72 779 308 |
|---|---|
| Date | 03/01/2007 |

**SUBMIT IN DUPLICATE**

*Read instructions on reverse before filling out application*

1. Name (Family Name in CAPITAL letters, First, Middle)  
TATARINOV Dimitri V

2. Present Address (Apt No) (Number and Street) (Town or City) (State) (Zip Code)  
F8   5790 Friars Road   San Diego   CA   92110

3. Country of Citizenship: USSR

4. Date to which passport is valid (Attach passport): In USICE File

5. Country to which deportation or removal has been ordered: Russia

6. Date to which stay of deportation or removal is requested: 06 July 2007

7. Reasons for requesting stay of deportation or removal

Mr. Tatarinov's counsel is currently determining whether or not to file a Petition for Rehearing with the Court of Appeals for the Ninth Circuit. The mandate will issue in that case on April 2, 2007. Additionally, Mr Tatarinov has an appeal pending in the California Court of Appeals on his Motions to Vacate the Judgements issued in his criminal case based on ineffective assistance of counsel. Mr. Tatarinov and his U.S. citizen wife are also submitting a request for Representative Susan Davis to sponsor a private bill. This will take several weeks to have a response. Finally, Mr. Tatarinov suffers from a spinal condition that requires him to receive periodic lumbar epidurals and selective nerve root injections. It is important for him to receive treatment and stabilize his medical situation before leaving.

8. I certify that all the statements I have made in this application are true and correct to the best of my knowledge and belief.

x *Dimitri Tatarinov* (Signature)   San Diego, California (Location)   03/01/2007 (Date)

9. Signature of person preparing form, if other than applicant.  
I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. Failure by a preparer to complete this block may result in criminal prosecution and, upon conviction, a fine or imprisonment.

(Signature)   James R Patterson, Attorney at Law (Printed Name)   03/01/2007 (Date)

**APPLICANT: DO NOT WRITE BELOW THIS LINE**

Stay ☐ Denied ☐ Granted _____ at _____  
(Date)   (Place Where Granted)

By _____  
(Signature) (Title) (Date)

Form I-246 (Rev. 09/19/00) Y

EXHIBIT 2

Department of Homeland Security
U.S. Immigration and Customs Enforcement

| | |
|---|---|
| Breach Number: | COW 2089 |
| File Number: | A 72779308 |
| Date: | 4/11/2007 |

**Immigration Bond**

| | |
|---|---|
| Type: | DELIVERY |
| Date: | 04/17/1998 |
| Receipt Number: | SND-C024910 |
| Amount: | $3,000.00 |
| Alien's Name: | DIMITRI TATARINOV |

**NOTICE – IMMIGRATION BOND BREACHED**

O B L I G O R

JACKS, PATRICIA LYNN
5790 FRIARS ROAD F8
SAN DIEGO, CA 92110

The conditions of the above-described immigration bond having been violated as to the above-named alien, it has been concluded that such bond has been breached on 3/14/2007 for the following reasons:

A demand dated 2/12/2007, was sent to you requiring that you surrender DIMITRI TATARINOV for interview within five (5) days on, or after, 3/6/2007 at 10:00 A.M. at the nearest DHS-ICE office.

You failed to surrender the above alien as demanded.

☒ Disposition of the United States bonds or notes, or cash, accepted as security on the above-described bond will be made in accordance with the terms thereof.

☐ Attached is Bill No. _____ in the amount of $_____. Send remittance to the office shown on the bill.

If you desire to appeal this decision, complete and file the enclosed Form I-290B, "Notice of Appeal to Regional Commissioner." The Form I-290B should be filed with this office, together with a fee of $385.00 <u>within 30 days</u> from the date of this notice. A brief or other written statement in support of your appeal may be submitted with Form I-290B.

If no appeal is filed within the time allowed, this decision is final.

