KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119
Facsimile:  (619) 557-5004

Attorneys for Federal Respondents

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRI VALLERVEICH TATARINOV,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; et al.,<br><br>    Respondents. | Case No. 07cv2033 L (NLS)<br><br>RESPONSIVE SUPPLEMENTAL BRIEF CONCERNING THE SUBJECT MATTER JURISDICTION OF THE COURT |

      This case presents the anomalous situation of a person in *federal custody* who is challenging an *expired state court conviction* for the only real remaining purpose of indirectly challenging a removal order. Prior to enactment of the REAL ID Act, the Ninth Circuit permitted such collateral proceedings under 28 U.S.C. § 2241 for Gideon[1] claims only. See Contreras v. Schiltgen, 151 F.3d 906, 908 (9th Cir. 1998). Apart from whether the REAL ID Act has overruled Contreras,[2] it is clear that, given 28 U.S.C. § 1252(g), the Court lacks authority to stay execution of Petitioner's removal order:

> [N]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added).

---

[1] Gideon v. Wainwright, 372 U.S. 335 (1963).

[2] One district court has ruled that the REAL ID Act does not preclude habeas proceedings such as the instant one because, although the challenge is designed to overcome a removal order, it is not a direct challenge to the removal order itself. See Kharana v. Chertoff, 2007 WL 4259323 (N.D. Cal. 2007).

1    In the first place, the Government contends that the REAL ID Act[3/] has overruled <u>Contreras</u>,
2 because it is disingenuous to argue that these Section 2241 proceedings are brought for any reason other
3 than to overcome a removal order. Petitioner's underlying state court convictions have expired, so he
4 cannot sustain a collateral challenge under 28 U.S.C. § 2254. Admittedly, Petitioner's collateral attack
5 is not a direct challenge to the removal order itself. It is, however, an indirect challenge, making it
6 nonetheless a challenge. Any challenge to Petitioner's removal order must be directed to the applicable
7 court of appeals under the REAL ID Act. 8 U.S.C. § 1252(a)(5), as amended by § 106(a) of the REAL
8 ID Act, provides:

9    Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added).

   An even broader limitation on the Court's jurisdiction to review questions of law or fact "arising from <u>any</u> action taken or proceeding brought to remove an alien" is set forth in 8 U.S.C. §§ 1252(b)(9):

   [N]o court shall have jurisdiction, by habeas corpus under [28 U.S.C. § 2241], or . . . by any other provision of law (statutory or nonstatutory), to review . . . questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter. . .

8 U.S.C. § 1252(b)(9).

///

///

///

---

[3/] Pub. L. No. 109-13, 119 Stat. 231, Div. B (May 11, 2005).

More importantly, however, even if this Court were to decide that Section 1252 does not prevent consideration of Petitioner's indirect challenge to his removal order, it should decide that it has no authority to stay the execution of a removal order pending the indirect challenge:

> [N]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, <u>or execute</u> removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added). As the district court stated in <u>Brito-Lopez v. Mukasey</u>, No. ED CV 07-181-AHM, 2008 WL 793573 (C.D. Cal. Mar. 24, 2008):

> Petitioner contends that after the Court vacates the state conviction, the Court can order respondents to vacate the Immigration Judge's removal order and vacate the execution of the removal order. . . The REAL ID Act would prevent this Court from doing so.

<u>Id.</u> at *2 n. 4.

In sum, the Court should rule that, under 8 U.S.C. §§ 1252(a)(5) & (b)(9), it lacks subject matter jurisdiction to consider Petitioner's indirect challenge to his removal order. Regardless, the Court should rule that, under 8 U.S.C. § 1252(g), it lacks authority to stay execution of Petitioner's removal order.

DATED: June 3, 2008

                                                          Respectfully submitted,

                                                          KAREN P. HEWITT
                                                          United States Attorney

                                                          s/ *Samuel W. Bettwy*

                                                          SAMUEL W. BETTWY
                                                          Assistant United States Attorney

                                                          Attorneys for Federal Respondents