Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA  92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>    Petitioner,<br><br>vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security;  U.S. Attorney, Southern District;  ICE Detention & Removal Unit<br><br>    Respondents. | Civil No. 07cv2033-L(NLS)<br><br>USICE No.    A72 779 308<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER OF RELEASE DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS** |

FEDERAL COURTS HAVE AUTHORITY TO GRANT HABEAS PETITIONERS' BAIL

The federal courts have been divided for over a century on whether the federal courts have the power to grant bail in any case where they may properly assert jurisdiction.  The 9th circuit has taken the position that the power to admit bail is incident to the power to hear and determine cause. *In re Chow Goo Pooi*, 9 Cir., 25 F. 77; *In re Ah Kee*, 9 Cir., 1884, 21 F. 701. Joining the 9th Circuit "that the power to admit to bail is incident to the power to hear and determine the case: *United States v. Evans*, 6 Cir., 1880, 2 F. 147; *In re Gannon*, D.C. Pa. 1928, 27 F.2d 362; *In re Ah Tai*, D.C. Mass., 125 F. 795; *In re Chin Wah*, D.C. Or., 1910, 182 F. 256; *United States v. Yee Yet*, D.C.N.J. 1911, 192 F. 577; *Whitfield v. Hanges*, 8 Cir., 222 F. 745;

*Ewing v. United States*, 6 Cir., 1917, 240 F. 241." *Mapp v RENO*[1], 241 F.3d 221 2nd Cir.(N.Y.) Feb 23, 2001.

As noted in *Mapp*, ibid, "The INS, however, has since abandoned the view that §§ 1226(c) and 1226(e) apply to Mapp. In its brief, the INS explains that it has "reinterpreted the scope of Section 1226(c) and concluded that its applicability is limited to the pendency of administrative proceedings." In other words, the INS now concedes that, because Mapp's administrative proceedings are final, the conditions of his detention are governed by 8 U.S.C. § 1231 and "[he] is no longer subject to 'mandatory detention.'" Put more broadly, the government has retreated from its contention that any particular statute precludes the federal courts' exercise of their inherent authority to release on bail habeas petitioners situated like Mapp. It now relies exclusively, instead, on the more general notion that the exercise of such power by the judiciary is inconsistent with the political branches' plenary control over immigration matters." Ibid

Likewise in *Mapp*, ibid, "We hold that the federal courts have the same inherent authority to admit habeas petitioners to bail in the immigration context as they do in criminal habeas cases. We note that this authority may well be subject to appropriate limits imposed by Congress. But, because we find that Congress has not, to date, curtailed this feature of federal judicial power, we affirm the judgment of the district court that it was empowered to consider petitioner's request for bail. Nevertheless, we vacate the district court's decision to release this particular petitioner because that court did not consider all of the standards that must be met with respect to bail determinations during habeas proceedings."

---

[1] Full citation:   COLIN MAPP v. JANET RENO, as Attorney General of the United States; DORIS MEISSNER, as Commissioner of the Immigration and Naturalization Service; EDWARD McELROY, as New York District Director of the Immigration and Naturalization Service; LYNNE UNDERDOWN, New Orleans District Director of the Immigration and Naturalization Service; IMMIGRATION AND NATURALIZATION SERVICE, Respondents-Appellants, 241 F.3d 221 2nd Cir.(N.Y.) Feb 23, 2001

## STANDARDS FOR GRANTING BAIL PENDING HABEAS LITIGATION

"A habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Ostrer v United States*, 584 F.2d at 596 n.1 (1978). Cases hold that a court considering a habeas petitioner's fitness for bail must inquire into whether "the habeas petition raise[s] substantial claims and [whether] extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Iuteri v. Nardoza*, 662 F.2d 159 (2d Cir. 1981); "[t]he standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Grune v. Coughlin*, 913 F.2d 41 (2d Cir. 1990); "Bail is appropriate pending a decision in a habeas case only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Tam v. INS*, 14 F. Supp. 2d 1184, 1190 (E.D.Cal. 1998)

## SUBSTANTIAL CLAIMS

Petitioner has raised a substantial constitutional claim. Petitioner requests that the court grant his U.S.C. §2241 writ and vacate the state court convictions based upon the California Supreme Court and the Superior Court of the State of California's dismissal of Petitioner's non-statutory motions to vacate by failing to "act in accord with the dictates of the Constitution and, in particular, in accord with the Due Process Clause." *Evitts v. Lucey*, 469 U.S. 387 (S.Ct. 1985). This Court has found that Petitioner has raised serious legal issues on the *Gideon* claim and granted Petitioner's Motion for Stay of Removal on May 8, 2008.

