1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  DOUGLAS P. DANZIG
   Deputy Attorney General
5  KEVIN VIENNA, State Bar No. 186751
   Supervising Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone:  (619) 645-2198
    Fax:  (619) 645-2191
9   Email:  Kevin.Vienna@doj.ca.gov

10  Attorneys for Respondent

11           IN THE UNITED STATES DISTRICT COURT

12         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  **DMITRI VALLERVEICH TATARINOV,**                07cv2033-L (NLS)

15                                   Petitioner,      **STATE RESPONDENT'S
                                                      RESPONSE TO THIS COURT'S
16           **v.**                                   ORDER GRANTING IN PART
                                                      AND DENYING IN PART EX
17  **SUPERIOR COURT OF THE STATE OF**                PARTE APPLICATION**
    **CALIFORNIA, COUNTY OF SAN DIEGO;**
18  **OFFICE OF THE CHIEF COUNSEL, DEPT. OF**
    **HOMELAND SECURITY; U.S. ATTORNEY,**
19  **SOUTHERN DISTRICT; ICE DETENTION &**
    **REMOVAL UNIT,**
20
                                     Respondent.
21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  DOUGLAS P. DANZIG
   Deputy Attorney General
5  KEVIN VIENNA, State Bar No. 186751
   Supervising Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2198
    Fax: (619) 645-2191
9   Email: Kevin.Vienna@doj.ca.gov

10  Attorneys for Respondent

11                 IN THE UNITED STATES DISTRICT COURT

12            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  **DMITRI VALLERVEICH TATARINOV,**          07cv2033-L (NLS)

15                              Petitioner,    **STATE RESPONDENT'S
                                               RESPONSE TO THIS**
16      **v.**                                 **COURT'S ORDER
                                               GRANTING IN PART AND**
17  **SUPERIOR COURT OF THE STATE OF**         **DENYING IN PART EX**
    **CALIFORNIA, COUNTY OF SAN DIEGO;**       **PARTE APPLICATION**
18  **OFFICE OF THE CHIEF COUNSEL, DEPT. OF**
    **HOMELAND SECURITY; U.S. ATTORNEY,**
19  **SOUTHERN DISTRICT; ICE DETENTION &**
    **REMOVAL UNIT,**
20
                                **Respondent.**
21

22                            **INTRODUCTION**

23          In the Order Granting In Part and Denying In Part Ex Parte Application, dated May 22,

24  2008, this Court directed further briefing on a number of issues. State Respondent was directed to

25  address the following:

26          If the Petition is based on the Motion to Vacate, the briefing must address "whether the

27  state court's order triggered a right to pursue a habeas corpus writ in federal court";

28          Whether "the facts of Petitioner's case amount to a *Gideon* claim separately with respect

to his 1996 and 1998 Conviction."

In addition, the Court noted that the current Consolidated Petition is expressly filed under 28 U.S.C. § 2241, so, to the extent that the briefing relies on legal authorities pertaining to petitions filed under 28 U.S.C. § 2254, the briefing must "explain the relevance of that legal authority in the context of this case."

On May 28, 2008, Petitioner Tatarinov, through counsel, filed his Response to Order Granting In Part and Denying In Part Ex Parte Application."  (Response to Order, 5/28/08.)  Tatarinov states, therein, that he asks this Court to "grant his U.S.C. § 2241 writ and vacate the state court convictions based upon the California Supreme Court and Superior Court of the State od California's dismissal of Petitioner's non-statutory motions to vacate. . . ." (*Id*. at 1: 23-25.)

This Response is filed in compliance with the Court's Order of May 22, 2008.

## BACKGROUND

This Court set forth in detail the procedural posture of this matter in its Order Granting Petitioner's Motion for Stay of Removal, dated May 7, 2008.  (Order, 5/7/2008.)  In summary, that discussion described the following procedural posture:

Tatarinov is currently in the custody of federal immigration authorities following an order of removal.  The bases for that order are two California convictions:  one in 1996 for robbery; and one in 1998 for petty theft with a prior conviction.  Tatarinov has filed a Consolidated Habeas Corpus Petition in this Court that "argues ineffective assistance of counsel [in the state convictions] and requests the court to issue a writ and vacate the 1996 and 1998 Convictions so as to avoid the unfavorable immigration consequences."  (Order, 5/7/2008 at 5.)

The essence of Tatarinov's claims is that, for the 1996 robbery conviction, his trial defense counsel failed to present a defense and, later on appeal, that same counsel properly filed a notice of appeal but failed to file an opening brief, causing the appeal to be dismissed.  (Order, 5/24/2008 at 2.)  Because of the allegedly defective 1996 conviction for robbery, Tatarinov's petty theft in 1998 qualified as a felony.  (*Id*.)

