Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA 92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit<br><br>　　　　Respondents. | Civil No. 07cv2033-L(NLS)<br><br>USICE No.　A72 779 308<br><br>**SUPPLEMENTAL BRIEF TO FEDERAL AND STATE RESPONSES IN REGARDS TO ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION** |

　　The court ordered Petitioner to clarify whether he was challenging (1) his state convictions; (2) the state courts' denials of his motions to vacate; or (3) his present confinement by the immigration authorities. (Order, 5/24/08 at 2:6). Petitioner did so. (Response, 5/28/08 at 1:22). "Petitioner requests that the Court grant his U.S.C. §2241 writ and vacate the state court convictions based upon the California Supreme Court and the Superior Court of the State of California's dismissal of Petitioner's non-statutory motions to vacate <u>by failing to act in accord with the dictates of the Constitution and, in particular, in accord with the Due Process Clause.</u>

　　The State was ordered to "address the issue whether the state court's order triggered a right to pursue a habeas corpus writ in federal court." (Order, 5/22/08 at 3:10). The State responded that it disagrees with Petitioner that the ""dismissal of Petitioner's non-statutory motions to vacate violated Petitioner's rights under the Due Process Clause and triggered

Petitioner's right to pursue a habeas corpus petition." (Response at 3.) Respondent disagrees. Although Respondent has found no specific authority on point, several lines of authority point against Tatarinov's claim." (State Response, 6/04/08 at 4:1) State never stated what those "lines of authority" are.

Petitioner filed a post-conviction non-statutory motion to vacate a judgment entered after court trial on grounds of ineffective assistance of counsel for failure to file appellate and a non-statutory motion to vacate a plea entered on grounds of ineffective assistance of counsel. Excerpts of Record, pp. 107-126. The Honorable Judge Jeffrey F. Fraser denied both motions ruling that the trial court lacked jurisdiction to vacate the judgment. On November 2, 2006, a notice of appeal was filed with Court of Appeal - State of California. Excerpts of Record, p. 127. On June 1, 2007 the appeal was dismissed after Respondent's motion to dismiss based on lack of jurisdiction. Excerpts of Record, p. 136. On June 12, 2007 a Petition for Review was filed in the Supreme Court of California. On September 12, 2007 a one line denial for the petition of review was issued. Excerpts of Record, p. 137.

The dismissal and subsequent denial for review was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. The Supreme Court of the United States in *Evitts v. Lucey*, 469 U.S. 387 (S.Ct. 1985), held that "The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right." "In order to establish a violation of the Sixth Amendment, a defendant must show that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335 (1980). "...continued reliance on counsel whose loyalty was tainted by conflict of interest prevented him from discovering the conflict of interest problem until it was too late to pursue an appeal in the state courts." *Jamison v. Lockhart*, 975 F.2d 1377 (8th Cir. 1992). "When the defaulted claim is that counsel was burdened by an actual conflict of interest, the "prejudice" element is presumed." *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1983).

The State's dismissal and denial of review of Petitioner's non-statutory motions to vacate violated Petitioner's rights under the Due Process Clause and triggered Petitioner's right to pursue a habeas corpus petition.

The standard of review for a habeas petition is as follows:

> Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), [a]n application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim [] resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The non-statutory motions to vacate were not adjudicated on the merits in any State Court proceeding. The State alludes that Petitioner's habeas petition is a "second challenge" (State Response, 6/04/08 at 4:12); Petitioner "now seeks another bite at his claim of ineffectiveness of counsel" (State Response, 6/04/08 at 5:17); "is seeking a second review of the constitutionality of his 1996 state conviction" (State Response, 6/04/08 at 5:27). This is simply not true. The petition State refers to was a petition to <u>reinstate his appeal</u>. Petitioner's appeal was never adjudicated on the merits. The failure of Petitioner's appellate attorney, (through not fault of the Petitioner), to file the appellate brief was a violation of Petitioner's constitutional right to effective assistance of counsel. "The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right." *Evitts v. Lucey*, 469 U.S. 387 (1985). Although "An attorney's total failure to file an appeal after being instructed to do so will always entitle the defendant to an out-of-time appeal regardless of the defendant's chances of success," *Ferguson v. United States*, 699 F.2d 1071 (11th Cir. 1983), Petitioner was denied that appeal. Petitioner than filed the non-statutory motions.

