KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119
Facsimile:   (619) 557-5004

Attorneys for Federal Respondents

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRI VALLERVEICH TATARINOV, | Case No. 07cv2033 L (NLS) |
| Petitioner, | |
| v. | FEDERAL RESPONDENTS' RESPONSE IN OPPOSITION TO MOTION FOR RELEASE FROM FEDERAL CUSTODY |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; et al., | |
| Respondents. | |

     The Federal Respondents oppose Petitioner's motion to release him pending these proceedings, because the Court lacks subject matter jurisdiction, and because Petitioner does not contend that his federal custody is unlawful. Petitioner concedes in his motion papers that the Russian government stands ready to repatriate him but for his own refusal to sign travel documents [Memo of P&A at 6:15-22] and, now, due to this Court's stay of removal order.

     As previously argued by the Federal Respondents, this Court lacks subject matter jurisdiction under 8 U.S.C. §§ 1252(a)(5), (b)(9) & (g), because Petitioner seeks, indirectly, to challenge his removal order and, directly, to prevent the execution of the removal order. Petitioner is in *federal* custody, but he is challenging *state* court convictions. Therefore, the only appropriate interim relief would be relief related to his state court convictions. However, there is no interim relief to grant with respect to the state court convictions since they have expired.

///

///

Petitioner has already succeeded in obtaining a stay of removal from this Court, based upon his contention that he is challenging his state court convictions and not his removal order. Petitioner should be judicially estopped from now taking a contradictory position. He claims that he is not challenging his removal order (in a thus far successful attempt to avoid the jurisdictional bars of 8 U.S.C. § 1252), and now he seeks interim relief from federal custody which is based entirely upon the fact of his removal order. See Zedner v. United States, 547 U.S. 489, 504 (2006) ("This rule, known as judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase'") (citations omitted); Whaley v. Belleque, -- F.3d --, 2008 WL 763774 at *4 (9th Cir. Mar. 24, 2008) (quoting Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996)).

Finally, Petitioner does not contend that his federal custody is unlawful, so interim relief in the nature of release from such custody is not appropriate. In particular, he has not alleged that his removal is not significantly likely in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678 (2001). On the contrary, he concedes that his own efforts have thus far prevented his repatriation. See 8 U.S.C. §1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien . . . acts to prevent the alien's removal subject to an order of removal.); Pelich v. I.N.S., 329 F.3d 1057 (9th Cir. 2003) (alien's failure to cooperate authorizes continued detention pending efforts to effect removal).

The Court should deny Petitioner's motion for release from custody, because the Court lacks subject matter jurisdiction and because Petitioner does not contend that his custody is unlawful.

DATED:   June 9, 2008            Respectfully submitted,

                                 KAREN P. HEWITT
                                 United States Attorney

                                 s/ *Samuel W. Bettwy*
                                 _____
                                 SAMUEL W. BETTWY
                                 Assistant United States Attorney

                                 Attorneys for Federal Respondents