Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA  92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV, | Civil No. 07cv2033-L(NLS) |
| Petitioner, | USICE No.    A72 779 308 |
| vs. | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE:  MOTION FOR RELEASE** |
| Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security;  U.S. Attorney, Southern District;  ICE Detention & Removal Unit | |
| Respondents. | |

The State Respondents have no official interest in Petitioner's status as being in custody of immigration officials.  (State response 06/09/08 at 2:6)

Federal Respondents argue that "this Court lacks subject matter jurisdiction under 8 U.S.C. §1252(a)(5),(b)(9) & )(g), because Petitioner seeks, indirectly, to challenge his removal order and, directly, to prevent the execution of the removal order." (Federal response 06/09/08 at 1:21).    The United States Court of Appeals for the Ninth Circuit "considered the application of certain 1996 amendments to the nation's immigrations laws to an alien's motion for stay of removal proceedings pending the resolution of a petition for review" in *Andreiu v. Ashcroft*, 223 F.3d 1111.  The Court concluded (sitting en banc) "that §§1252(f)(2) <u>does not limit the power of federal courts to grant a stay of removal</u>." Emphasis added.

"On a §2241 habeas, the district court's first inquiry is whether the petitioner is challenging the removal order itself or whether the challenge arose independently.  See e.g. *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006), holding that the REAL ID Act does not strip the district court of jurisdiction when the "claim is not a direct challenge to an order of removal"; *Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 172 (3d Cir. 2006)(finding that an alien is not challenging the removal order itself when he disputes the legality of his removal because he claims to have not received the deportation notice); *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366 (11th Cir. 2006); determining that the REAL ID Act does not strip jurisdiction when a petitioner "contests the very existence of an order of removal"); lawyer's failure to appeal the removal order, that could not be the same as challenging the judge's determination that he was deportable, "notwithstanding his ultimate goal or desire to overturn that final order of removal." *Singh v. Gonzales*, 499 F.3d 969 at 979 (9th Cir. 2007).  Emphasis added.  This Court does have subject matter jurisdiction to review Petitioner's challenge to California's violation of the Due Process Clause.

Petitioner has never challenged his removal order with this court.  If Petitioner is successful on his writ of habeas corpus and his convictions are vacated, the Petitioner will move to reopen his removal proceedings with the Board of Immigration Appeals. The evidence and legal basis of the motion to reopen proceedings would be new, material, and was not available prior to the Board of Immigration's final decision.  Petitioner would no longer be removable as charged and further detainment would not be justified.  The issue in this case is not what Petitioner's ultimate goal is.  The issue is the challenge to the State of California for violation of the Due Process Clause.

Petitioner seeks release from his Federal custody during the pendency of this habeas corpus.  Federal Respondents state that Petitioner should be "judicially estopped from now taking a contradictory position." (Federal response 06/09/08 at 2:1)

"several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position ... . A third consideration is whether the party seeking to assert an

inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire* v. *Maine,* 532 U. S. 742, 749 (2001). (citations and internal quotation marks omitted).

Petitioner is challenging the State of California's dismissal of his non-statutory motions. First, Petitioner is not challenging his removal order. Petitioner is merely seeking interim relief from federal custody during the pendency of these proceedings. Second, Petitioner has not changed his position and third, if Petitioner had changed his position, the detriment is clearly to Petitioner not the Federal or State Respondents.

"We hold that the federal courts have the same inherent authority to admit habeas petitioners to bail in the immigration context as they do in criminal habeas cases. *Mapp* v *RENO[1]*, 241 F.3d 221 2nd Cir.(N.Y.) Feb 23, 2001.

CONCLUSION

Petitioner is neither a flight risk nor a danger to the community. He respectfully requests an order granting his release be granted so that he may obtain proper medical care and be reunited with his family during the pendency of these proceedings.

Respectfully submitted,

Dated this June 9, 2008

s/Patricia Lynn Jacks
PATRICIA LYNN JACKS
Attorney for Petitioner
pjacks@san.rr.com

---

[1] Full citation:   COLIN MAPP v. JANET RENO, as Attorney General of the United States; DORIS MEISSNER, as Commissioner of the Immigration and Naturalization Service; EDWARD McELROY, as New York District Director of the Immigration and Naturalization Service; LYNNE UNDERDOWN, New Orleans District Director of the Immigration and Naturalization Service; IMMIGRATION AND NATURALIZATION SERVICE, Respondents-Appellants, 241 F.3d 221 2nd Cir.(N.Y.) Feb 23, 2001

REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION FOR RELEASE

3

07cv2033

United States District Court

For the Southern District of California

Dmitri Vallerveich TATARINOV,              )   Civil No. 07cv2033-L(NLS)
                                           )
                    Petitioner,            )   USICE No.    A72 779 308
                                           )
            vs.                            )
                                           )   **CERTIFICATE OF SERVICE**
Superior Court of the State of California, )
County of San Diego; Office of the Chief   )
Counsel, Dept. of Homeland Security; U.S.  )
Attorney, Southern District;  ICE Detention & )
Removal Unit                               )
                    Respondents.           )

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES RE:  MOTION FOR RELEASE**

in the following manner:

**Mailing Information for a Case 3:07-cv-02033-L-NLS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Attorney General**          docketingsdawt@doj.ca.gov
- **Samuel William Bettwy**
  Samuel.Bettwy@usdoj.gov,jaclyn.penley@usdoj.gov,efile.dkt.civ@usdoj.gov
- **Kevin R Vienna**
  Kevin.Vienna@doj.ca.gov,DocketingSDAWT@doj.ca.gov,Susan.Volsky@doj.ca.gov,ECFCoordinator@doj.ca.gov,Bonnie.Peak@doj.ca.gov
- **Sabrina Y Lane-Erwin** sabrina.laneerwin@doj.ca.gov, DocketingSDAWT@doj.ca.gov, ECFCoordinator@doj.ca.gov, Kimberly.wickenhagen@doj.ca.gov

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

☐  (No manual recipients)

Executed on **June 9, 2008**, at San Diego, California.

s/Patricia Lynn Jacks
PATRICIA LYNN JACKS
Attorney for Petitioner
pjacks@san.rr.com