Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA 92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV, | Civil No. 07cv2033-L(NLS) |
| Petitioner, | |
| vs. | **PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY** |
| Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit | |
| Respondents. | |

**PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY**

TABLE OF CONTENTS

TABLE AUTHORITIES..................................................................................................iii

APPLICATION FOR CERTIFICATE OF APPEALABILITY...................................1

ISSUES TO BE CERTIFIED FOR APPEAL................................................................2

    1.    Whether the State of California's dismissal of petitioner's non-statutory motions to vacate a judgment violated petitioner's constitutional right to due process after a finding by the Supreme Court of California that the attorney "was found to have failed "to perform legal services with competence," in violation of Rules of Professional Conduct, Rule 3-110(A)."

    2.    Whether the Federal District Court may find State custody when the State has the inherent ability to waive a jurisdictional defect but chooses not to when the State (Supreme Court of California) itself has found that the constitutional right to effective assistance of counsel has been violated.

    3.    If a challenge to the State of California's denial of petitioner's non-statutory motion resulted in a violation of the Due Process Clause, must it be construed as collateral challenge to state court convictions if the petitioner has immigration proceedings currently pending.

POINTS AND AUTHORITIES...........................................................................................3

    INTRODUCTION.............................................................................................................3

    1.  A certificate of appealability should be granted to permit review of the issue whether the State of California's dismissal of petitioner's non-statutory motions to vacate a judgment violated petitioner's constitutional right to due process after a finding by the Supreme Court of California that the attorney "was found to have failed "to perform legal services with competence," in violation of Rules of Professional Conduct, Rule 3-110(A)."................................................................................................................................5

    2.  A certificate of appealability should be granted to permit review of the issue whether the Federal District Court may find State custody when the State has the inherent ability to waive a jurisdictional defect but chooses not to when the State (Supreme

ii

Court of California) itself has found that the constitutional right to effective assistance of counsel has been violated..................................................................................................6

3. A certificate of appealability should be granted to permit review of the issue if a challenge to the State of California's denial of petitioner's non-statutory motion resulted in a violation of the Due Process Clause, must it be construed as collateral challenge to state court convictions if the petitioner has immigration proceedings currently pending.................................................................................................................7

CONCLUSION........................................................................................................................8

# TABLE OF AUTHORITIES

**UNITED STATES CONSTITUTION**

Sixth Amendment..................................................................................................4
Fourteenth Amendment....................................................................................4, 5, 6

**CASES**

*UNITED STATES SUPREME COURT*

Barefoot v. Estelle 463 U.S. 880 (1983)..........................................................4
    [103 S.Ct. 3383, 77 L.Ed.2d 1090]

Evitts v. Lucey 469 U.S. 387 (1985)............................................................6, 7

Slack v. McDaniel 529 U.S. 473 (2000)............................................................4
    [120 S.Ct. 1595, 146 L.Ed.2d. 542]

*UNITED STATES NINTH CIRCUIT COURT OF APPEALS*

Lambright v. Stewart 220 F.3d 1022 (9th Cir. 2000)..........................................4

**STATUTES**

*28 UNITED STATES CODE*

§2241........................................................................................................1, 3, 6, 7
§2253(c).............................................................................................................2, 3
§2254.....................................................................................................................6
§2255.....................................................................................................................6

Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA  92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>　　　Petitioner,<br><br>　　vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security; U.S. Attorney, Southern District; ICE Detention & Removal Unit<br>　　　Respondents. | Civil No. 07cv2033-L(NLS)<br><br>**PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY** |

**APPLICATION FOR A CERTIFICATE OF APPEALABILITY**

Petitioner Dmitri Vallerveich Tatarinov, through his attorney Patricia Lynn Jacks, applies for a certificate of appealability. The application is based on grounds set forth in this application and the supporting points and authorities. It is also based upon petitioner's previously filed petition for writ of habeas corpus (28 U.S.C. §2241), and petitioner's objections to the order denying petition for habeas corpus and vacating order for stay of removal. These documents demonstrate probable cause to pursue this appeal. Therefore, petitioner requests the court to issue a certificate of appealability so petitioner may appeal to the Ninth Circuit Court of Appeal

from the order filed July 10, 2008 which denied petitioner's writ of habeas corpus. 28 U.S.C. §2253(c) and Circuit Rule 22-1.