_____ D. Weeks _____
(Signature)

Detention and Deportation Officer

CERTIFIED: 70062760000233664781

Form I-323
(Rev. 3-15-77)N



EXHIBIT 3

FROM : FAX NO. : Mag. 10 2007 03:15PM P2

OMB No. 1615-0095; Expires 10/31/08

**I-290B, Notice of Appeal to the Administrative Appeals Office (AAO)**

Department of Homeland Security
U.S. Citizenship and Immigration Services

Fee Stamp

In the Matter of:

TATARINOV   Dimitri

File Number: 72 779 308

V

1. I am filing an appeal from the decision dated:

   April 11, 2007

**Person Filing Appeal**

Signature: _[signed] Ja R Patt_

Name: James Patterson

Address: 110 West C Street, Suite 905
_Number and Street_

San Diego            CA            92101
_City_              _State_        _Zip Code_

Telephone No. 619-233-4431

E-mail address, if any jamespatterson@sbcglobal.net

Date 05/10/2007

2. Please check the one block that applies:

   ☐ I am not submitting a separate brief or evidence.

   ☒ I am submitting a separate brief and/or evidence with this form.

   ☐ I am sending a brief and/or evidence to the AAO within 30 days.

   ☐ I need _____ days to submit a brief and/or evidence to the AAO. (May be granted only for good cause shown. Explain in a separate letter, and attach the letter to your form.)

☒ I am an attorney or representative, and I represent

Dmitri Tatarinov
_Person and/or organization for whom you are appearing_

Telephone No. 619-233-4431

E-Mail address, if any jamespatterson@sbcglobal.net

You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.

3. Briefly, state the reason(s) for this appeal:
We are appealing the violation of the conditions of the bond in the above referenced case. Mr. Tatarinov is willing and ready to report as required. However, the notice he received did not indicate where he was to report. Further, he filed an Application for Stay of Deportation or Removal on March 6, 2007, with the local office and has been waiting to hear back on that request. We are attaching a copy of that stay request along with proof of the payment of the filing fee.

Further, Attorney Patterson has spoken with the local Deportation and Removal Unit and was informed that the mail-out notices from Lee's Summit were a new program and that the local office did not receive notice of them and was not sure what should happen as a result of such a notice. They had not seen them.

For this reason, Mr. Tatarinov has been waiting for word from the local office on his Stay request and is ready and willing to report if required. He has not breached the conditions of his bond.

Further legal briefing will be provided within 30 days.

Form I-290B (Rev. 12/21/06)Y

EXHIBIT 4

Detention & Removal Operations
U.S. Department of Homeland Security
880 Front Street Sta. 2232
San Diego, CA 92101



U.S. Immigration
and Customs
Enforcement

SEP 7 - 2007

James R. Patterson
Attorney at Law
110 W. C. Street, Suite 905
San Diego, California 92101

Re:  TATARINOV, Dimitrai Valereveich – A72 779 308

Dear Mr. Patterson:

This is in response to your client's request for a Stay of Deportation or Removal. A review of your client's file shows he was ordered Removed by the Immigration Judge on December 12, 2001. The On January 14, 2003, the Board of Immigration Appeals affirmed the immigration judge's decision. On December 27, 2004, an appeal to the Ninth Circuit Court of Appeals was dismissed. On May 2, 2005, the Southern District Court also dismissed an appeal filed by you. On February 9, 2007, an appeal to the Ninth Circuit Court of Appeals was once again dismissed.

It appears that Mr. Tatarinov has exhausted all forms of relief regarding his immigration case and is considered a flight risk.

After careful consideration of all the factors pertaining to your client, I have determined that the request for a Stay of Deportation or Removal be denied.

Sincerely,

John A. Garzon
Officer In Charge

EXHIBT 5

| DATE PREPARED July 24, 2007 | INFORMATION FOR TRAVEL DOCUMENT OR PASSPORT | FILE A72 779 308 |
|---|---|---|

| 1. NAME DIMITRI-Tarinov, Valereveich | | 2. SEX MALE |
|---|---|---|
| 3. OTHER NAMES USED OR KNOWN BY | | 4. CITIZENSHIP Russia |
| 5. DATE OF BIRTH 12/15/1965 | 6. PLACE OF BIRTH Leningrad, Russia | |

7. HEIGHT 72  WEIGHT 165  EYES BRO  HAIR BLK  COMPLEXION Medium  MARKS OR SCARS

8. NEAREST LARGE CITY TO PLACE OF BIRTH

9. DISTANCE AND DIRECTION OF PLACE OF BIRTH FROM THIS LARGE CITY

10. IF CITIZENSHIP IS DIFFERENT FROM COUNTRY OF BIRTH, EXPLAIN. IF NATURALIZED IN ANY COUNTRY, SHOW DATE AND PLACE OF NATURALIZATION, CERTIFICATE NUMBER, AND STATE HOW CITIZENSHIP WAS ACQUIRED.