## EXTRAORDINARY CIRCUMSTANCES EXIST

Extraordinary circumstances exist in every phase of Petitioner's legal procedures through the California and United States Courts.

<u>Failure to file appeal (1996 conviction)</u>: The failure of Petitioner's appellate attorney (through not fault of the Petitioner) to file a the appellate brief was a violation of Petitioner's

constitutional right to effective assistance of counsel. "The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right." *Evitts v. Lucey*, 469 U.S. 387 (1985)

Failure to reinstate the appeal (1996 conviction): United States Court of Appeals for the Ninth Circuit held that Petitioner's 2002 petition to reinstate his appeal was untimely. *Strickland v. Washington*, 466 U.S. 668 (1984) provided a framework for evaluating counsel's performance. Under *Strickland* "The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result...In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland v. Washington*, 466 U.S. 668 (1984). "The complete denial of counsel during a critical stage of a judicial proceeding, however, mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable."" *United States v. Cronic*, 466 U.S. 648, 659 (1984). "An attorney's total failure to file an appeal after being instructed to do so will always entitle the defendant to an out-of-time appeal regardless of the defendant's chances of success. *Ferguson v. United States*, 699 F.2d 1071 (11th Cir. 1983).

Conflict of interest (1998 conviction): "In order to establish a violation of the Sixth Amendment, a defendant must show that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335 (1980). "...continued reliance on counsel whose loyalty was tainted by conflict of interest prevented him from discovering the conflict of interest problem until it was too late to pursue an appeal in the state courts." *Jamison v. Lockhart*, 975 F.2d 1377 (8th Cir. 1992). "When the defaulted claim is that counsel was burdened by an actual conflict of interest, the "prejudice" element is presumed." *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1983).

Nonstatutory motions: The rule – that constitutional violations must find a remedy even if no statute provides one – has been specifically applied to claims of ineffective counsel.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER OF RELEASE
DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS
4

07cv2033

*Murguia v. Municipal Court,* 15 Cal.3d 286, 124 (1975); *People v. Fosselman,* 33 Cal.3d 572, 189 (1983). "Because the grounds supporting a non-statutory motion are not specifically defined, the "no second appeal" rule serves as a procedural device to discourage defendants from raising any post-judgment claim that could have been raised before imposition of judgment or by way of direct appeal from the original judgment." (*People v. Banks*, 53 Cal 2.d at p 380.)" *People v. Totari* (2002) 28 Cal.4th 876.

California Supreme Court denial of review: In applying AEDPA2 the federal courts examine the state court's last reasoned decision, such as an opinion of the California Supreme Court or Court of Appeal, not simple orders such as a "postcard denial;" of a petition for review by the Supreme Court. *Ylst v Nunnemaker* (1991), 501 U.S. 797, 803; *Benn v. Lambert* (9th Cir. 2002) 283 F.3d 1040, 1052, fn. 7.

California denial of due process: "If instead a state court chooses to dismiss an appeal when an incompetent attorney has violated local rules, it may do so if such action does not intrude upon the client's due process rights. For instance the Kentucky Supreme Court itself in other contexts has permitted a post-conviction attack on the trial judgment as "the appropriate remedy for frustrated right of appeal," *Hammershow v. Commonwealth*, 398 S. W. 2d 883 (1996); this is but one of several solutions that state and federal courts have permitted in similar cases....A system of appeal as of right is established precisely to assure that only those who are [469 U.S. 387, 400] validly convicted have their freedom drastically curtailed. A State may not extinguish this right because another right of the appellant – the right to effective assistance of counsel – has been violated.....In short, when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution- and, in particular, in accord with the Due Process Clause." *Evitts v. Lucey*, 469 U.S. 387 (1985)

*Gideon* violations: When an attorney fails to file an appellate brief the Supreme Court held that this denied the defendant the right to appointed counsel guaranteed by *Gideon v.*

---

[2] Antiterrorism and Effective Death Penalty Act of 1996. (28 U.S.C. §2241 et seq.)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER OF RELEASE DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS**

*Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), because "[t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of an amicus curiae." 386 U.S. at 744, 87 S.Ct. 1396.