Since 1999,  Tatarinov has taken a series of actions to challenge the validity of those two state convictions.  In 1999 and 2001, he filed unsuccessful motions in the California Court of Appeal

1    seeking to have the 1996 appeal reinstated.  In 2002, he filed a petition for writ of habeas corpus in

2    the California Court of Appeal, still seeking the opportunity to revive his appeal.  (*Id.*; *see also* State

3    Respondent's Memorandum of Points and Authorities in Support of Motion to Dismiss First

4    Amended Petition for Writ of Habeas Corpus (case number 07cv2033) at 2.)

5            In 2002, Tatarinov filed a habeas corpus petition in this Court, challenging his 1996

6    conviction for robbery based on claims of ineffective assistance of counsel.  That petition was

7    dismissed as untimely, and a subsequent appeal to the United States Court of Appeals for the Ninth

8    Circuit was denied.  (Order, 5/7/2008 at 4.)

9            In 2006, Tatarinov filed in the state superior court pleadings that he describes as non-

10   statutory motions to vacate the 1996 and 1998 convictions based on ineffective assistance of

11   counsel.   Those motions were denied on the basis that trial court lacked jurisdiction.   (State

12   Respondent's Memorandum of Points and Authorities in Support of Motion to Dismiss First

13   Amended Petition for Writ of Habeas Corpus (case number 07cv2033) at 3.)  Subsequent attempts

14   to obtain review from the state intermediate appellate court and the California Supreme Court were

15   unsuccessful.   (Order, 5/7/2008 at 5.)

16           State Respondent has filed a Motion to Dismiss.

17                                    **DISCUSSION**

18                                         **I.**

19   **TATARINOV MAY NOT BRING A FEDERAL HABEAS CORPUS**
     **ACTION TO CHALLENGE DIRECTLY THE DENIAL OF THE**
20   **MOTION TO VACATE**

21           In the Court's Order, Petitioner was directed to clarify which of these three alternatives

22   he sought to challenge:  (1)  his state convictions; (2)  the state courts' denials of his motions to

23   vacate; or (3)  his present confinement by the immigration authorities.  (Order, 5/24/08 at 2.)

24           In his Response, Tatarinov provides an ambiguous reply: he requests the Court to "vacate

25   the state court convictions based upon the [state courts's] dismissal of Petitioner's non-statutory

26   motions to vacate. . . ."  From this, State Respondent concludes that Tatarinov is not seeking to

27   challenge his present confinement, or any current custody for that matter.  Instead, it appears that

28   he seeks only to challenge directly the constitutional validity of his state convictions.

1    Tatarinov asserts, without providing any supporting authority, that the "dismissal of

2 Petitioner's non-statutory motions to vacate violated Petitioner's rights under the Due Process

3 Clause and triggered Petitioner's right to pursue a habeas corpus petition." (Response at 3.)

4 Respondent disagrees. Although Respondent has found no specific authority on point, several lines

5 of authority point against Tatarinov's claim.

6    It is important to bear in mind the basis for his current Consolidated Petition – all of

7 Tatarinov's claims arise from his contention that his counsel for appeal of the 1996 robbery

8 conviction was ineffective in failing to file an opening brief. (Consolidated Petition at i, ii, 9, 10,

9 12, 14, 16: 11-13.) Tatarinov raised this very claim in 2002 in this Court in case number 02cv2029-

10 W(BEN). (Order Granting Petitioner's Motion for Stay at 4 (characterizing the petition as being

11 "based on ineffective assistance of counsel at trial and the appeal of the 1996 Conviction").) Thus,

12 Tatarinov is seeking a second challenge of the same issue.

13    **A.    Since Tatarinov Is Not Challenging The Fact Of The Constitutionality Of
        Custody By Immigration Officials, There Is No Jurisdictional Basis For His
14        Current Petition**

15    In his Response, Tatarinov appears to admit that he is not challenging the fact of his

16 current immigration custody. (Response at 1: 22-25, 3: 18-22.) Instead, he seeks only to challenge

17 the underlying state convictions. This admission removes the basis for jurisdiction, whether it is

18 alleged under 28 U.S.C. § 2241 or § 2254, as the Ninth Circuit has explained:

19    Section 2241 confers jurisdiction on a district court to issue a writ of habeas corpus when
        a federal or state prisoner establishes that he "is **in custody** in violation of the Constitution
20    or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3). The relevant
        sub-section of 28 U.S.C. § 2254 confers jurisdiction on a district court to issue "a writ of
21    habeas corpus in behalf of a person **in *custody* pursuant to the judgment of a State court**
        . . . on the ground that he is in custody in violation of the Constitution or laws or treaties
22    of the United States."