## JURISDICTIONAL BASIS

Petitioner requests that the States response at 4:13-6:11 be stricken. The Court ordered the State to "address the issue whether the state court's order triggered a right to pursue a habeas corpus writ in federal court." The State was given an opportunity to address the jurisdictional

basis in the State's opposition to the Consolidated Petition. The State chose not to file an opposition to the Consolidated Petition but instead chose to file a Motion to Dismiss on December 3, 2007.

Petitioner responds as follows to State's response. The State cites 28 U.S.C. §§2241(a) and (c)(3) as conferring jurisdiction on the district to issue a writ of habeas corpus when a federal or state prisoner establishes that he is in custody in violation of the Constitution. (State Response, 6/04/08 at 4:19). Petitioner has not alleged that that he is in custody in violation of the Constitution.

U.S.C. §2241(a) and (c)(1) allows the filing of a writ of habeas corpus to a prisoner if "he is in custody under or by color of the authority of the United States or is committed for trial before some court thereof;" In habeas corpus proceedings attacking a criminal conviction, the case or controversy requirement normally is satisfied, even after all potential custody has expired. Petitioner is not directly challenging his criminal convictions, he is challenging the State's dismissal of his non-statutory motions in violation of the Due Process Clause, the case or controversy requirement is satisfied. The 28 U.S.C. writ of habeas corpus allows jurisdiction to state or federal prisoners in exceptional cases when there are procedural or jurisdictional obstacles under U.S.C. §2254 or §2255.

> "Under 28 U.S.C. § 2241, a district court judge can grant a writ of habeas corpus within his respective jurisdiction for a prisoner who is being held in custody in violation of United States law. 28 U.S.C. § 2241(a)-(c). Generally, "in custody" has been broadly defined for the purposes of a § 2241 habeas petition. *Hensley v. Municipal Court*, 411 U.S. 345, 348-349 (1973); *Jones v. Cunningham*, 371 U.S. 236, 240-243 (1963). Citing this line of authority, many circuits, including the Ninth, have held that a person subject to a final order of removal is "in custody" for § 2241 habeas purposes. *Park v. California*, 202 F.3d 1146, 1148 (9th Cir. 2000)(holding that when a person faces deportation he has a valid habeas petition, even if he was released from prison); *Zalawadia v. Ashcroft*, 371 F.3d 292, 296-98 (5th Cir. 2004)(finding that a person deported after he filed a habeas is still "in custody" because that determination is made at the time of filing); *Mendonca v. INS*, 52 F. Supp. 2d 155, 159 (D. Mass. 1999), aff'd, 201 F.3d 427 (1st Cir. 1999)(reasoning that "in custody" for the purposes of a § 2241 habeas includes any persons subject to a final deportation order, even if not in physical custody). Thus, under this expanded concept of custody, the district court maintains jurisdiction even if the petitioner is removed from the United States, as long as the habeas petition is properly filed. *Ex Parte Mitsuye Endo*, 323 U.S.

SUPPLEMENTAL BRIEF TO FEDERAL AND STATE RESPONSES IN REGARDS TO ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION

4

07cv2033

283, 304 (1944); *Zegarra-Gomez v. INS*, 314 F.3d 1124 (9th Cir. 2003)(holding that a habeas petition is not moot where collateral consequences arise from the deportation). Ms. Kharana is "in custody" because she properly filed a habeas petition under § 2241 while facing deportation and in the physical hands of immigration authorities." *Kharana v. Chertoff*, 2007 WL 4259323 (N.D. Cal. 2007). Emphasis added.

Petitioner is therefore in custody for his §2241 writ of habeas corpus.

## DISMISSAL OF NON-STATUTORY MOTIONS

State response that "Under California law, a motion to vacate a judgment is the equivalent of an application for a writ of error coram nobis. *People v. Grguervich*, 153 Cal. App. 2d. 806, 810, 315 P.2d 391 (Cal. App. 1957). Thus Tatarinov's motion was a collateral attack on the underlying judgments- the 1996 and 1998 convictions – not judgments themselves." (State Response, 6/4/08 at 6:15)

A non-statutory motion to vacate is <u>not</u> a writ of error coram nobis.