Petitioner requests the following issues be certified for appeal:

1. Whether the State of California's dismissal of petitioner's non-statutory motions to vacate a judgment violated petitioner's constitutional right to due process after a finding by the Supreme Court of California that the attorney "was found to have failed "to perform legal services with competence," in violation of Rules of Professional Conduct, Rule 3-110(A)."

2. Whether the Federal District Court may find State custody when the State has the inherent ability to waive a jurisdictional defect but chooses not to when the State (Supreme Court of California) itself has found that the constitutional right to effective assistance of counsel has been violated.

3. If a challenge to the State of California's denial of petitioner's non-statutory motion resulted in a violation of the Due Process Clause, must it be construed as collateral challenge to state court convictions if the petitioner has immigration proceedings currently pending.

Patricia Lynn Jacks
CA State Bar No. 226300
5790 Friars Road F8
San Diego, CA  92110
Tel. (619) 574-1625
Attorney for Petitioner
pjacks@san.rr.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dmitri Vallerveich TATARINOV,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>Superior Court of the State of California, County of San Diego; Office of the Chief Counsel, Dept. of Homeland Security;  U.S. Attorney, Southern District;  ICE Detention & Removal Unit<br><br>　　　　Respondents. | Civil No. 07cv2033-L(NLS)<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF CERTIFICATE OF APPEALABILITY** |

### INTRODUCTION

Petitioner moves the court for a certificate of appealability following the court's order denying petitioner's §2241 petition for writ of habeas corpus as barred for lack of state custody and as a collateral challenge to a state court conviction while immigration proceedings are currently pending.  Concurrent with this request, petitioner files a timely notice of appeal in the district court.

Under 28 U.S.C. §2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of a constitutional right." The rules require only that

issues to be presented for appeal make a substantial showing of a federal right. *Barefoot v. Estelle*, 463 U.S. 880, 893 [103 S.Ct. 3383, 77 L.Ed.2d 1090] (1983). The rules do not require the petitioner to show he would prevail on appeal, having already failed in that endeavor in the district court. *Id.* at p. 983. A certificate of appealability should be granted if the issues presented are not clearly foreclosed by statute, rule or court decision, and present a question of some substance, one that is debatable among jurists, which a court could resolve in a different manner. *Id.* at 893, fn. 4, and 894. The *Barefoot* standard is used to rule on an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 482 [120 S.Ct. 1595, 146 L.Ed.2d 542] (2000).

The issue of whether to grant a certificate of appealability becomes somewhat more complicated where the district court has dismissed a petition for writ of habeas corpus on procedural grounds. *Slack*, 120 S.Ct. at 1604. In those situations, the court must engage in a two-part *Barefoot* inquiry. *Id.* First, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* Second, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Frequently, as in this case, the district court has dismissed a claim on a procedural ground without providing the petitioner an opportunity to develop its factual or legal basis through full briefing and an evidentiary hearing. In such cases, the court should simply take a "quick look" at the face of the complaint to determine whether the petitioner has facially alleged the denial of a constitutional right. *Lambright v. Stewart*, 220 F.3d 1022, 1026 (2000). If the petition includes such an allegation, and the district court's procedural ruling is debatable, a certificate of appealability should issue. *Id.* at pp. 1026-1027.

In petitioner's case, the first step in this analysis is clearly satisfied by the allegation in the petition for writ of habeas corpus that failure of the State of California to vacate the conviction based upon ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the federal constitution, was in itself a violation of the Due Process Clause of the Fourteenth Amendment to the federal constitution. *Supplemental Brief to Federal and State*

*Responses in Regards to Order Granting in Part and Denying in Part ex Parte Application*, p. 1. Therefore, petitioner seeks certification of the following issues that address whether jurists of reason would find it debatable whether the district court was correct in its procedural rulings. The issues should be certified for the reasons set forth below.

1. **A certificate of appealability should be granted to permit review of the issue whether the State of California's dismissal of petitioner's non-statutory motions to vacate a judgment violated petitioner's constitutional right to due process after a finding by the Supreme Court of California that the attorney "was found to have failed "to perform legal services with competence," in violation of Rules of Professional Conduct, Rule 3-110(A)."**

The order denying petitioner's writ of habeas corpus incorrectly stated that Petitioner's state court motion, "Nonstatutory Motion to Vacate a Plea Entered on Grounds of Ineffective Assistance of Counsel" (Lodgment Ex. 1 at 17 et seq. & 78 et seq.) stated "The only relief requested in each motion was a new trial pursuant to California Penal Code §1811. (d. at 23 & 83.) " Petitioner did not request a new trial. The relief petitioner sought was "an order vacating his conviction" on the grounds of ineffective assistance of counsel based on counsel's failure to file an appeal and counsel's conflict of interest. Excerpts of Record p. 107, 110. The reference to Penal Code §1181 was an example of the rule that constitutional violations must find a remedy even if no statute provides one – which has been specifically applied to claims of ineffective counsel.