11. NAMES, LOCATIONS AND DATES (YEARS) OF ATTENDANCE OF FOREIGN SCHOOLS

12. NAMES, EXACT LOCATIONS AND DATES (YEARS) OF ATTENDANCE OF FOREIGN CHURCHES. INCLUDE DATE AND NATURE OF ANY RELIGIOUS CEREMONY WHICH MAY HAVE BEEN RECORDED.

13. LAST PERMANENT RESIDENCE IN COUNTRY OF CITIZENSHIP (Show dates of residence)
Gasheka 4/3 #144, Leningrad, RSFSR, Russia

14. ADDRESS IN COUNTRY OF LAST FOREIGN RESIDENCE (Show dates of residence, and Immigration status there)
5790 Friars Rd #8, San Diego, CA  92110

15. PLACE OF ENTRY INTO UNITED STATES
New York, NY
DATE OF ENTRY INTO UNITED STATES
05/23/1992

16. LIST DATE AND PLACE OF ISSUANCE AND NUMBER OF PASSPORT, BIRTH CERTIFICATE, BAPTISMAL CERTIFICATE OR DOCUMENT OF IDENTITY. SPECIFY DATES OF MILITARY SERVICE, COUNTRY AND UNIT, RANK, SERIAL NUMBER, AND PLACES OF INDUCTION AND DISCHARGE.
Passport #400654675   Date of Issue: 06/17/1991   Date of Expiry: 06/17/1996

17. IN POSSESSION OF TRAVEL DOCUMENT OR PASSPORT AT TIME OF ENTRY? ☒ YES ☐ NO  DESCRIBE DOCUMENT (S), IF SUBJECT DID NOT HAVE TRAVEL DOCUMENT OR PASSPORT AT TIME OF ENTRY, OR DOES NOT HAVE SUCH A DOCUMENT NOW, INDICATE WHETHER EVER OBTAINED ONE ☐ YES ☒ NO. STATE HOW, WHEN, AND WHERE IT WAS OBTAINED; WHAT KIND OF DOCUMENT IT WAS, AND WHAT BECAME OF IT.

18. FATHER'S NAME  Velereceich
PRESENT ADDRESS
DATE OF BIRTH
PLACE OF BIRTH

19. MOTHER'S MAIDEN NAME  Valentina Popova
PRESENT ADDRESS
DATE OF BIRTH  05/10/1945
PLACE OF BIRTH  Leningrad, Russia

20. NAME, RELATIONSHIP, AND ADDRESSES OF RELATIVES ABROAD

21. PREVIOUSLY ☐ EXCLUDED ☐ DEPORTED ☐ REQUIRED TO DEPART FROM THE UNITED STATES
ON _____ (Date)   VIA _____ (Port)   TO _____ (Country)

22. INDICATE WHETHER EVER ARRESTED, IN PRISON OR A PUBLIC INSTITUTION IN THE COUNTRY OF WHICH A NATIONAL, SUBJECT OR CITIZEN: ☒ YES ☐ NO. IF SO, GIVE DATES AND PLACES

23. NAME, NATIONALITY AND PRESENT ADDRESS OF SPOUSE, AND DATE AND PLACE OF MARRIAGE
Patricia Lyn Jacks-Tatarinov, 5790 Friars Rd #8, San Diego, CA  92110
Married: 02/19/1994 in San Diego, CA

24. NAMES, AGES AND ADDRESSES OF ALL CHILDREN

5. IF NONCANADIAN DEPORTABLE TO CANADA, GIVE DATE AND PORT OF ARRIVAL IN CANADA, AND NAME OF VESSEL
N/A

m I-217 (Rev. 3-30-77)Y W  UNITED STATES DEPARTMENT OF JUSTICE Immigration and Naturalization Service

EXHIBIT 6

*Office of Detention and Removal Operations*
*San Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street
San Diego, California 92101