<u>"However, a showing of exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition.</u> See *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir.); *Edwards v. State of Oklahoma*, 412 F.Supp. 556, 559-60 (W.D.Okla.); and see *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (Douglas, J., Opinion in Chambers)." *Pfaff v. Wells,* 648 F.2d 689 (10th Cir. 1981). Emphasis added.

NECESSARY TO MAKE THE HABEAS REMEDY EFFECTIVE

Petitioner's administrative proceedings are final, his detention is now governed by 8 U.S.C. § 1231, and as such, is no longer subject to mandatory detention. Petitioner has been in custody for just under one year (June 27, 2007) and has surpassed the 90 day mandatory detention.

An information travel document passport was submitted by ICE on July 24, 2007 to the Russian Federation Consulate. Petitioner did not sign the travel document (he is waiting on the results of this habeas petition.) If Petitioner filled out the travel request and was deported prior to the adjudication of these proceedings – no matter the result – his record with the United States Immigration Service would show him as a deported alien and almost certainly bar him from reentry. ICE Officers have been informed of the reasons Petitioner has not signed the travel documents. In fact, it was not until sometime after February 2008 that the Russian Federation Consulate informed ICE that they could accept Petitioner.

If Petitioner is successful on his writ of habeas corpus and his convictions are vacated, the Petitioner will move to reopen his removal proceedings with the Board of Immigration Appeals. The evidence and legal basis of the motion to reopen proceedings would be new, material, and was not available prior to the Board of Immigration's final decision. Petitioner would no longer be removable as charged and further detainment would not be justified. Petitioner was charged with removability under section 237(a)(2)(A)(i) and (ii) of the Act as an

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER OF RELEASE DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS**
6

07cv2033

alien convicted of a crime involving moral turpitude within five years of admission and as one convicted of two or more crimes involving moral turpitude.

Upon granting of the relief requested in the habeas petition, Petitioner would no longer be removable for having been convicted of multiple crimes of moral turpitude and his remaining conviction falls within the exception for removal for crimes within five years, as it was not a crime for which he could have been sentenced for a year or more.

The order for release is necessary to make the habeas remedy effective. Future restraint on the Petitioner's liberty does not further the interests of the government if his habeas petition is granted. Petitioner has resided in the same residence since 1994, is not a flight risk, nor is Petitioner a threat to society.

The federal courts have inherent power to grant bail in any case where there are substantial claims, extraordinary circumstances and the release is necessary to make the habeas remedy effective. Petitioner respectfully requests that this court grant his motion for order of release.

Respectfully submitted,
Dated this June 4, 2008

                                                      s/Patricia Lynn Jacks
                                                      PATRICIA LYNN JACKS
                                                      Attorney for Petitioner
                                                      pjacks@san.rr.com

United States District Court

For the Southern District of California

| | | |
|---|---|---|
| Dmitri Vallerveich TATARINOV, | ) | Civil No. 07cv2033-L(NLS) |
| Petitioner, | ) | USICE No.   A72 779 308 |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security;  U.S. Attorney, Southern District;  ICE Detention & Removal Unit | ) ) ) ) ) | |
| Respondents. | ) | |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER OF RELEASE DURING PENDENCY OF HABEAS CORPUS PROCEEDINGS**
in the following manner:

**Mailing Information for a Case 3:07-cv-02033-L-NLS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Attorney General**  docketingsdawt@doj.ca.gov
- **Samuel William Bettwy**
  Samuel.Bettwy@usdoj.gov,jaclyn.penley@usdoj.gov,efile.dkt.civ@usdoj.gov
- **Kevin R Vienna**
  Kevin.Vienna@doj.ca.gov,DocketingSDAWT@doj.ca.gov,Susan.Volsky@doj.ca.gov,ECFCoordinator@doj.ca.gov,Bonnie.Peak@doj.ca.gov
- **Sabrina Y Lane-Erwin** sabrina.laneerwin@doj.ca.gov, DocketingSDAWT@doj.ca.gov, ECFCoordinator@doj.ca.gov, Kimberly.wickenhagen@doj.ca.gov

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

☐ (No manual recipients)

Executed on **June 4, 2008**, at San Diego, California.

s/Patricia Lynn Jacks<br>
PATRICIA LYNN JACKS<br>
Attorney for Petitioner<br>
pjacks@san.rr.com