23 *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004) (italics in original, boldface added). If

24 Tatarinov is not challenging the constitutional validity of his current custody, there is no habeas

25 corpus jurisdiction. If he is directly challenging his state convictions, *White* directs that the

26 challenge must proceed under § 2254.

27    Tatarinov expressly admits that he is not in state custody. (Response at 3: 18.) He is not,

28 apparently, maintaining that his current immigration custody is in violation of the Constitution,

1    rather, he has named federal Respondent's merely for the purpose seeking to obtain the Court's

2    jurisdiction to review the state court convictions.  (*Id*. at 3.)  In this circumstance, he fails to meet

3    the jurisdictional "in custody" requirements of either § 2241 or § 2254.

4    **B.    To The Extent That Tatarinov Is Contending That He Is In Custody As A**
         **Result Of His State Convictions, He May Not Obtain Direct Federal Habeas**
5    **Corpus Review Of The State Court Decisions Denying His 2006 Motions To**
         **Vacate**

6

7    Tatarinov's efforts to challenge the validity of his 1996 robbery conviction have been the

8    subject of complete rounds of state and federal challenges.  He has not met the procedural

9    requirements necessary to reopen a direct challenge to that conviction.

10    In 2002, Tatarinov brought his first challenge to counsel effectiveness in the state courts,

11    when he filed his first state habeas corpus petition in the Court of Appeal.  (Consolidated Petition

12    at 5.)  That court denied the Petition.  The California Supreme Court denied a petition for further

13    review.  (*Id*.)

14    Thereafter, Tatarinov filed a federal petition, but that petition was deemed untimely and

15    dismissed, as discussed above.  Tatarinov appealed, but was unsuccessful, when he failed to obtain

16    a certificate of appealability.

17    Tatarinov now seeks another bite at his claim of ineffectiveness of counsel, not by

18    collaterally attacking the validity of his convictions in a challenge to his immigration custody, but

19    by attacking the denial by the state courts of his motion to vacate.  That should not be permitted.

20    The Ninth Circuit's decision in *White v. Lambert* demonstrates that a petitioner directly

21    challenging the constitutionality of a state judgment must proceed under § 2254.  As that Court

22    explained:

23        the general grant of habeas authority in § 2241 is available for challenges by a state
          prisoner who is not in custody pursuant to a state court judgment-for example, a defendant
24        in pre-trial detention or awaiting extradition. In these situations, not covered by the
          limitations in § 2254, the general grant of habeas authority provided by the Constitution
25        and § 2241 will provide jurisdiction for state prisoners' habeas claims.

26    *White v. Lambert*, 370 F.3d at 1006.

27    Tatarinov is seeking a second review of the constitutionality of his 1996 state conviction

28    for robbery.  In a second or successive § 2254 challenge, Tatarinov would have to comply with the

provisions of 28 U.S.C. § 2244(b), which prohibits such petitions, absent permission from the Court of Appeal.  Generally speaking, a petition is second or successive if it raises claims that were or could have been adjudicated on the merits in an earlier petition.  *See Cooper v. Calderon*, 274 F.3d 1270, 1273-74 (9th Cir. 2001) (per curiam) (failure to request the requisite court of appeals approval deprives the district court of jurisdiction). The limitation on second or successive petitions is not avoidable simply by assigning it a different name.  *See Gonzales v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2000) (a rule 60(b) motion violates the rule against a second or successive petition if it seeks, in reality, a review of a substantive habeas corpus claim).  Since Tatarinov's claim of counsel ineffectiveness is the same claim raised in his earlier federal petition, 28 U.S.C. § 2244 should preclude him from proceeding to directly challenge his state convictions, as he seems to be attempting.

Tatarinov faces another problem, as well.  He says that he seeks federal habeas corpus review of the denials of his motion to vacate.  (Response at 1.)  Those denials, however, do not seem to be judgments, in the sense of either § 2241 or § 2254.

Under California law, a motion to vacate a judgment is the equivalent of an application for a writ of error coram nobis.[1]  *People v. Grgurevich*, 153 Cal. App. 2d 806, 810, 315 P.2d 391 (Cal. App. 1957).  Thus, Tatarinov's motion was a collateral attack on the underlying judgments – the 1996 and 1998 convictions – not judgments themselves.