> "[1] A writ of coram nobis permits the court which rendered judgment "to reconsider it and give relief from errors of fact." (Witkin, Cal. Criminal Procedure (1963) Judgment & Attack in Trial Court, § 626, p. 616.) The writ will properly issue only when the petitioner can establish three elements: (1) that some fact existed which, without his fault or negligence, <u>was not presented to the court at the trial</u> and which would have prevented the rendition of the judgment; (2) that the new evidence does not go to the merits of the <u>issues of fact determined at trial</u>; and (3) that he did not know nor could he have, with due diligence, discovered the facts upon which he relies any sooner than the point at which he petitions for the writ. (*People v. Shipman* (1965) 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993]; *People v. Trantow* (1986) 178 Cal.App.3d 842, 845 [224 Cal.Rptr. 70].)" *People v. Soriano* (1987) 194 Cal.App.3d 1470. Emphasis added.

"[1] In this state a motion to vacate a judgment in the nature of a petition for coram nobis is a remedy of narrow scope. (See *People v. Darcy* (1947), 79 Cal.App.2d 683, 693 [180 P.2d 752]; *People v. Martinez* (1948), 88 Cal.App.2d 767, 774 [199 P.2d 375].) Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition <u>if the trial court had known it</u> and which, through no negligence or fault of the defendant, was not then known to the court. " *People v. Adamson*, (1949) 34 Cal.2d 320. Emphasis added.

"that he <u>was deprived of effective assistance of counsel in making his guilty plea</u> -- this claim is not an appropriate basis for relief by writ of coram nobis. (*People v. Howard* (1965) 62 Cal.2d 237, 238 [42 Cal.Rptr. 7, 397 P.2d 999]; *People v. Adamson* (1949) 34 Cal.2d 320, 327, 332-333 [210 P.2d 13]; *People v. Buggs* (1969) 272 Cal.App.2d 285, 289 [77 Cal.Rptr. 450]; *People v. Sharp* (1958) 157 Cal.App.2d 205, 208 [320 P.2d 589].) The appropriate means of raising a claim of ineffective assistance of counsel is either by direct appeal or by petition for a writ of habeas corpus. (*People v. Pope* (1979) 23 Cal.3d 412, 426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1]." *People v. Soriano* (1987) 194 Cal.App.3d 1470. Emphasis added.

Petitioner could not have raised the failure to file an appellate brief, nor the conflict of interest by direct appeal. It had not happened yet. Petitioner petitioned to have his appeal reinstated but was denied as time barred.

Under California law, a defendant may appeal from an order made after judgment, affecting the substantial rights of the defendant. Penal Code §1237 (a) &( b). An appeal from a post-judgment motion to vacate a guilty plea based on a claim of ineffective assistance of counsel will be appealable since the basis for the claim is generally not contained in the record and could not have been raised on direct appeal. This is the "silent record exception" - an appeal is allowed where the record on appeal from the judgment would not have shown the error sought to be asserted. Penal Code §1237 allows an appeal where the record on appeal from the judgment would not have shown the claim of ineffective assistance of counsel and extra-record evidence of counsel's performance is presented in the motion to vacate. *People v. Gallardo*, 77 Cal.App.4th 971, 981 (2000).

State claims that Petitioner's "citation (Response to Order Granting In Party and Denying in Part Ex Parte Application at 14) to *People v. Totari*, 28 Cal.4th 876, 884...is inapposite, because *Totari* dealt with a specific statute that permits challenges to a court's failure to provide warning of immigration consequences under Cal. Penal Code § 1016.5..." (State Response, 6/04/08 at 6:25). The discussion in *Totari* was regarding whether a nonstatutory post-judgment motion to vacate is appealable. An analysis was made between *Totari* (statutory motion) and *People v. Banks*, (53 Cal. 2.d at p 380), (appeal from a nonstatutory post-judgment to vacate.)

"Because the grounds supporting a non-statutory motion are not specifically defined, the "no second appeal" rule serves as a procedural device to discourage defendants from raising any post-judgment claim that could have been raised before imposition of judgment or by way of direct appeal from the original judgment." (*People v. Banks*, 53 Cal 2.d at p 380.)" "The denial of a non-statutory motion to vacate is appealable where the basis of the motion raises matters outside the records of the case." *People v. Thomas*, (1959) 52 Cal.2d 521. Petitioner's claims of ineffective assistance of counsel could not have been raised before imposition of judgment or by way of direct appeal from the original judgment. Petitioner's original appellate attorney's ineffective assistance of counsel happened during the appeal phase of the proceedings. The habeas corpus proceedings before this court seek relief from the State's dismissal of Petitioner's non-statutory motions to vacate.