The order denying petitioner's writ of habeas corpus reached a wrong conclusion regarding the nature of Petitioner's non-statutory motion. This mischaracterization, "motion for a new trial," led the court to conclude that the motion was a "state-law question". Order Denying Petition p. 7. The factual predicate of petitioner's motion was that the ineffective assistance of counsel was a violation of petitioner's constitutional rights, and then the subsequent denial of petitioner's non-statutory motion to vacate was a denial of the Due Process Clause.

It is the subsequent denial of petitioner's non-statutory motion that is the factual predicate of petitioner's motion. Reasonable jurists would find it debatable whether the district court was

correct in its ruling that the denial of petitioner's writ of habeas corpus challenging the State of California for violating the Due Process Clause was barred because the State of California did not have custody of the petitioner. The Supreme Court has held that it possesses jurisdiction under 28 U.S.C. §2241 to grant on "original" writ of habeas corpus to state or federal prisoners in exceptional cases when there are procedural or jurisdictional obstacles under U.S.C. §2254 or 2255. This issue meets the standard for an appeal to the Ninth Circuit. A certificate of appealability should be granted.

**2. A certificate of appealability should be granted to permit review of the issue whether the Federal District Court may find State custody when the State has the inherent ability to waive a jurisdictional defect but chooses not to when the State (Supreme Court of California) itself has found that the constitutional right to effective assistance of counsel has been violated.**

The order denying petitioner's writ of habeas corpus correctly acknowledged that *Evitts v. Lucey*, 469 U.S. 387 (1985) held "The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right." However, because petitioner was no longer in state custody, unlike the petitioner in *Evitts*, habeas corpus relief was unavailable.

What the court did not address was "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution- and, in particular, in accord with the Due Process Clause." *Evitts v. Lucey*, 469 U.S. 387 (1985). Reasonable jurists would find it debatable whether the district court was correct in its ruling that the denial of petitioner's writ of habeas corpus challenging the State of California for violating the Due Process Clause was barred because the State of California did not have custody of the petitioner when the State of California routinely waives jurisdictional defects. This issue meets the standard for an appeal to the Ninth Circuit. A certificate of appealability should be granted.

3. **A certificate of appealability should be granted to permit review of the issue if a challenge to the State of California's denial of petitioner's non-statutory motion resulted in a violation of the Due Process Clause, must it be construed as collateral challenge to state court convictions if the petitioner has immigration proceedings currently pending.**

The order denying petitioner's writ of habeas corpus based upon the State of California's lack of custody reached a wrong conclusion in respect to U.S.C. §2241 writ of habeas corpus. The court held that "immigration consequences, the only consequences of the 1996 and 1998 Convictions remaining in this case, are considered collateral, and therefore insufficient, for purposes of the "in custody" requirement." Order Denying Petition p. 8.

A conviction usable in a "persistent felony offender" prosecution is a collateral consequence that defeats any mootness objections when a habeas petitioner is no longer in custody. *Evitts v. Lucey*, 469 U.S. 387, 391 n.4 (1985). Here, petitioner overcomes mootness because under California's "Three Strikes" law, petitioner's convictions may be used to increase the punishment for subsequent felonies.

Petitioner's writ of habeas corpus was never intended as part of petitioner's immigration proceedings and vice versa. Federal Respondent (Immigration Customs Enforcement and Department of Homeland Security) were named solely for the purpose of injunctive relief while petitioner's writ was pending.

Reasonable jurists would find it debatable whether the district court was correct in its ruling: "precluding collateral attacks in federal proceedings on the validity of an underlying state court conviction" and therefore "the Petition would be nevertheless be denied." Petitioner was challenging the State of California's denial of petitioner's non-statutory motions in violation of the Due Process Clause. This issue meets the standard for an appeal to the Ninth Circuit. A certificate of appealability should be granted.

## CONCLUSION

For the reasons set forth above, petitioner respectfully asks the court to certify the above questions as appealable.

Dated August 5, 2008

Respectfully submitted,

*/s/ Patricia Lynn Jacks*

PATRICIA LYNN JACKS

Attorney for Petitioner

pjacks@san.rr.com