# U.S. Immigration and Customs Enforcement

TATARINOV, Dmitri
C/O Corrections Corporation of America
Otay Detention Facility
446 Alta Road, Suite #5400
San Diego, California 92158

A72 779 308

## Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

On July 24, 2007, August 21, 2007 and September 24, 2007, you were advised, via form I-229(a) and Instruction Sheet to Detainee, of specific requirements to complete and were given 30 days to comply with your obligation to assist in obtaining a travel document. The burden to obtain a travel document for your removal does not solely rest with ICE. Pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA), you are required to make timely and good faith efforts to obtain travel or other documents necessary for your removal from the United States. If you fail to make these efforts, Section 241(a)(1)(C) allows for the extension of the removal period. As you have failed to complete an application for a travel document to Russia, you have failed to comply with your obligation and are acting to prevent your removal from the United States. The removal period is therefore extended in your case.

As you are still within the removal period, you are to remain in ICE custody until you demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you.

You are also advised that continued willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____          10/15/07
Signature and Title of Deciding Official          Date

EXHIBIT 7

Office of Detention and Removal Operations
San Diego Field Office

U.S. Department of Homeland Security
880 Front Street
San Diego, California 92101



**U.S. Immigration and Customs Enforcement**

TATARINOV, Dmitri
C/O Corrections Corporation of America
Otay Detention Facility
446 Alta Road, Suite #5400
San Diego, California 92158

A72 779 308

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

An Immigration Judge ordered you removed from the United States to the Russia. The Russian Consulate General has issued travel documents to detained Russian citizens with final removal orders before, and it is ICE's belief that a travel document could be issued in your case. ICE has documents to show that you are a citizen and national of Russia. You are considered to be a "flight risk" and "Failure to Comply" and as such, it is recommended that you remain in custody at this time.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____
Signature and Title of Deciding Official

10/18/07
Date

EXHIBIT 8

# FAX



U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

| Date | OCTOBER 29, 2007 |
|---|---|
| Number of pages including cover sheet: | |

**To:** James Patterson
Attn:

Phone: (619) 233-4431
Fax #: 619-696-5233
CC:

**From:**
**Eliana Hayes**
Deportation Officer
Removal Unit
ICE/ DETENTION & REMOVAL
446 Alta Rd Room 5400
SAN DIEGO, CA 92158
Phone: (619)710-8332
Fax # (619)710-8397

THIS COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, OR EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT. THIS COMMUNCATION MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND/OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND ANY DISSEMINATION, DISTRIBUTION AND/OR COPYING OF IT IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS. THANK YOU.

**REMARKS:**

Re: TATARINOV-A72 779 308

POCR decision. Your client still has not completed the application for Travel Documents. He will remain detained. All future POCRs will be held in abeyance until he completes all necessary paperwork for a Travel Document. Therefore, your client will not receive a 180 day POCR.

Thank you.

Eliana Hayes
Deportation

DDP/SND

EXHIBIT 9

# LILIA S. VELASQUEZ
ATTORNEY AT LAW
110 WEST "C" STREET, SUITE 905
SAN DIEGO, CALIFORNIA 92101

CERTIFIED SPECIALIST
IMMIGRATION AND NATIONALITY LAW
THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

(619) 233-4431
Fax: (619) 696-5233

◆ **James R. Patterson**
**Attorney at Law**

November 21, 2007

Deportation Officer Hayes                          Delivered Personally
DHS-USICE
447 Alta Road
San Diego, CA 92158

Re:   Renewed Request for Release on Bond based on Latest Legal Filing in case of
      Dmtri Tatarinov; A72 779 308.

Dear Officer Hayes:

Accompanying this letter you will find the most recent filings and proof of filing of Motions to Stay Removal During the Pendency of Application for Writ of Habeas Corpus in Mr. Tatarinov's case. They were filed with the Federal District Court yesterday as shown by the attached proof of electronic filing.

At the time they were filed, Special Assistant U.S. Attorney Sam Bettwy was contacted and indicated that during the pendency of the application for the writ, Mr. Tatarinov would not be moved. He seemed to indicate that this was a standard ICE procedural rule.