Typical habeas corpus practice demonstrates that such denials of collateral attacks are not themselves the basis for habeas corpus relief.  If the case were otherwise, each state habeas corpus petition filed by a state prisoner would be subject to a new round of habeas corpus relief in the federal courts.  But that is surely not the case.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (a state collateral action filed after expiration of the statute of limitations does not start

---

1.    Tatarinov's citation (*see* Response to Order Granting in Part and Denying in Part Ex Parte Application at 14) to *People v. Totari*, 28 Cal. 4th 876, 884, 123 Cal. Rptr 2d 76, 50 P. 3d 781 (2002) is inapposite, because *Totari* dealt with a specific statute that permits challenges to a court's failure to provide warning of immigration consequences  under Cal. Penal Code § 1016.5. But that statute does not apply where the alleged deficiency is ineffective assistance of counsel.  *See People v. Chien*, 159 Cal. App. 4th 1283, 1290, 72 Cal. Rptr. 3d 448 (Cal. App. 2008).

1  another period of limitations); *accord Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (once the

2  limitations period has run, a new state collateral action cannot revive it).

3        Finally,  Tatarinov is not in custody as a result of the denial of his motions to vacate.  He

4  is in custody pursuant to the order of immigration authorities on the basis of his convictions, not on

5  the basis of denial of a post-trial collateral attack.  Under *Resendiz v. Kennedy*, 416 F. 3d 952 (9th

6  Cir. 2005), he might be able, in limited circumstances, to collaterally attack the validity of state

7  convictions, if he were challenging federal custody.  But, as discussed above, he no longer appears

8  to be challenging the validity of that federal custody.  And, even then, he would be attacking not the

9  denials of the motions to vacate, but the underlying judgments of conviction.

10        Accordingly, Tatarinov may not bring a separate federal habeas action based on the state's

11  denial of his motions to vacate.

12  <center>**II.**</center>

13  **TATARINOV HAS NOT ALLEGED A *GIDEON* VIOLATION SO AS TO PERMIT A CHALLENGE TO HIS IMMIGRATION CUSTODY**

14

15        The Court's Order directed that "[a]ll parties shall brief the issue whether the facts of

16  Petitioner's case amount to a *Gideon* claim separately with respect to his 1996 Conviction and 1998

17  Conviction."  In the Order Granting Petitioner's Motion for Stay, this Court referred to the Ninth

18  Circuit's decision in *Resendiz* for the proposition that the United States Supreme Court has identified

19  a complete failure of counsel under *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d

20  799 (1963), as an exception to the ususal custody requirement for challenging a state conviction in

21  a habeas corpus proceeding.  (Order Granting Stay at 6.)

22        In *Resendiz*, the Ninth Circuit based its statement on the decision of the United States

23  Supreme Court in *Custis v. United States*, 511 U.S. 485, 494-96, 114 S. Ct. 1732, 128 L. Ed. 2d 517

24  (1994).  Accordingly, an examination of *Custis* is illuminating.  Custis was convicted of a crime in

25  federal court.  His sentence was enhanced on the basis of a prior conviction from a state court.  In

26  his appeal, he sought to challenge the validity of the state convictions that served to enhance his

27  federal sentence on the ground that he had received ineffective assistance of counsel. 511 U.S. at

28  488-90.

1    The Supreme Court recognized that Custis could collaterally attack his state convictions

2    in the federal sentencing procedure if those convictions were obtained in violation of the right to

3    appointed counsel at trial under *Gideon*. *Id.* at 494-96. But, the Court rejected Custis's invitation

4    "to extend the right to attack collaterally prior convictions used for sentence enhancement beyond

5    the right to have appointed counsel established in Gideon." *Id.* at 496.

6    Thus, pursuant to *Custis*, an individual challenging current custody may collaterally

7    challenge the validity of an underlying state conviction only on the basis that the conviction was

8    obtained in violation of *Gideon v. Wainwright*. *See also Lackawanna County District Attorney v.*

9    *Cross*, 532 U.S. 394, 404, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001). But, as also recognized in

10   *Custis* and *Lackawanna*, the right at issue in the relevant *Gideon* error is "failure to appoint counsel

11   for an indigent [which is] a unique constitutional defect . . . ris[ing] to the level of a jurisdictional

12   defect," that therefore warrants special treatment among alleged constitutional violations.

13   *Lackawanna*, 532 U.S. at 404.

14   In summary, the Supreme Court has determined that an expired state conviction, in most

15   circumstances, cannot be challenged in an attack upon the later sentence it was used to enhance.