## APPLICABILITY OF 8 U.S.C. §1252

Federal respondents state that Petitioner "is challenging an expired state court conviction for the only real remaining purpose of indirectly challenging a removal order," and under 28 U.S.C. §1252(g) this Court lacks authority to stay execution of Petitioner's removal order. (Federal Supplemental, 06/03/08 at 1:20).

> §1252(g) Exclusive jurisdiction
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>no court shall have jurisdiction</u> to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or <u>execute removal orders</u> against any alien under this chapter.

Emphasis by Federal Respondents. The Court, in *Reno v American-Arab Anti-Discrimination Committee et al*, 525 U.S. 471, (1999), found that 28 U.S.C. §1252(g) is not a stand alone statute.

> "Our narrow reading of §1252(g) makes sense of the statutory scheme as a whole, for it resolves the supposed tension between §306(c)(1) and §309(c)(1). In cases to which §1252(g) applies, the rest of §1252 is incorporated through the "[e]xcept as provided in this section" clause. This incorporation does not swallow §309(c)(1)'s general rule that §§1252(a)-(f) do not apply to pending cases, for §1252(g) applies to only a limited subset of deportation claims. Yet it is also faithful to §306(c)(1)'s command that §1252(g) be applied "without limitation" (i.e., including the "[e]xcept as provided" clause) to "claims arising from all past, pending, or future exclusion, deportation, or removal proceedings.""

Under §1252(a)(1)(D) "Judicial review of certain legal claims:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." The REAL ID Act of 2005 in turn provides that "[n]othing in [8 U.S.C. § 1252(a)(2)(C)] . . . shall be construed as precluding review of constitutional claims or questions of law." REAL ID Act of 2005, Pub. L. No.109-13, 119 Stat. 231 (2005)(codified at 8 U.S.C. § 1252(a)(2)(D)).

The "Exclusive jurisdiction provision of IIRIRA depriving courts of jurisdiction over claims arising from removal orders was constitutional, where habeas review remained available to raise substantial constitutional questions." *Ramallo v. Reno*, 114 F.3d 1210. Emphasis added. The constitutional question raised by the Petitioner is subject to habeas review and Petitioner's petition need not be construed as a request for judicial review under 8 U.S.C. §1252 *Judicial review of orders of removal*.

"On a §2241 habeas, the district court's first inquiry is whether the petitioner is challenging the removal order itself or whether the challenge arose independently. See e.g. *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006), holding that the REAL ID Act does not strip the district court of jurisdiction when the "claim is not a direct challenge to an order of removal"; *Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 172 (3d Cir. 2006)(finding that an alien is not challenging the removal order itself when he disputes the legality of his removal because he claims to have not received the deportation notice); *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366 (11th Cir. 2006); determining that the REAL ID Act does not strip jurisdiction when a petitioner "contests the very existence of an order of removal"); lawyer's failure to appeal the removal order, that could not be the same as challenging the judge's determination that he was deportable, "notwithstanding his ultimate goal or desire to overturn that final order of removal." *Singh v. Gonzales*, 499 F.3d 969 at 979 (9th Cir. 2007). Emphasis added.

As recently as 12/03/2007 in the United States District Court for the Northern District of California the court held that "The Court has jurisdiction to review Ms. Kharana's habeas petition claiming that she did not receive effective assistance of counsel during her state court

criminal trial because that *challenge arose independently of her removal order.*" *Kharana v. Chertoff*, 2007 WL 4259323 (N.D. Cal. 2007). Petitioner is challenging the dismissal of Petitioner's non-statutory motions to vacate by failing to act in accord with the dictates of the Constitution and, in particular, in accord with the Due Process Clause. This challenge arose independently of Petitioner's removal order.

Petitioner's case is distinguishable from cases that are challenging the underlying conviction. Petitioner sought redress through the State court system by pursuing non-statutory motions based upon ineffective assistance of counsel. The California court system dismissed and denied review of these non-statutory motions in violation of the Due Process Clause.

> "If instead a state court chooses to dismiss an appeal when an incompetent attorney has violated local rules, it may do so if such action does not intrude upon the client's due process rights. For instance the Kentucky Supreme Court itself in other contexts has permitted a post-conviction attack on the trial judgment as "the appropriate remedy for frustrated right of appeal," *Hammershow v. Commonwealth*, 398 S. W. 2d 883 (1996); this is but one of several solutions that state and federal courts have permitted in similar cases....A system of appeal as of right is established precisely to assure that only those who are [469 U.S. 387, 400] validly convicted have their freedom drastically curtailed. A State may not extinguish this right because another right of the appellant – the right to effective assistance of counsel – has been violated.....In short, when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution- and, in particular, in accord with the Due Process Clause." *Evitts v. Lucey*, 469 U.S. 387 (1985) Emphasis added.