Given the significant legal issues involved and the fact that Mr. Tatarinov continues to have viable legal arguments pending which, if successful, would render him no longer removable from the United States, would you consider looking again at the custody issue.

As you are aware, Mr. Tatarinov has a serious spinal condition for which he was receiving treatment at the time of his detention. Also, as noted previously, Mr. Tatarinov has been married to a U.S. citizen for 14 years and they live in the condo that they have purchased together. He is not a danger to the community nor a flight risk.

Thank you in advance for considering again our request. Please contact me at the number listed above should you have any questions or need further information.

EXHIBIT 10.

Sincerely,

_____
James R. Patterson
Attorney at Law

cc:   Office of Immigration Litigation

EXHIBIT 11

U.S. Department of Homeland Security
20 Mass. Ave., N.W., Rm. 3000
Washington, DC 20529



U.S. Citizenship and Immigration Services

PATRICIA LYNN JACKS
5790 FRIARS ROAD, F8
SAN DIEGO, CA 92110

FILE:   A72 779 308        Office: COW        Date: JAN 2 8 2008

IN RE:  Obligor:       PATRICIA LYNN JACKS
        Bonded Alien:  DIMITRI TATARINOV
                       AKA DIMITRI VALEREVEICH TATARINOV
                       AKA VALEREVEICH TATARINOV-DIMITRI

IMMIGRATION BOND:    Bond Conditioned for the Delivery of an Alien under Section 103 of the
                     Immigration and Nationality Act, 8 U.S.C. § 1103

ON BEHALF OF OBLIGOR:   Self-represented

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to the office that originally decided your case. Any further inquiry must be made to that office.

Robert P. Wiemann, Chief
Administrative Appeals Office

EXHIBIT 12

www.uscis.gov

A72 779 308
Page 2

**DISCUSSION:** The delivery bond in this matter was declared breached by the Director, Headquarters, Bonds, Immigration and Customs Enforcement (ICE), and is now before the Administrative Appeals Office on appeal. The appeal will be rejected.

The record indicates that on April 17, 1998, the obligor posted a $3,000 bond conditioned for the delivery of the above referenced alien. A Notice to Deliver Alien (Form I-340) dated February 12, 2007, was sent to the obligor via certified mail, return receipt requested. The notice demanded the bonded alien's surrender into the custody of ICE at 10:00 a.m. within five days of March 6, 2007, at the nearest ICE, Detention and Removal Office. The obligor failed to present the alien, and the alien failed to appear as required. On April 11, 2007, the director informed the obligor that the delivery bond had been breached.

The appeal has been filed by the bonded alien's attorney. Only an affected party, a person or entity with legal standing may file an appeal of an unfavorable decision. The alien and the attorney are without standing in this proceeding. 8 C.F.R. § 103.3(a)(1)(iii)(B).

An immigration bond is a contract between Immigration and Customs Enforcement (ICE) and the obligor. The obligor or her attorney-in-fact is the proper party to appeal the ICE decision to breach the bond. *See Matter of Insurance Company of North America*, 17 I&N Dec. 251 (Act. Reg. Comm. 1978).

The regulations provide that an appeal filed by a person or entity not entitled to file it must be rejected as improperly filed. In such a case, any filing fee ICE has accepted will not be refunded. 8 C.F.R. § 103.3(a)(2)(v)(A)(*1*).

**ORDER:**     The appeal is rejected.

EXHIBIT 13

Detention and Removal Operations
U.S. Department of Homeland Security
880 Front Street Ste. 2232
San Diego, CA 92101



**U.S. Immigration and Customs Enforcement**

May 19, 2008

James R. Patterson
Attorney at Law
1230 Columbia Street, Suite 1120
San Diego, CA 92101

Dear Mr. Patterson,

This is in response to your correspondence dated May 9, 2008, requesting that a bond be set on your client, Dimitri Tatarinov, A72 779 308.

A review of Mr. Tatarinov's file reveals that he was ordered removed by an Immigration Judge on December 12, 2001. On January 14, 2003, the Board of Immigration Appeals affirmed the immigration judge's decision. On December 27, 2004, Mr. Tatarinov's appeal to the Ninth Circuit Court of Appeals was dismissed.