16   *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. at 403-04 (prior conviction cannot be

17   challenged in a § 2254 petition); *Daniels v. United States,* 532 U.S. 374, 382-83, 121 S. Ct. 1578,

18   149 L. Ed. 2d 590 (2001) (prior conviction cannot be challenged in a § 2255 motion). An exception

19   to this rule exists, however, for a claim that the prior conviction was unconstitutional because there

20   was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth

21   in *Gideon v. Wainwright,* 372 U.S. 335.

22   Tatarinov seeks to challenge the effectiveness of counsel on appeal. (Consolidated

23   Petition at i, ii, 9, 10, 12, 14, 16: 11-13.) It is not clear that the *Gideon* exception for collateral attack

24   on prior convictions applies to the absence of counsel on appeal, and Respondent has found no

25   authority directly addressing the issue. There is a possible distinction between the right under

26   *Gideon* to appointed counsel at trial and the right to counsel on appeal. The right to counsel in

27   *Gideon* arises from the Sixth Amendment. Not so for the right to counsel on appeal, which arises

28   from the right to due process and equal protection. *See Griffin v. Illinois*, 351 U.S. 12, 76 S. Ct. 585,

1   100 L. Ed. 891 (1956);  *Douglas v. People of State of Cal.* 372 U.S. 353, 355, 83 S. Ct. 814, 815

2   (1963).

3          Nevertheless, even assuming that the *Gideon* rule applies to the denial of counsel on

4   appeal, such a rule does not benefit Tatarinov.  Tatarinov cannot reasonably complain that the State

5   failed to appoint counsel.  Indeed, he has never claimed the right of an indigent to appointed counsel.

6   Nor can he reasonably claim that he was ever denied the right to counsel.  Indeed, the essence of his

7   claims is that the counsel he had, at trial and on appeal, failed to perform effectively.

8          Both *Custis* and *Lackawanna* belie Tatarinov's implicit claim that the *Gideon* exception

9   can apply to his claim of lack of counsel effectiveness.  That is because in both *Custis*, 511 U.S. at

10  488 , and *Lackawanna*, 532 U.S. at 399, the petitioner sought to challenge prior convictions on the

11  basis of ineffectiveness of counsel.   The Supreme Court rejected those challenges.   This

12  demonstrates that a claim of ineffectiveness fails to trigger the *Gideon* exception.

13         Because no state action deprived Tatarinov of counsel on appeal, because, indeed, he had

14  counsel, and because he seeks to challenge that counsel's effectiveness, no *Gideon* exception applies

15  to any attempt by Tatarinov to collaterally challenge his underlying state convictions.

16         Dated:  June 4, 2008

Respectfully submitted,

17

18         EDMUND G. BROWN JR.
Attorney General of the State of California

19         DANE R. GILLETTE
Chief Assistant Attorney General

20         GARY W. SCHONS
Senior Assistant Attorney General

21         DOUGLAS P. DANZIG
Deputy Attorney General

22

23

24         s/ Kevin Vienna
KEVIN VIENNA

25         Supervising Deputy Attorney General

Attorneys for Respondent

26

27         80245615.wpd
SD2007701085

28

1        **DECLARATION OF SERVICE BY U.S. MAIL**

2    Case Name: *Tatarinov v. Superior Court of the State of California, et al.*

3    No.: **07cv2033-L (NLS)**

4    I declare:

5    I am employed in the Office of the Attorney General, which is the office of a member of the
     California State Bar at which member's direction this service is made. I am 18 years of age or older
6    and not a party to this matter. I am familiar with the business practice at the Office of the Attorney
     General for collection and processing of correspondence for mailing with the United States Postal
7    Service. In accordance with that practice, correspondence placed in the internal mail collection
     system at the Office of the Attorney General is deposited with the United States Postal Service that
8    same day in the ordinary course of business.

9    On <u>June 4, 2008</u>, I served the attached **state respondent's response to this court's order granting
     in part and denying in part ex parte application** by placing a true copy thereof enclosed in a
10   sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the
     Office of the Attorney General at 110 West "A" Street, Suite 1100, San Diego, California 92101,
11   addressed as follows:

12       **Patricia Lynn Jacks**                    **Samuel Bettwy**
         **5790 Friars Rd. F8**                     **Assistant U.S. Attorney**
13       **San Diego CA 92110**                     **880 Front Street Rm. 6293**
                                                     **San Diego CA 92101-8893**
14

15   I declare under penalty of perjury under the laws of the State of California the foregoing is true and
     correct and that this declaration was executed on June 4, 2008, at San Diego, California.

16

17
            Kimberly Wickenhagen
18   _____        _____
                Declarant                              Signature
19

20

21

22

23

24

25

26

27

28