See Petitioner's Response, (05/28/08 at 4:19) discussing whether an order for stay of removal pending consideration of a habeas corpus petition, is in and of itself, precluded by §1252. Federal did not address the holding in *Andreiu v. Ashcroft*, 223 F.3d 477 (9th Cir. 2001). The Court concluded (sitting en banc) "that §§1252(f)(2) does not limit the power of federal courts to grant a stay of removal.

### GIDEON CLAIM

State response states that "the essence of his claim is that the counsel he had, at trial and on appeal, failed to perform effectively;" (State Response 06/0408 at 9:6), and "no state action deprived Tatarinov of counsel on appeal, because, indeed, he had counsel, and because he seeks

to challenge that counsel's effectiveness, no *Gideon* exception applies to any attempt by Tatarinov to collaterally challenge his underlying state convictions."   (State Response 06/0408 at 9:13)

> In "*Anders v. California,* which involved appointed counsel who failed to file a brief on behalf of his client on appeal. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel wrote to the court that he was "of the opinion that there is no merit to the appeal." *Id.* at 742, 87 S.Ct. 1396. The Supreme Court held that this denied the defendant the right to appointed counsel guaranteed by *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), because "[t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of an amicus curiae." 386 U.S. at 744, 87 S.Ct. 1396."   *In Foote v. Sue Del Papa; McDaniel*, 486 F.3d 1166 (9th Cir. 2006)

Petitioner (retained counsel) and *Anders* (appointed counsel) both had counsel on appeal. It was failure to file appellate briefs which "denied the defendant the right to appointed counsel guaranteed by Gideon v. Wainwright."   *In Foote v. Sue Del Papa; McDaniel*, 486 F.3d 1166 (9th Cir. 2006).

Petitioner contends there is a State action which deprived Petitioner of counsel on appeal. The failure to reinstate the appeal. "If instead a state court chooses to dismiss an appeal when an incompetent attorney has violated local rules, it may do so if such action does not intrude upon the client's due process rights." *Evitts v. Lucey*, 469 U.S. 387 (1985)

Petitioner respectfully requests the Court rule that the state court's denial of the non-statutory motions to vacate triggered the right to pursue a habeas corpus writ in federal court, the challenge need not be construed as a request for judicial review under 8 U.S.C. §1252, the order for stay of removal is not precluded by §1252, and Petitioner has made a valid *Gideon* claim.

Respectfully submitted,

Dated this June 8, 2008

                                        s/Patricia Lynn Jacks
                                        PATRICIA LYNN JACKS
                                        Attorney for Petitioner
                                        pjacks@san.rr.com

United States District Court

For the Southern District of California

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>Petitioner,<br><br>vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit<br><br>Respondents. | Civil No. 07cv2033-L(NLS)<br><br>USICE No.   A72 779 308<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named person the following documents:

**SUPPLEMENTAL BRIEF TO FEDERAL AND STATE RESPONSES IN REGARDS TO ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION** in the following manner:

**Mailing Information for a Case 3:07-cv-02033-L-NLS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Attorney General**    docketingsdawt@doj.ca.gov
- **Samuel William Bettwy**
  Samuel.Bettwy@usdoj.gov,jaclyn.penley@usdoj.gov,efile.dkt.civ@usdoj.gov
- **Kevin R Vienna**
  Kevin.Vienna@doj.ca.gov,DocketingSDAWT@doj.ca.gov,Susan.Volsky@doj.ca.gov,ECFCoordinator@doj.ca.gov,Bonnie.Peak@doj.ca.gov
- **Sabrina Y Lane-Erwin** sabrina.laneerwin@doj.ca.gov, DocketingSDAWT@doj.ca.gov, ECFCoordinator@doj.ca.gov, Kimberly.wickenhagen@doj.ca.gov

**Manual Notice List:** The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

☐ (No manual recipients)

Executed on **June 8, 2008**, at San Diego, California.

s/Patricia Lynn Jacks<br>
PATRICIA LYNN JACKS<br>
Attorney for Petitioner<br>
pjacks@san.rr.com