On May 2, 2005, the U.S. District Court for the Southern District Court of California dismissed an appeal filed by Mr. Tatarinov, and on February 9, 2007, a second appeal to the Ninth Circuit Court of Appeals was also dismissed. On May 7, 2008, the U.S. District Court for the Southern District Court of California granted Mr. Tatarinov's Motion for Stay of Removal.

Mr. Tatarinov was previously released from custody on a $3,000.00 bond on April 17, 1998. After subsequently failing to respond to a registered letter from ICE demanding his surrender, he became a fugitive and the bond was breached. ICE agents apprehended Mr. Tatarinov at his residence on June 27, 2007.

While in custody, Mr. Tatarinov has refused to cooperate with ICE in obtaining a travel document as required by law to effect his removal. He has also demonstrated that he is a flight risk, and for these reasons, I have determined that he will remain in custody without bond.

Sincerely,

John A. Garzon
Assistant Field Office Director
San Diego Field Office

EXHIBIT 14

# JAMES R. PATTERSON
ATTORNEY AT LAW
1230 COLUMBIA ST., SUITE 1120
SAN DIEGO, CALIFORNIA 92101

Mobile Direct  (619) 861-3412
JamesPatterson@sbcglobal.net

(619) 814-3711
Fax  (619) 814-3721

May 20, 2008

John A. Garzon
Assistant Field Office Director                         Sent Via Fax to 619-710-8384
DHS-USICE
447 Alta Road
San Diego, CA 92158

Re:   **Renewed Request for Release on Bond based on Latest District Court Decision for Dimtri Tatarinov; A72 779 308.**

Dear Mr. Garzon:

Thank you for your quick response on our request for release from custody for Mr. Tatarinov

In your denial of release, you state that Mr. Tatarinov "has also demonstrated that he is a flight risk." Although I'm not entirely sure what this refers to, I believe it may refer to the confusion surrounding the original "bag and baggage" letter sent from Lee's Summit, Missouri last year

Mr. Tatarinov has appeared at every hearing and appointment he has had over the past 10 years that his case has been pending. He has never attempted to conceal his whereabouts. He has resided the entire time in the same condominium that he owns with his wife of 15 years.

Although I have discussed the facts in the attached declaration with various officers, I wanted to put in writing the circumstances surrounding the bond breach in this matter. Mr. Tatarinov was ready and willing to appear at any time. I advised him that as I had not seen the particular type of letter that he had received before, and since it didn't have an address of where to report, that I would investigate further what we were to do. I talked in general terms about such letters with Officer Marty Gracia and also filed a request for stay with payment of the appropriate fee prior to the date he was to report. We were in no way failing to respond or attempting to flee or hide. I believed, and still feel, that we were in compliance with the request from Lee's Summit.

In light of these facts and especially given Mr. Tatarinov's medical condition and the grant of the stay of removal from the Federal District Court, would you consider one more time our request?

Thank you in advance for your time. As I have been ill lately, please contact me on my cell phone at 619-861-3412, should you have any questions or need further information. I look forward to hearing from you.

Sincerely,

James R. Patterson
Attorney at Law

EXHIBIT 15

### Declaration of James R. Patterson

I, James R. Patterson, hereby declare as follows:

1. I have represented Mr. Dimitri Tatarinov since February 2001 before the Immigration Court, U.S I.C.E., and the Board of Immigration Appeals as well as in appeals to the Federal District Court and the Court of Appeals for the 9th Circuit.

2. I am also aware that Mr. Tatarinov's wife, Patricia Jacks-Tatarinov, an attorney and accountant, has represented him before the State of California and the Federal District Court in challenging the validity of the criminal convictions that underlie the charges in his immigration case.

3. On February 9, 2007, the Court of Appeals for the 9th Circuit dismissed Mr. Tatarinov's final appeal in the immigration proceedings. That decision became final on April 2, 2007, when the mandate issued from the 9th Circuit. At that time, Mr. Tatarinov's appeals of the validity of his state court convictions were still pending with the Supreme Court of California.

4. A few weeks after this decision, but before the mandate had issued from the court in the case, Mr. Tatarinov received a notice from Lee's Summit, Missouri informing him that he should report to the "nearest office" of ICE.

5. Although have seen several of these letters since, this was the first case in which I had seen such a letter. At that time, I had been practicing immigration law for 13 ½ years. I had seen many "bag and baggage" letters, but they had always been sent from the local office. However, I had never seen this type of letter before. Although I have negotiated numerous times to extend the old type of bag and baggage letter, I do not believe that I have had a client who has failed to report on time in the time that I have been practicing.

6. Because I had not seen such a letter, I was unsure what the proper procedure was. As a result, told Mr. Tatarinov that I would inquire with the local office as to what we needed to do.

7. A few days later, I took advantage of the opportunity to speak with Deportation Officer Marty Gracia on the escalator of the Federal Building about the letter. I told her briefly that I had a client who had received a letter from Lee's Summit telling him to report to the local office, but that it didn't give an address or any further explanation. I told her that I had been meaning to come in and speak with the local office about it. She told me that this was a new program and that the local office didn't send out the letters and didn't necessarily know when an individual was supposed to report, as they didn't receive copies of them all the time. I don't recall all the details of the conversation, but I know that Officer Gracia was with another office at the time and that I came away from the conversation believing that the notice was a new program and that the local office would send us something more definite as to when and where to report.

8. On March 6, 2007, I filed with the local office a Request for Stay of Removal, with proof of payment of the proper filing fee. As we had filed the Request for Stay of Removal with a new G-28 that had Mr. Tatarinov's permanent address (the condominium that he owns with his wife and where he has resided throughout these proceedings), I wasn't concerned about the letter from Lee's Summit. I certainly didn't believe that we had breached the bond or that Mr. Tatarinov was a fugitive.

EXHIBIT 16

9. Throughout the course of the proceedings, Mr. Tatarinov appeared on time to every hearing and interview. He has resided at the same address and has never concealed his whereabouts. In the course of representing him over the past 7 years, I have come to know him to be forthright and completely honest in all that he does. He prefers to confront problems and trials head-on. He would have never failed to appear at the Interview date had I not led him to believe that he did not need to appear.

10. I was operating under the assumption that since I had spoken with the local office and had filed a request for stay with the local office and followed that up with phone messages, that we were in compliance with the reporting requirements and that if the local office wanted Mr. Tatarinov to report, they would advise us. They had both my address and phone number as well as his. We in no way were attempting to flee or to evade a reporting requirement. I was in good faith proceeding with the request for stay and believing that we would hear back from the local office if and when Mr. Tatarinov needed to report.

11. Mr. Tatarinov's criminal appeal remained pending with the California State Supreme Court and our request for a stay of removal remained pending with the local office.

12. On June 27, 2007, ICE agents went to Mr. Tatarinov's home and apprehended him. He had just had an outpatient surgical procedure on his spine that day, but the officers took him into custody and he has remained detained since that time. He continues to suffer serious problems with his spine and is in nearly constant pain. Additionally, he has had other medical problems including a skin fungus that has continued despite treatment for several months.

13. In discussing the case after Mr. Tatarinov's detention, I was informed by Deportation Officer Hayes that the Stay of Removal that we had requested had not been adjudicated. Later, she informed me that the stay had been in effect for the four months and that it had expired the beginning of July.

14. I want to make clear by way of this declaration that Mr. Tatarinov has been ready and willing to report at any time requested. He has maintained the same address and phone number throughout these proceedings and has never missed a scheduled appearance. Because of the uncertainty regarding the new form letter from Lee's Summit, that I had not seen before and as I had been in contact with the local office and had filed a request for stay, I did not believe that there was a need to report on the date from the Lee's Summit letter. I believed this based on my conversation on the escalator with Officer Gracia and on the fact that we were clearly notifying the office of Mr. Tatarinov's whereabouts and his intentions in filing the Request for Stay along with the proper filing fee. Any failure to appear as requested in the Lee's Summit letter was based upon my belief and advice and not on any desire on Mr. Tatarinov's to flee.

I declare the foregoing to be true and correct to the best of my ability to recall.

Dated: May 20, 2008

James R. Patterson
Attorney at Law
1230 Columbia St., Suite 1120
San Diego, CA 92101
619-861-3412

EXHIBIT 17